UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| COLEEN BIGELOW, et al.<br><br>*Plaintiffs,*<br><br>vs.<br><br>NEW ENGLAND GAS COMPANY, INC.,<br><br>*Defendant.*<br>*and*<br><br>KEVIN R. AND FLORENCE J. BURNS, et al.<br><br>*Plaintiffs,*<br><br>vs.<br><br>NEW ENGLAND GAS COMPANY, INC.,<br><br>*Defendant.* | C.A. Nos. 05-0274T; 05-370T<br>(Related Cases: 05-0221T; 05-522T) |

**DEFENDANT NEW ENGLAND GAS COMPANY'S**
**MOTION TO COMPEL PRODUCTION OF FED R. CIV. P. 26(a)(1) MATERIALS**

New England Gas Company ("NEGasCo") hereby moves pursuant to Rule 37(a)(2) of the Federal Rules of Civil Procedure to compel plaintiffs in the above captioned matters to produce documents and other materials identified in their Rule 26(a)(1) Initial Disclosure Statement, filed on December 19, 2006.[1]

[1] Plaintiffs in Bigelow v. New England Gas Company. and Burns v. New England Gas Company are represented by the same counsel, Brian Cunha, Esq. Attorney Cunha has filed one initial disclosure statement pursuant to Rule 26 to cover both the Bigelow and Burns cases.

## Background

On December 19, 2006, plaintiffs served NEGasCo with their initial disclosure statement pursuant to Rule 26(a)(1)(A) and (B). (See Plaintiffs' December 19, 2006 Rule 26 Initial Disclosure Statement ("Disclosure Statement") attached as Exhibit 1.) In their Disclosure Statement, plaintiffs identify materials that they may use to support their claims including, "[r]eports, studies, analysis and supporting materials concerning the Bay Street area," and a compact disc that was "to be forwarded under separate cover" to NEGasCo.

Despite plaintiffs' representation that they would voluntarily produce the compact disc referenced in their Disclosure Statement, plaintiffs have failed to do so. Indeed, despite NEGasCo's repeated requests that plaintiffs either produce the material identified in their Disclosure Statement, or make that material available for inspection and copying, plaintiffs have failed to so comply. Specifically, on January 25, 2007 and again on May 15, 2007, counsel for NEGasCo e-mailed plaintiffs' counsel and requested that he forward to and/or make available for inspection the materials identified in plaintiffs' Disclosure Statement. E-mails from NEGasCo's counsel to plaintiffs' counsel, dated January 25 and May 15, are attached as Exhibit 2. Plaintiffs' counsel ignored both requests.

On June 7, 2007, NEGasCo advised plaintiffs that they had prepared this motion and would file it if plaintiffs failed to agree to produce the material at issue within seven days. On June 11, 2007, plaintiffs' counsel responded by e-mail stating that he "will get the information to [counsel] within a week." E-Mails from NEGasCo's counsel to plaintiffs' counsel, dated June 7 and plaintiffs' counsel's June 11 reply e-mail are attached as Exhibit 3. Despite plaintiffs' counsel's representation that he would forward the "information" within the week, he has not done so.

Plaintiffs' failure to comply with their discovery obligations necessitates this motion to compel.

## **Argument**

When making an initial disclosure pursuant to Rule 26(a)(1)(B), the disclosing party has the option of either providing copies of the materials or describing their contents by category and location. See 1993 Amendment to the Advisory Committee Notes for Rule 26(a)(1)(B). Where, as here, a party has not voluntarily produced the material, but instead describes it, the opposing party may request that the materials be produced or be made available for inspection. See Coppola v. Bear Stearns & Co., Inc., 2005 U.S. Dist. LEXIS 31614 at *27 (N.D.N.Y. November 16, 2005) (production of materials is required after informal request from opponent). Ignoring such a request is not an option. Id.

Here, despite NEGasCo's repeated requests and its patience, over the course of four months, plaintiffs have failed to comply with their obligations under Rule 26. NEGasCo, therefore, seeks an Order from this Court directing plaintiffs within seven days to produce to NEGasCo all materials identified in their Disclosure Statement.

## Conclusion

For the reasons set forth above, NEGasCo respectfully requests that this Court order plaintiffs to produce the materials identified in plaintiffs' Disclosure Statement within seven days.

**ADLER POLLOCK & SHEEHAN P.C.**

/s/ *David A. Wollin*
John A. Tarantino (#2586)
David A. Wollin (#4950)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607
Dated: June 22, 2007

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
David E. Ross
Seth Davis
1633 Broadway
New York, New York 10019
(212) 506-1700

**BISHOP LONDON BROPHY DODDS**
Christina Dodds
3701 Bee Cave Road
Austin, Texas 78746
(512) 479-5900

*Attorneys for Defendant*
*New England Gas Company,*
*a division of Southern Union Company*

## CERTIFICATION

I hereby certify that defense counsel has in good faith conferred with opposing counsel in an effort to secure the information sought by this motion without court action but was unsuccessful in obtaining the information sought.

*/s/ David A. Wollin*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22th day of June, 2007, I did send a true copy of the within document by electronic means (ECF) or email to the following:

Robert J. McConnell, Esq.
Michael G. Rousseau, Esq.
Jonathan D. Orent, Esq.
Motley Rice LLC
321 South Main Street
Providence, RI 02940

Neil T. Leifer
Thornton & Naumes, LLP
100 Summer Street, 30th Floor
Boston, MA 02110

Mark W. Roberts
McRoberts, Roberts & Rainer, LLP
53 State Street
Boston, MA 02109

Paul Revere, III, Esq.
Law Offices of Paul Revere, III
226 River View Lane
Centerville, MA 02632

Russell X. Pollock, Esq.
Campbell, Campbell, Edwards & Conroy, PC
One Constitution Plaza
Boston, MA 02129

Brian R. Cunha, Esq.
Brian Cunha & Associates, P.C.
904 Broadway
East Providence, RI 02914

/s/ *David A. Wollin*

*421024_1.doc*