**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| GAIL CORVELLO, JOHN D. CORVELLO and JOHN F. CORVELLO, et al., Plaintiffs, | |
| vs. | C.A. No. 05-221T |
| NEW ENGLAND GAS COMPANY, Defendant. | |
| KEVIN BURNS, et. al. Plaintiffs, | |
| vs. | C.A. No. 05-274T |
| NEW ENGLAND GAS COMPANY, Defendant. | |
| COLLEEN BIGELOW, et al. Plaintiffs, | |
| vs. | C.A. No. 05-370T |
| NEW ENGLAND GAS COMPANY, Defendant. | |
| SHEILA REIS, et al. Plaintiffs, | |
| vs. | C.A. No. 05-221T |
| SOUTHERN UNION COMPANY dba FALL RIVER GAS and NEW ENGLAND GAS Defendants. | |

**DEFENDANT NEW ENGLAND GAS COMPANY'S MOTION FOR LEAVE TO FILE AND SERVE THIRD-PARTY COMPLAINTS**

Defendant New England Gas Company ("NEGasCo") hereby moves pursuant to Fed. R. Civ. P. 14(a) for leave to file and serve third-party complaints naming Bridgestone Firestone North American Tire, LLC; Bridgestone Americas Holdings, Inc.; Honeywell International, Inc.; the Town of Tiverton, Rhode Island; Gulf Oil Corporation; Inland Fuel Terminals, Inc.; Dominion Resources, Inc., and Dominion Energy Brayton Point LLC as third-party defendants in this action. For the reasons set forth in the accompanying Memorandum of Law, this Court should grant NEGasCo's Motion for Leave to File and Serve Third-Party Complaints.

Dated: July 10, 2007

Respectfully Submitted,

**ADLER, POLLOCK & SHEEHAN P.C.**[1]

By: /s/ Kristen W. Sherman______

John A. Tarantino (#2586)
David A. Wollin (#4950)
Kristen W. Sherman (#5595)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
David E. Ross
1633 Broadway
New York, New York 10019
(212) 506-1700

[1] Adler, Pollock Sheehan P.C. does not represent NEGasCo with respect to its claims against Third-Party Defendants Dominion Resources, Inc. and Dominion Energy Brayton Point LLC.

- and -

**BISHOP, LONDON, BROPHY, & DODDS**
Christina Dodds
3701 Bee Cave Road, Suite 200
Austin, Texas 78746
(512) 479-5000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company*

-and-

**HINCKLEY, ALLEN & SNYDER**
Gerald Petros (# 2931)
50 Kennedy Plaza
Providence, RI
(401) 274-2000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company, as to*
*Third-Party Defendants*
*Dominion Resources, Inc. and*
*Dominion Energy Brayton Point LLC.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of July, 2007, I did send a true copy of the within document by electronic means (ECF) or email to the following:

| | |
|---|---|
| Robert J. McConnell, Esq.<br>Michael G. Rousseau, Esq.<br>Jonathan D. Orent, Esq.<br>Motley Rice LLC<br>321 South Main Street<br>Providence, RI 02940 | Neil T. Leifer<br>Thornton & Naumes, LLP<br>100 Summer Street, 30th Floor<br>Boston, MA 02110 |
| Mark W. Roberts<br>McRoberts, Roberts & Rainer, LLP<br>53 State Street<br>Boston, MA 02109 | Paul Revere, III, Esq.<br>Law Offices of Paul Revere, III<br>226 River View Lane<br>Centerville, MA 02632 |
| Russell X. Pollock, Esq.<br>Campbell, Campbell, Edwards & Conroy, PC<br>One Constitution Plaza<br>Boston, MA 02129 | Brian R. Cunha, Esq.<br>Brian Cunha & Associates, P.C.<br>904 Broadway<br>East Providence, RI 02914<br><br>Gregory Schultz, Esq.<br>Brian Wagner, Esq.<br>RIDEM - Office of Legal Services<br>235 Promenade St., 4th Floor<br>Providence, RI 02908-5767 |

/s/ *Kristen W. Sherman*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| GAIL CORVELLO, JOHN D. CORVELLO and JOHN F. CORVELLO, et al., Plaintiffs, | : | |
| vs. | : | C.A. No. 05-221T |
| NEW ENGLAND GAS COMPANY, Defendant. | : | |

| | | |
|---|---|---|
| KEVIN BURNS, et. al. Plaintiffs, | : | |
| vs. | : | C.A. No. 05-274T |
| NEW ENGLAND GAS COMPANY Defendant. | : | |

| | | |
|---|---|---|
| COLLEEN BIGELOW, et al. Plaintiffs, | : | |
| vs. | : | C.A. No. 05-370T |
| NEW ENGLAND GAS COMPANY, Defendant. | : | |

| | | |
|---|---|---|
| SHEILA REIS, et al. Plaintiffs, | : | |
| vs. | : | C.A. No. 05-221T |
| SOUTHERN UNION COMPANY dba FALL RIVER GAS and NEW ENGLAND GAS Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF NEW ENGLAND GAS COMPANY'S MOTION FOR LEAVE TO FILE AND SERVE THIRD-PARTY COMPLAINTS**

Defendant New England Gas Company ("NEGasCo") respectfully submits this memorandum of law in support of its motion, pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, for leave to file and serve third-party complaints (the "Third-Party Complaints") seeking contribution and/or indemnification from Bridgestone Firestone North American Tire, LLC; Bridgestone Americas Holdings, Inc.; Honeywell International, Inc.; the Town of Tiverton, Rhode Island; Gulf Oil Corporation; Inland Fuel Terminals, Inc.; Dominion Resources, Inc., and Dominion Energy Brayton Point LLC (collectively, the "Third-Party Defendants").

## PRELIMINARY STATEMENT

Plaintiffs own property and/or reside in Tiverton, Rhode Island. Plaintiffs assert that their properties are contaminated by material allegedly generated by manufactured gas plant facilities owned and operated by the Fall River Gas Company prior to its acquisition by NEGasCo. See Plaintiffs' Complaints (Attached hereto as Exhibits A, B, C and D). NEGasCo denies that any of the alleged contamination of Plaintiffs' properties came from the Fall River Gas Company. NEGasCo further denies any liability for the injuries and damages alleged by the Plaintiffs and asserts that the Third-Party Defendants are responsible for all or part of the alleged contamination. See NEGasCo's proposed Third-Party Complaints (Attached hereto as Exhibits E, F, G and H).

In November of 2006, counsel for NEGasCo notified the Court and Plaintiffs' counsel of its intention to conduct third-party discovery and, depending upon the results of that discovery, as well as NEGasCo's own investigation, to join as third-party defendants other potentially responsible parties. Since that time, NEGasCo has served some 30 subpoenas, reviewed

thousands of pages of documents and engaged in an independent investigation, which together support NEGasCo's good faith basis for seeking to add third-party claims for contribution and/or indemnification as against the Third-Party Defendants.

Pursuant to Federal Rule of Civil Procedure 14(a), leave to amend should be freely granted where, as here, NEGasCo's motion is timely, the proposed amendment will not prejudice any party, and the claims NEGasCo seeks to add are meritorious. Moreover, considerations such as judicial economy strongly favor the proposed relief where, as here, the claims alleged in the Third-Party Complaints are the types of claims envisioned by Rule 14(a).

## **ARGUMENT**

## **NEW ENGLAND GAS COMPANY'S MOTION SHOULD BE GRANTED**

Federal Rule of Civil Procedure 14(a) provides that "[a]t any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a). As demonstrated below, all relevant factors weigh in favor of this Court granting NEGasCo's Motion. See Lehman v. Revolution Portfolio LLC, 166 F.3d 389, 393 (1st Cir. 1999) (under the "liberal standard" outlined in Rule 14(a), a court "should allow impleader on any colorable claim of derivative liability that will not unduly delay or otherwise prejudice the ongoing proceedings") (citation omitted).

### A. NEGasCo's Motion Is Timely

NEGasCo's motion is timely because it has been brought promptly after counsel discovered the basis for such motion and months in advance of the November 15, 2007 Closure

Date. Cf. In re Arthur Anderson & Co., 621 F.2d 37, 41 (1st Cir. 1980) (affirming district court's denial of "eleventh hour motion" for leave to file a third party complaint where defendant delayed more than four years in bringing the complaint, and trial was scheduled to begin within two months). NEGasCo timely filed this motion when third-party discovery and its investigation confirmed that it had a good faith basis for the relief sought. See, e.g., Jagielski v. Package Machine Co., 93 F.R.D. 431, 432 (E.D. Pa. 1981) ("[w]here a defendant, exercising due diligence, learns of the existence of a possible third party and seasonably moves for joinder, the motion will be granted"). Accordingly, NEGasCo's motion is timely.

B. Plaintiffs Are Not Prejudiced By The Joinder

Counsel for NEGasCo notified the Court and Plaintiffs' counsel of their intention to bring this motion at the Rule 16 Conference on November 15, 2006. Thus, Plaintiffs can not be surprised by, nor will they suffer any prejudice as a result of, NEGasCo's proposed Third-Party Complaints. In addition, the Third-Party Defendants were given notice of their potential inclusion in this lawsuit when they were served with NEGasCo's subpoenas. See, e.g., Hornsby v. Johns-Manville Corp., 96 F.R.D. 367, 369 (E.D. Pa. 1982)(no prejudice to third-party defendants when they were aware of their "potential liability"). Impleader should be allowed where, as here, the granting of leave will not result in undue prejudice to the plaintiffs or other parties to be joined in this action.

C. NEGasCo's Claims Are Meritorious

By its Third-Party Complaints, NEGasCo alleges that the Third-Party Defendants are liable to NEGasCo for all or part of the Plaintiffs' claims against NEGasCo. See Exhibits E-H. In assessing the merits of a third-party complaint, the court must credit the pleadings as fact. See Lehman, 166 F.3d at 393 ("[Courts] should allow impleader on any colorable claim of derivative

liability . . . ."); see also Putnam Resources v. Trend Precious Metals, Inc., 1991 U.S. Dist. LEXIS 12718 at *4 (D.R.I. Aug. 6, 1991)("Rule 14(a) only requires that a third-party complaint allege that a third-party defendant may be liable to the third-party plaintiff for all or part of plaintiff's claim in the event plaintiff prevails."). Applying this standard here, NEGasCo's third-party claims are meritorious.

D. NEGasCo's Claims For Contribution and Indemnity Are The Type Of Claims Envisioned By Rule 14(a)

The Third-Party Complaints allege claims for contribution and indemnity. These "secondary liability" claims are precisely the type of claims that fall within the purview of Rule 14(a). See, e.g., Leasetec Corp. v. Inhabitants of County of Cumberland, 896 F. Supp. 35, 40 (D. Me. 1995)( "[S]econdary or derivative liability is the primary factor in a 14(a) analysis and the requirement that it exist may be satisfied if the third-party claim asserts indemnity, subrogation, contribution, express or implied warranty, or some other theory") (internal citation omitted). It also makes sense, from a judicial economy perspective, that the claims set forth in the Third-Party Complaints and those in the Plaintiffs' Complaints, be resolved in the same proceeding and before the same tribunal.

## CONCLUSION

For the foregoing reasons, the Court should grant the New England Gas Company's Motion and permit it to file and serve the Third-Party Complaints.

Dated: July 10, 2007

Respectfully Submitted,

**ADLER, POLLOCK & SHEEHAN P.C.**[2]

By: /s/ Kristen W. Sherman

John A. Tarantino (#2586)
David A. Wollin (#4950)
Kristen W. Sherman (#5595)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
David E. Ross
1633 Broadway
New York, New York 10019
(212) 506-1700

- and -

**BISHOP, LONDON, BROPHY, & DODDS**
Christina Dodds
3701 Bee Cave Road, Suite 200
Austin, Texas 78746
(512) 479-5000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company*

[2] Adler, Pollock Sheehan P.C. does not represent NEGasCo with respect to its claims against Third-Party Defendants Dominion Resources, Inc., and Dominion Energy Brayton Point LLC.

-and-

**HINCKLEY, ALLEN & SNYDER**
Gerald Petros (# 2931)
50 Kennedy Plaza
Providence, RI
(401) 274-2000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company, as to*
*Third-Party Defendant*
*Dominion Resources, Inc. and*
*Dominion Energy Brayton Point LLC.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of July, 2007, I did send a true copy of the within document by electronic means (ECF) or email to the following:

| | |
|---|---|
| Robert J. McConnell, Esq.<br>Michael G. Rousseau, Esq.<br>Jonathan D. Orent, Esq.<br>Motley Rice LLC<br>321 South Main Street<br>Providence, RI 02940 | Neil T. Leifer<br>Thornton & Naumes, LLP<br>100 Summer Street, 30th Floor<br>Boston, MA 02110 |
| Mark W. Roberts<br>McRoberts, Roberts & Rainer, LLP<br>53 State Street<br>Boston, MA 02109 | Paul Revere, III, Esq.<br>Law Offices of Paul Revere, III<br>226 River View Lane<br>Centerville, MA 02632 |
| Russell X. Pollock, Esq.<br>Campbell, Campbell, Edwards & Conroy, PC<br>One Constitution Plaza<br>Boston, MA 02129 | Brian R. Cunha, Esq.<br>Brian Cunha & Associates, P.C.<br>904 Broadway<br>East Providence, RI 02914<br><br>Gregory Schultz, Esq.<br>Brian Wagner, Esq.<br>RIDEM - Office of Legal Services<br>235 Promenade St., 4th Floor<br>Providence, RI 02908-5767 |

/s/ *Kristen W. Sherman*

422715_1.DOC