UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GAIL, JOHN D. and JOHN F. CORVELLO, et al. | : | |
| v. | : | C.A. No. 05-221T (Related Cases: 05-274T; 05-370T; and 05-522T) |
| NEW ENGLAND GAS COMPANY | : | |
| v. | : | |
| BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC; BRIDGESTONE AMERICAS HOLDINGS, INC.; HONEY-WELL INTERNATIONAL, INC.; TOWN OF TIVERTON; GULF OIL CORPORA-TION; INLAND FUEL TERMINALS, INC.; DOMINION RESOURCES, INC. and DOMINION ENERGY BRAYTON POINT LLC | : | |

**MEMORANDUM AND ORDER**

Before the Court is Third-party Defendant Gulf Oil Corp.'s Emergency Motion for Protective Order filed on October 5, 2007. (Document No. 278). Third-party Defendant Honeywell International, Inc. has joined the Motion. (Document No. 282). The Motion seeks to adjourn the deposition of Mr. Joseph "Jose" Souza scheduled for October 12, 2007. The Motion has been referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and LR Cv 72(a). At Gulf's request, I ordered expedited responses from Plaintiffs and Defendant/Third-party Plaintiff which were timely filed. (See Document Nos. 283 and 284). Based on my review of the docket and recent filings, I have determined that a hearing is not necessary to resolve this matter.

**Background**

Plaintiffs have been seeking to depose Mr. Souza since at least August 2006. See Document No. 43 (Plaintiffs' Emergency Motion for Leave to Take the Videotaped Deposition of Jose Souza).

On September 22, 2006, Magistrate Judge Martin found that Plaintiffs had "demonstrated good cause" for leave to depose Mr. Souza given his age (eighty-six years old at that time) and recent medical issues. (Document No. 53). On September 28, 2007, the deposition of Mr. Souza was finally noticed by Defendant New England Gas Company "pursuant to agreement of the parties." (Document No. 273). Also, on September 28, 2007, Defendant filed proof of service of its Third-party Complaint as to several Third-party Defendants including Gulf Oil (Document No. 268) and Honeywell International. (Document No. 269).

**Discussion**

Plaintiffs have previously proffered that, during periods of the 1940s, Mr. Souza worked in loading, transporting and unloading coal gasification waste from Fall River Gas Company (Defendant's alleged predecessor-in-interest) to the "Bay Street Area" in Tiverton presently inhabited by Plaintiffs. See Document No. 48, Ex. A. Plaintiffs contend that this waste is the contamination source of their property. Defendant has denied that the alleged contamination of Plaintiff's properties came from Fall River Gas Company. Defendant further asserts in its Third-party Complaint that the contamination came from various properties owned by, and/or operations in the area conducted by, the Third-party Defendants that were unrelated to Fall River Gas Company. For instance, the third-party claim against Gulf Oil relates to a tank farm it owned and operated in the area for several decades, and the third-party claim against Honeywell relates to a paving product called "Tarvia" allegedly applied to streets in the contaminated area "beginning in the 1930s." Mr. Souza's deposition testimony, as proffered by Plaintiffs, about his alleged work activities at Fall River Gas Company is not directly related to the third-party claims asserted by Defendant.

While the Court can empathize with the concern of Third-party Defendants as to adequate preparation time, the Court is compelled to balance several competing interests in considering the pending Motions for Protective Order. On balance, those interests weigh in favor of denial of the Motions as to Mr. Souza's deposition. First, Plaintiffs have asserted a legitimate interest in expediting Mr. Souza's deposition in order to preserve his testimony. Over one year ago, Judge Martin recognized that "Plaintiffs are understandably concerned that Mr. Souza may not be available to testify at trial" and granted Plaintiffs' Emergency Motion for Leave to Take the Deposition of Mr. Souza. Document No. 53 at 2. Given the passage of time, those concerns are even more "understandable" today. Second, Mr. Souza's expected area of testimony does not directly relate to the third-party claims and, as such, Third-party Defendants should not be prejudiced by the short notice and preparation period. Further, counsel for Plaintiffs and Defendant have an adversarial interest in fully and accurately obtaining and preserving all relevant testimony from Mr. Souza since it relates directly to Plaintiffs' claim against Defendant.

**Conclusion**

For the reasons stated, the pending Motions for Protective Order (Document Nos. 278 and 282) are DENIED. In addition to the Souza deposition, Third-party Defendants have also moved to postpone any other scheduled depositions. Since the Third-party Defendants have not identified any such depositions, they cannot establish good cause for the issuance of a protective order under Fed. R. Civ. P. 26. Further, Senior Judge Torres recently extended the discovery closure date to February 29, 2008 and referred the case to a Magistrate Judge for a Discovery Conference to move this nearly two and one-half year old case along. Accordingly, Third-party Defendants' general

request to stay depositions is DENIED without prejudice to a specific showing of good cause as to a particular deposition.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 11, 2007