UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| COLLEEN BIGELOW, et al., and<br><br>Plaintiffs,<br><br>vs.<br><br>NEW ENGLAND GAS COMPANY,<br><br>Defendant and<br>Third Party Plaintiff,<br><br>vs.<br><br>BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC; BRIDGESTONE AMERICAS HOLDINGS, INC.; HONEYWELL INTERNATIONAL INC.; TOWN OF TIVERTON; GULF OIL CORPORATION; INLAND FUEL TERMINALS, INC.; DOMINION RESOURCES, INC., and DOMINION ENERGY BRAYTON POINT LLC,<br><br>Third Party Defendants. | CIVIL ACTION NOS.<br>05-221T, 05-274T, 05-370T; 05-522T |

**ANSWER AND AFFIRMATIVE DEFENSES OF THIRD PARTY DEFENDANT HONEYWELL INTERNATIONAL INC.**

Third Party Defendant Honeywell International Inc. ("Honeywell"), by and through its attorneys, Nixon Peabody LLP and Arnold & Porter LLP, by way of Answer to the Third Party Complaint filed by Defendants/Third Party Plaintiffs New England Gas Company, hereby responds as follows:

## THE PARTIES

1. Honeywell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Third Party Complaint, and on that basis denies the allegations.

2. Honeywell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Third Party Complaint, and on that basis denies the allegations.

3. Honeywell admits the allegations contained in Paragraph 3 of the Third Party Complaint.

4. Honeywell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Third Party Complaint, and on that basis denies the allegations.

5. Honeywell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Third Party Complaint, and on that basis denies the allegations.

6. Honeywell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Third Party Complaint, and on that basis denies the allegations.

7. Honeywell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Third Party Complaint, and on that basis denies the allegations.

8. Honeywell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Third Party Complaint, and on that basis denies the allegations.

## JURISDICTION AND VENUE

9. Honeywell admits the allegations contained in Paragraph 9 insofar as they are directed toward Honeywell.

10. Honeywell admits the allegations contained in Paragraph 10 insofar as they are directed toward Honeywell.

## FACTUAL ALLEGATIONS

11. Honeywell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 11 of the Third Party Complaint. Honeywell admits the remaining allegations contained in Paragraph 11.

12. The allegations set forth in Paragraph 12 of the Third Party Complaint are directed toward a co-defendant and do not require a response. To the extent a response is required, Honeywell denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12.

13. The allegations set forth in Paragraph 13 of the Third Party Complaint constitute conclusions of law and do not require a response. To the extent a response is required, Honeywell denies the allegations set forth in Paragraph 13.

14. The allegations set forth in Paragraph 14 of the Third Party Complaint are directed toward a co-defendant and do not require a response. To the extent a response is

required, Honeywell denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14.

15. The allegations set forth in Paragraph 15 of the Third Party Complaint are directed toward a co-defendant and do not require a response. To the extent a response is required, Honeywell denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15.

16. The allegations set forth in Paragraph 16 of the Third Party Complaint are directed toward a co-defendant and do not require a response. To the extent a response is required, Honeywell denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16.

17. The allegations set forth in Paragraph 17 of the Third Party Complaint are directed toward a co-defendant and do not require a response. To the extent a response is required, Honeywell denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17.

18. Honeywell admits the allegations contained in Paragraph 18 of the Third Party Complaint.

19. Beginning in 1906, Barrett Manufacturing produced Tarvia, a coal tar blend designed for the treatment of roadways. To the extent the allegations contained in Paragraph 19 are inconsistent with this statement, Honeywell denies the allegations contained in Paragraph 19.

20. Following a reasonable, good faith investigation, Honeywell has not to date identified any support for the allegations contained in Paragraph 20 of the Third Party Complaint. Thus, Honeywell denies the allegations contained in Paragraph 20.

21. Honeywell denies the allegations contained in Paragraph 21 of the Third Party Complaints.

22. The allegations set forth in Paragraph 22 of the Third Party Complaint are directed toward a co-defendant and do not require a response. To the extent a response is required, Honeywell denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22.

23. The allegations set forth in Paragraph 23 of the Third Party Complaint are directed toward a co-defendant and do not require a response. To the extent a response is required, Honeywell denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23.

24. The allegations set forth in Paragraph 24 of the Third Party Complaint are directed toward a co-defendant and do not require a response. To the extent a response is required, Honeywell denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24.

25. The allegations set forth in Paragraph 25 of the Third Party Complaint are directed toward a co-defendant and do not require a response. To the extent a response is required, Honeywell denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25.

26. The allegations set forth in Paragraph 26 of the Third Party Complaint are directed toward a co-defendant and do not require a response. To the extent a response is required, Honeywell denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26.

27. The allegations set forth in Paragraph 27 of the Third Party Complaint are directed toward a co-defendant and do not require a response. To the extent a response is required, Honeywell denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27.

28. The allegations set forth in Paragraph 28 of the Third Party Complaint are directed toward a co-defendant and do not require a response. To the extent a response is required, Honeywell denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28.

29. The allegations set forth in Paragraph 29 of the Third Party Complaint are directed toward a co-defendant and do not require a response. To the extent a response is required, Honeywell denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29.

30. The allegations set forth in Paragraph 30 of the Third Party Complaint are directed toward a co-defendant and do not require a response. To the extent a response is required, Honeywell denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30.

31. The allegations set forth in Paragraph 31 of the Third Party Complaint are directed toward a co-defendant and do not require a response. To the extent a response is required, Honeywell denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31.

32. The allegations set forth in Paragraph 32 of the Third Party Complaint are directed toward a co-defendant and do not require a response. To the extent a response is

required, Honeywell denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32.

33. The allegations set forth in Paragraph 33 of the Third Party Complaint are directed toward a co-defendant and do not require a response. To the extent a response is required, Honeywell denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33.

34. The allegations set forth in Paragraph 34 of the Third Party Complaint are directed toward a co-defendant and do not require a response. To the extent a response is required, Honeywell denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34.

35. The allegations set forth in Paragraph 35 of the Third Party Complaint are directed toward a co-defendant and do not require a response. To the extent a response is required, Honeywell denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35.

36. The allegations set forth in Paragraph 36 of the Third Party Complaint are directed toward a co-defendant and do not require a response. To the extent a response is required, Honeywell denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36.

37. The allegations set forth in Paragraph 37 of the Third Party Complaint are directed toward a co-defendant and do not require a response. To the extent a response is required, Honeywell denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37.

38. The allegations set forth in Paragraph 38 of the Third Party Complaint are directed toward a co-defendant and do not require a response. To the extent a response is required, Honeywell denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38.

39. The allegations set forth in Paragraph 39 of the Third Party Complaint are directed toward a co-defendant and do not require a response. To the extent a response is required, Honeywell denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39.

40. The allegations set forth in Paragraph 40 of the Third Party Complaint are directed toward a co-defendant and do not require a response. To the extent a response is required, Honeywell denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40.

41. The allegations set forth in Paragraph 41 of the Third Party Complaint are directed toward a co-defendant and do not require a response. To the extent a response is required, Honeywell denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41.

42. The allegations set forth in Paragraph 42 of the Third Party Complaint are directed toward a co-defendant and do not require a response. To the extent a response is required, Honeywell denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42.

43. The allegations set forth in Paragraph 43 of the Third Party Complaint are directed toward a co-defendant and do not require a response. To the extent a response is

required, Honeywell denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43.

44. The allegations set forth in Paragraph 44 of the Third Party Complaint are directed toward a co-defendant and do not require a response. To the extent a response is required, Honeywell denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44.

## FIRST CAUSE OF ACTION
**(Contribution As Against The Third Party Defendants)**

45. Honeywell reiterates and incorporates by reference herein its responses to Paragraphs 1-44 of the Third Party Complaint as its response to this Paragraph.

46. Honeywell denies the allegations set forth in Paragraph 46 of the Third Party Complaints insofar as they are directed toward Honeywell. Honeywell denies that it has knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46.

## SECOND CAUSE OF ACTION
**(Indemnification As Against The Third Party Defendants)**

47. Honeywell reiterates and incorporates by reference its responses to Paragraphs 1-46 of the Third Party Complaint as its response to this Paragraph.

48. Honeywell denies the allegations set forth in Paragraph 48 of the Third Party Complaints insofar as they are directed toward Honeywell. Honeywell denies that it has knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48.

49. Honeywell denies the allegations set forth in Paragraph 49 of the Third Party Complaints insofar as they are directed toward Honeywell. Honeywell denies that

it has knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49.

Except as specifically admitted herein, Honeywell denies all allegations in the Third Party Complaint.

***

**WHEREFORE,** Third Party Defendant Honeywell International, Inc., on behalf of itself and its predecessor Barrett Manufacturing Company, denies that the Third Party Plaintiffs are entitled to judgment or damages in any amount whatsoever, and further requests judgments in Honeywell's favor along with costs, fees and any further and additional relief which the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

Honeywell sets forth the following Affirmative Defenses without waiving Honeywell's right to put the Third Party Plaintiff to its proofs and without assuming any burden of proof not otherwise imposed upon Honeywell.

### FIRST AFFIRMATIVE DEFENSE

The Third Party Complaints and each claim thereof fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Third Party Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or the equitable defenses of laches, unclean hands, waiver, contributory negligence, and estoppel.

**THIRD AFFIRMATIVE DEFENSE**

The Third Party Plaintiff's claims are barred, in whole or in part, because none of the alleged acts or omissions by Honeywell were the proximate cause or the actual cause of the injuries or damages allegedly sustained by the Third Party Plaintiffs and, alternatively, the Third Party Plaintiff's losses or injuries, if any, were caused or contributed to by the intervening acts of third parties.

**FOURTH AFFIRMATIVE DEFENSE**

Honeywell denies any liability, but in the event that Honeywell is found to have any liability to the Third Party Plaintiff, Honeywell is entitled to an offset against any such liability on their part for the greatest of: (1) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Third Party Complaints; or (2) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Third Party Complaint; or (3) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged in the Third Party Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

The Third Party Plaintiff's claims are barred in whole or in part by the Third Party Plaintiff's assumption of risk, including without limitation, because the Third Party Plaintiff, or their predecessors in interest or agents, had knowledge of and accepted and assumed the hazards and risks which caused, contributed to or resulted in their alleged damages.

**SIXTH AFFIRMATIVE DEFENSE**

The Third Party Plaintiff's claims against Honeywell are barred because, even if the occurrences complained of involved any products produced by Barrett, these products were handled and manufactured in compliance with then applicable customs, codes, practices, technology of the trade and industry and in compliance with all applicable laws and regulations.

**SEVENTH AFFIRMATIVE DEFENSE**

The Third Party Plaintiff's claims are barred against Honeywell because, even assuming the occurrences complained of involved any Barrett products, these products were supplied to a party that was knowledgeable, experienced and/or sophisticated with regard to the properties, potential hazards and manner of safe handling of these products.

**EIGHTH AFFIRMATIVE DEFENSE**

At all times relevant hereto, Honeywell and Barrett complied with all applicable laws and regulations; the claims asserted by the Third Party Plaintiffs are therefore, barred and/or preempted under state and/or federal law.

**NINTH AFFIRMATIVE DEFENSE**

At all relevant times, Honeywell and Barrett acted with due care, complied with all applicable laws and regulations and otherwise conducted themselves reasonably under the circumstances.

**TENTH AFFIRMATIVE DEFENSE**

Honeywell reserves the right to amend this Answer and to assert additional defenses or to supplement, alter or change this Answer upon ascertaining more definite facts during and upon completion of discovery and investigation.

***

**WHEREFORE,** Third Party Defendant Honeywell International, Inc., on behalf of itself and its predecessor Barrett Manufacturing Company, denies that the Third Party Plaintiffs are entitled to judgment or damages in any amount whatsoever, and further requests judgments in Honeywell's favor along with costs, fees and any further and additional relief which the Court deems just and appropriate.

Respectfully submitted,

/s/ Gregory L. Benik
Gregory L. Benik (#1515)
NIXON PEABODY LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
gbenik@nixonpeabody.com
Counsel for
Honeywell International Inc.

Dated: October 31, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of October, 2007, an exact copy of the within document was electronically mailed to the Electronic Case Filing system of the United Stated District Court for the District of Rhode Island. Notice of this filing will be sent via e-mail to all parties able to accept electronic filings as indicated on the Notice of Electronic Filing or by other means to the counsel listed below.

**Notification via CMECF:**

David A. Cetola, dcetola@mcrobertslaw.com
Brian R. Cunha, brian@briancunha.com
Christina C. Dodds, CDodds@bishoplondon.com
Susan B. Forcier, susan.wilson@dem.ri.gov
Stephen P. Harten, sharten@rbhelaw.com, kpaiva@rbhelaw.com
Eric D. Herschmann, eherschmann@kasowitz.com
Heather Spurlock Kennealy, hskennealy@mcrobertslaw.com
Neil T. Leifer, nleifer@tenlaw.com
Robin-Lee Main, rmain@haslaw.com, sjfoster@haslaw.com
John J. McConnell, Jr., jmcconnell@motleyrice.com
Robert J. McConnell, bmcconnell@motleyrice.com
Brad J. Mitchell, bmitchell@tenlaw.com
Michael D Mitchell, mmitchell@admin.ri.gov
Jonathan D Orent, jorent@motleyrice.com
Gerald J. Petros, gpetros@haslaw.com, clomas@haslaw.com
Paul Revere, III, revereiii@aol.com
Mark W. Roberts, mroberts@mcrobertslaw.com
David E. Ross, dross@kasowitz.com
Paul M. Sanford, psanford@burnslev.com, scook@burnslev.com
Gregory S. Schultz, gregory.schultz@dem.ri.gov
Kristen W. Sherman, ksherman@apslaw.com, afontaine@apslaw.com, btallman@apslaw.com
Kimberly A. Simpson, ksimpson@vetterandwhite.com
Matthew B. Smith, matthew@verdecchialaw.com
Aileen L. Sprague, asprague@motleyrice.com
Christian Bennett White Stephens, cstephens@taylorduane.com
John A. Tarantino, jtarantino@apslaw.com, dhumm@apslaw.com
Bruce Gregory Tucker, btucker@legalmgt.com
Christian F. Uehlein, cuehlein@tenlaw.com
Brian A. Wagner, brian.wagner@dem.ri.gov
Craig R. Waksler, cwaksler@taylorduane.com
Benjamin V. White, III, bwhite@vetterandwhite.com
Lewis S. Wiener, lewis.wiener@sablaw.com
David B. Willis, dwillis@legalmgt.com
David A. Wollin, dwollin@apslaw.com, epickett@apslaw.com, dciuffetelli@apslaw.com
Richard J. Zabbo, rzabbo@rbhelaw.com

**Notification via first class mail:**

Charles K. Mone
Russell X. Pollock
Anthony J. Sbarra, Jr.
CAMPBELL, CAMPBELL,
EDWARDS & CONROY, PC
One Constitution Plaza
Boston, MA 02129

Thomas F. McGuire, Jr.
LAW OFFICES OF MCGUIRE &
COUGHLIN, P.C.
The Academy Building
70 South Main Street
P.O. Box 1187
Fall River, MA 02722-1187

Seth Davis
Noelle M. Kowalczyk
KASOWITZ, BENSON,
TORRES & FRIEDMAN LLP
1633 Broadway
New York, NY 10019

Jeffrey Bromme
ARNOLD & PORTER LLP
555 12th Street, NW
Washington, DC 20004

William Wick
WACTOR & WICK
108 Grand Avenue, Suite 950
Oakland, CA 94612

Christopher P. McCormack
PULLMAN & COMLEY,
LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006

Jeanne M. Scott
URSILLO, TEITZ
& RITCH, LTD.
2 Williams Street
Providence, RI 02903

James F. Stutts
VP and General Counsel

Corporate Address:
DOMINION RESOURCES, INC.
120 Tredegar Street
Richmond, VA 23219

DOMINION ENERGY
BRAYTON POINT LLC
One Brayton Point Road
Somerset, MA 02725

Thomas F. McGuire, Jr.
CITY OF FALL RIVER
1 Government Center
6th Floor
Fall River, MA 02722

David A. Crichlow
Pillsbury Winthrop Shaw
Pittman LLP
1540 Braodway
New York, NY 10036

David M. Goldberg
Pillsbury Winthrop Shaw Pittman
LLP
1540 Braodway
New York, NY 10036

Michael K. Marran
P.O. Box 6067
321 South Main Street
Suite 200
Providence, RI 02940-6067

/s/ Gregory L. Benik