# E

STATE OF TEXAS )
) ss:
CITY AND COUNTY OF DALLAS)

I, Mike Henley, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher of THE WALL STREET JOURNAL , a daily national newspaper published and of general circulation in the City and County of New York, New York, City of Naperville, DuPage County, Illinois, and in the city and County of Dallas, Texas and that the attached Notice has been regularly published in THE WALL STREET JOURNAL for national distribution for one insertion(s) on the following date(s): 10/15/04 advertiser: USGen New England, Inc. and that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Sworn to before me this
15th day of Oct. 2004

Notary Public

B6 FRIDAY, OCTOBER 15, 2004 THE WALL STREET JOURNAL.

# LEGAL NOTICES

GLOBAL ◆ NATIONAL ◆ REGIONAL

◆ To Advertise: 1.800.366.3975 ◆ Fax: 214.640.7900 ◆ Visit Advertising.WSJ.com ◆

## ◆ BANKRUPTCIES ◆

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MARYLAND (Greenbelt Division)

In re: USGen New England, Inc., Debtor. Case No. 03-30465 (PM) Chapter 11

NOTICE OF (I) SALE OF A PORTION OF DEBTOR'S ASSETS (TO DOMINION ENERGY NEW ENGLAND, INC.), (II) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (III) ASSUMPTION OF CERTAIN LIABILITIES, AND (IV) OPPORTUNITY TO SUBMIT HIGHER AND BETTER BIDS

[illegible]

# TO GLOBE NEWSPAPER CO., DR.

*For Advertising in the BOSTON GLOBE*

***BLANK ROME LLP***
***One Logan Square***
***18th & Cherry Streets***
***Philadelphia, PA 19103***
***Attn: Kathleen Senese***

## LEGAL NOTICE



I, *Catherine Sheedy* hereby certify that I am *Classified Sales Representative* of the Globe Newspaper Co., publishers of the Boston Globe; that the above advertisement has been inserted in said newspaper one time Saturday, October 16, 2004 and that it is charged at the usual rates.

Catherine Sheedy........

Boston, Mass October 18, 2004

Personally appeared before me *Catherine Sheedy* and made oath that the above statement subscribed to by her is true...........
***Suffolk ss.***

....Ann C Wright....

Notary Public
My Commission Expires
03-08-2007

LEGAL NOTICES LEGAL NOTICES LEGAL NOTICES

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND (Greenbelt Division)

In re:
USGen New England, Inc.,
Debtor.

Case No. 03-30465 (PM)
Chapter 11

**NOTICE OF (I) SALE OF A PORTION OF DEBTOR'S ASSETS (FOSSIL) TO DOMINION ENERGY NEW ENGLAND, INC., (II) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (III) ASSUMPTION OF CERTAIN LIABILITIES, AND (IV) OPPORTUNITY TO SUBMIT HIGHER AND BETTER BIDS**

PLEASE TAKE NOTICE that pursuant to an order of the United States Bankruptcy Court for the District of Maryland dated October 8, 2004 (the "Procedures Order"), a hearing will be held before the Honorable Paul Mannes, United States Bankruptcy Judge, on November 18, 2004 at 10:30 a.m. (the "Sale Hearing"), in the United States Bankruptcy Court for the District of Maryland, 6500 Cherrywood Lane, Third Floor, Greenbelt, MD 20770 to consider the motion (the "Motion") of USGen New England, Inc. (the "Debtor" or "Seller") for one or more orders authorizing (a) the sale (the "Sale") of a portion of the operating assets of the Debtor's business (the "Transferred Assets") to Dominion Energy New England, Inc. or its designated subsidiary or affiliate (collectively, "Buyer"), upon the terms, and subject to the conditions, of that certain Asset Purchase and Sale Agreement dated as of September 3, 2004 by and among Buyer, Seller, USG Services Company, LLC and First Massachusetts Land Company, LLC (the "Purchase Agreement"), and in accordance with the procedures described below, (b) the Debtor's assignment to the Buyer of certain executory contracts and unexpired leases (collectively, the "Assigned Contracts"), and (c) the assumption by the Buyer of certain liabilities of the Debtor (the "Assumed Liabilities"). Except as expressly assumed by the Buyer in the Purchase Agreement, the Transferred Assets, Assigned Contracts and Leases are to be sold or otherwise transferred free and clear of (i) all liens, claims, interests, and encumbrances (collectively, "Interests"), except for any Permitted Liens (as defined in the Purchase Agreement), with such Interests, if any, to attach to the proceeds of the Sale, and (ii) except in the case of the Assumed Liabilities, all obligations and liabilities of the Debtor.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Sale or the relief requested in the Motion must be in writing, comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules, be filed with the Clerk of the Court, United States Bankruptcy Court Maryland, 6500 Cherrywood Lane, Third Floor, Greenbelt, MD 20770 and be served upon (i) general counsel for the Debtor, USGen New England, Inc., 7600 Wisconsin Avenue, Bethesda, MD 20814, Attention: General Counsel, (ii) counsel for the Debtor, Blank Rome LLP, The Chrysler Building, 405 Lexington Avenue, New York, NY 10174 Attention: Marc E. Richards, Esquire; (iii) Blank Rome LLP, One Logan Square, Philadelphia, PA 19103 Attention: Ronald Fisher, Esquire; (iv) counsel for the Official Committee of Unsecured Creditors, Reed Smith LLP, 435 Sixth Avenue, Pittsburgh, PA 15219, Attention: Eric Schaffer, Esquire; (v) Reed Smith LLP, 2500 One Liberty Place, 1650 Market Street, Philadelphia, PA 19103, Attention: Claudia Z. Springer, Esquire; (vi) financial advisors to the Debtor, Lazard LLC, 30 Rockefeller Plaza, New York, NY 10020, Attention: J. Blake O'Dowd, Managing Director; (vii) counsel for Buyer, McGuireWoods LLP, One James Center, 901 East Cary Street, Richmond, Virginia 23219-4030, Attention: Dion W. Hayes, Esquire; (viii) counsel for Buyer, Dominion Energy New England, Inc., 120 Tredegar Street, Richmond, Virginia 23219; Attention: Rudolph Bumgardner, IV, Managing Counsel, so that such objections are actually received no later than 4:00 p.m. (EST) on November 12, 2004. <u>**ANY OBJECTION NOT TIMELY FILED AND RECEIVED WILL NOT BE CONSIDERED BY THE COURT.**</u>

PLEASE TAKE FURTHER NOTICE that at the Sale Hearing the court will consider the approval of the Purchase Agreement with Buyer and/or any other offers as determined by the Debtor to be the highest or best offer(s) (each, a "Superior Offer") submitted for the TransferredAssets under the procedures set forth below (the "Bidding Procedures"). The Debtor will only consider offers to purchase the Transferred Assets in accordance with the Bidding Procedures:

1. <u>Qualification as Bidder.</u>

(a) Seller, after detailed consultation with the Committee, will determine whether any entity (a "Potential Bidder") that wishes to make a Superior Offer is a "Qualified Bidder." For a Potential Bidder to be considered eligible as a Qualified Bidder, it must provide Seller (on or before October 18, 2004) with: (i) an executed confidentiality agreement substantially identical to the confidentiality agreement executed by Buyer (which shall automatically include all confidentiality agreements submitted to Debtor postpetition on or before August 6, 2004); (ii) current audited financial statements of the Potential Bidder or, if the Potential Bidder is an entity formed for the purpose of engaging in a Superior Offer (an "Acquisition Entity"), current audited financial statements of the equity holder(s) of the Potential Bidder or such other financial disclosure acceptable to Seller and the Committee, demonstrating such Potential Bidder's ability to close a proposed transaction; (iii) a written statement by the Potential Bidder stating that it agrees to be bound by the terms and conditions of the Procedures Order and the form of Purchase Agreement but subject to Section 2(a)(i) below; (iv) a written statement by the Potential Bidder that it will assume all or a portion of the Assumed Liabilities to be assumed by Buyer; and (v) if the Potential Bidder is an Acquisition Entity, a written guarantee, letter of credit or other form of credit enhancement acceptable to Seller (after detailed consultation with the Committee) pursuant to which the equity holder(s) of the Potential Bidder are responsible for the Potential Bidder's obligations in connection with the Sale. The Potential Bidder also must establish that it has the ability to consummate its proposed transaction within the timeframe contemplated for consummation of the Purchase Agreement. Buyer is, and at all times shall be deemed to be, a Qualified Bidder entitled to participate in the Auction (as defined below).

2. <u>Bid Requirements.</u>

(a) Seller, after detailed consultation with the Committee, will determine whether a bid qualifies as a "Qualified Bid". To constitute a Qualified Bid: (a) the bid must be a written irrevocable offer from a Qualified Bidder containing written evidence of a commitment for financing or other evidence of an ability to consummate the Sale, subject to no conditions other than those set forth in the Purchase Agreement, in either event satisfactory to Seller after detailed consultation with the Committee; (b) the bid must include evidence of authorization and approval from the Qualified Bidder's Board of Directors or comparable governing body indicating that the Qualified Bidder is duly authorized to perform the transactions in the bid and the Procedures Order; (c) the bid must be for all or a portion of the Transferred Assets; (d) the bid must not be materially more burdensome than the terms of the Purchase Agreement with respect to the Transferred Assets; (e) the bid must not request or entitle the bidder to any termination or break-up fee, expense reimbursement or similar type of payment (unless the Qualified Bidder is the Buyer); and (f) the bid must acknowledge and represent that the Qualified Bidder: (1) has had an opportunity to conduct any and all due diligence regarding Seller's businesses and assets prior to making its offer; (2) has relied solely upon its own independent review, investigation and/or inspection of any documents and/or Seller's assets in making its bid; and (3) did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Transferred Assets or proposed transaction, or the completeness of any information provided in connection therewith or the Auction (as defined below), except as expressly stated in the Procedures Order or the Purchase Agreement. The Purchase Agreement is deemed a Qualified Bid.

i. All bids must include clean and blacklined versions of a revised version of the Purchase Agreement (the "Bidder Purchase Agreement"), with (i) the clean version of the Bidder Purchase Agreement being a duly executed and [illegible] substantially similar [illegible] in the form of the Purchase Agreement, signed by the Qualified Bidder, and (ii) the blacklined version showing the proposed changes from the Purchase Agreement executed by Buyer.

ii. Deposit. Each Potential Bidder's bid must be accompanied by a deposit in an amount that is five percent (5%) of the total purchase consideration in the subject Bidder Purchase Agreement (the "Deposit"). Prior to the Bid Deadline (as defined below), the Deposit is to be delivered by the Qualified Bidder to the escrow agent under the Deposit Escrow Agreement in the form of a wire transfer to: Wachovia Bank, National Association ABA# 053000219 Account #5000 0000 16439 ATTN: Corporate Trust-Bond Administration

iii. Additional Requirements for Bids. Bids must be: (a) in writing; (b) signed by an individual authorized to bind the Potential Bidder; and (c) received no later than 12:00 noon (EST) on November 8, 2004 (the "Bid Deadline"), by (i) general counsel for Debtor, USGen New England, Inc., 7600 Wisconsin Avenue, Bethesda, MD 20814, Attention: General Counsel; (ii) counsel for Debtor, Blank Rome LLP, The Chrysler Building, 405 Lexington Avenue, New York, NY 10174, Attention: Marc E. Richards, Esquire; (iii) Blank Rome LLP, One Logan Square, Philadelphia, PA 19103, Attention: Ronald Fisher, Esquire; (iv) counsel for the Committee, Reed Smith LLP, 435 Sixth Avenue, Pittsburgh, PA 15219, Attention: Eric Schaffer, Esquire; (v) Reed Smith LLP, 2500 One Liberty Place, 1650 Market Street, Philadelphia, PA 19103, Attention: Claudia Z. Springer, Esquire; (vi) financial advisors to Debtor, Lazard LLC, 30 Rockefeller Plaza, New York, NY 10020, Attention: J. Blake O'Dowd, Managing Director; (vi) counsel for the Buyer, McGuireWoods LLP, One James Center, 901 East Cary Street, Richmond, Virginia 23219-4030; Attention: Dion W. Hayes, Esquire; and (vii) counsel for Buyer, Dominion Energy New England, Inc., 120 Tredegar Street, Richmond, Virginia 23219; Attention: Rudolph Bumgardner, IV, Managing Counsel.

iv. No Conditions. Any bid must not be subject to financing, due diligence, acquisition of any Excluded Asset, the assignment of any executory contract other than the Assigned Contracts and Leases or any other condition or contingency less favorable to Seller than those set forth in the Purchase Agreement, as determined by Seller in its reasonable discretion after detailed consultation with the Committee.

v. Initial Overbid. An initial overbid for all or a portion of the Transferred Assets and the assumption of all or a portion of the Assumed Liabilities must meet the requirements of a Superior Offer (as defined in the Purchase Agreement, hereinafter, "Initial Overbid").

vi. Qualified Bid. Only a bid submitted by a Qualified Bidder that meets the requirements set forth in this section (b) shall be considered a "Qualified Bid."

vii. Bankruptcy Court Approval. All bids, including that of Buyer (whether through the Purchase Agreement or otherwise) shall be subject to the approval of the Bankruptcy Court.

3. Due Diligence.

(a) Diligence and Confidentiality Agreement. Qualified Bidders will be provided with a Confidential Information Memorandum. Seller has established a "data room" containing "due diligence" information and documents related to Seller's businesses and assets as well as the Assigned Contracts and Leases and Assumed Liabilities. Seller will provide each Qualified Bidder compact discs containing the information and documents contained in the data room. Seller will designate an employee or other representative to coordinate all reasonable requests for additional information and due diligence access from Qualified Bidders. Any additional due diligence will not continue after the Bid Deadline. Buyer may continue due diligence, including the submission of supplemental requests, up and until the Bid Deadline. Seller, its affiliates or any of its respective representatives are not obligated to furnish any information to any person except a Qualified Bidder. Any information and documents provided by the Debtor to any Qualified Bidder shall be promptly and, where possible, contemporaneously provided to all Qualified Bidders. Any Qualified Bidder who desires to conduct due diligence should contact Lazard LLC, 30 Rockefeller Center, New York, New York 10020, (212) 632-6000, Attention: J. Blake O'Dowd, financial advisors to Seller, for the due diligence procedures.

4. Auction. If any Qualified Bids are submitted for all or substantially all of the Transferred Assets, the Debtor shall conduct an auction (the "Auction") of the Transferred Assets on November 15, 2004 (the "Auction Date") at 12:00 p.m. (EST) at the offices of Blank Rome, The Chrysler Building, 405 Lexington Avenue, New York, NY 10174 at which time only those Qualified Bidders that have timely submitted Qualified Bids shall be entitled to participate as bidders. At the Auction, bidding shall begin with the highest Qualified Bid(s) and continue in increments of $5,000,000.00 and shall not conclude until each participating Qualified Bidder has had the opportunity to submit any additional Qualified Bid(s) with full knowledge of the existing highest bid for the Transferred Assets. Debtor may accept (in its discretion) two or more lot bids for the Transferred Assets in lieu of a bulk bid if the aggregate amount of the accepted lot bids exceeds the highest bulk bid and the terms and conditions of the accepted lot bids, in the aggregate, are no less favorable to Seller than the terms and conditions of the highest bulk bid, as determined in the Seller's discretion, upon detailed consultation with the Committee. At the conclusion of the bidding, the Debtor, after detailed consultation with its advisors and the Committee, shall announce its determination as to the Qualified Bidder(s) (the "Successful Bidder(s)") submitting the highest or best bid(s) for the Transferred Assets (the "Successful Bid(s)"). The Successful Bid(s) may be submitted to the Court for approval at the Sale Hearing; provided, however, that in order for its bid to be deemed a Successful Bid, the Successful Bidder must remit to the Debtor, by previously wired funds which have been received by the Debtor, the funds necessary to increase its Deposit by an amount equal to five percent (5%) of the additional bid increment or thereafter be disqualified and the Debtor then shall announce the new Successful Bidder(s) for the Transferred Assets (or portion thereof), subject to the same requirements.

5. Acceptance of Qualified Bids. The Debtor shall not be deemed to have accepted any bid, including the Successful Bid(s), until the bid has been approved by the Bankruptcy Court at the Sale Hearing. Following Bankruptcy Court approval of the Successful Bid(s), all Deposits made with the Debtors by bidders other than the Successful Bidder(s) shall be returned to the person or entity having made such Deposit in accordance with the terms of the Procedures Order approved by the Court.

6. Right to Reject Bids. The Debtor may at any time before entry of an order of the Bankruptcy Court approving a Successful Bid, reject any bid that, in the Debtor's discretion, after detailed consultation with the Committee, is deemed (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of the Sale, or (iii) contrary to the best interests of the Debtor, its estate and its creditors.

7. Failure to Consummate Sale. If any Successful Bidder fails to close the Sale in accordance with the terms of the purchase agreement relating to the Transferred Assets that the Successful Bidder has executed, it shall forfeit its Deposit (unless otherwise specifically provided in such purchase agreement) and the Transferred Assets to be purchased by such Successful Bidder shall be sold to the Qualified Bidder submitting the next highest bid for such Transferred Assets which is able to close in accordance with the terms of the Bidding Procedures Order and the Purchase Agreement that such Qualified Bidder has executed.

8. Adjournment of Sale Hearing; Review of Documents; Further Information. The Sale Hearing may be adjourned from time to time without further notice other than by announcement of the adjournment in Court or on the Court's calendar on the date scheduled for the Sale Hearing or any adjourned date. The Motion and supporting papers, including the Purchase Agreement (and schedules attached thereto), may be obtained for examination or copying from the Clerk of the Court, United States Bankruptcy Court, 6500 Cherrywood Lane, Third Floor, Greenbelt, MD 20770, during normal business hours (8:30 a.m. to 4:30 p.m., Monday through Friday (except legal holidays)), or by written request to the Debtor's counsel, Blank Rome LLP, The Chrysler Building, 405 Lexington Avenue, New York, NY 10174 (Attn: Marc E. Richards). Any party wishing to obtain further information about theTransferred Assets should contact the Debtor's financial advisor, Lazard LLC, 30 Rockefeller Plaza, New York, NY 10020, Attention: J. Blake O'Dowd, Managing Director or by telephone at (212) 632-1420.

Dated: October 8, 2004

BLANK ROME LLP
/s/ John Lucian
John Lucian (Federal Bar No. 14096)
250 W. Pratt St, Suite 2201
Baltimore, Maryland 21201
(410) 659-3945
(410) 986-2706 (fax)
Lucian@blankrome.com

and

Marc E. Richards
Ronald Fisher
Joel C. Shapiro
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000

# AFFIDAVIT OF PUBLICATION

**The Providence Journal**
**The Providence Sunday Journal**

**Published by The Providence Journal Company**
**Providence, Rhode Island 02902**

**State of Rhode Island**
**City and County of Providence**

On this 18th day of October 20 04, before me, a Notary Public, duly qualified for said County and State, personally appeared Laurence Ricardo, Senior Sales Director, in the office of The Providence Journal Company, publishers of The Providence Journal, a newspaper published in the City of Providence by The Providence Journal Company, who, on being duly sworn, states that the advertisement of

Bankruptcy Court
USGen New England, Inc.

a true copy of which is hereunto annexed, was duly inserted in **THE PROVIDENCE JOURNAL** in its issue of

Monday, October 18, 20 04,

Laurence Ricardo

Subscribed and sworn to before me this 18th day of October, 20 04

Notary Public

My Commission expires: 1/5/06

FOR THE DISTRICT OF MARYLAND (Greenbelt Division)

In re: USGen New England, Inc., Debtor. ) Case No. 03-30465 (PM) Chapter 11

**NOTICE OF (I) SALE OF A PORTION OF DEBTOR'S ASSETS [FOSSIL] TO DOMINION ENERGY NEW ENGLAND, INC., (II) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (III) ASSUMPTION OF CERTAIN LIABILITIES, AND (IV) OPPORTUNITY TO SUBMIT HIGHER AND BETTER BIDS**

PLEASE TAKE NOTICE that pursuant to an order of the United States Bankruptcy Court for the District of Maryland dated October 8, 2004 (the "Procedures Order"), a hearing will be held before the Honorable Paul Mannes, United States Bankruptcy Judge, on November 18, 2004 at 10:30 a.m. (the "Sale Hearing"), in the United States Bankruptcy Court for the District of Maryland, 6500 Cherrywood Lane, Third Floor, Greenbelt, MD 20770 to consider the motion (the "Motion") of USGen New England, Inc. (the "Debtor" or "Seller") for one or more orders authorizing (a) the sale (the "Sale") of a portion of the operating assets of the Debtor's business (the "Transferred Assets") to Dominion Energy New England, Inc. or its designated subsidiary or affiliate (collectively, "Buyer"), upon the terms, and subject to the conditions, of that certain Asset Purchase and Sale Agreement dated as of September 3, 2004 by and among Buyer, Seller, USG Services Company, LLC and First Massachusetts Land Company, LLC (the "Purchase Agreement"), and in accordance with the procedures described below, (b) the Debtor's assignment to the Buyer of certain executory contracts and unexpired leases (collectively, the "Assigned Contracts"), and (c) the assumption by the Buyer of certain liabilities of the Debtor (the "Assumed Liabilities"). Except as expressly assumed by the Buyer in the Purchase Agreement, the Transferred Assets, Assigned Contracts and Leases are to be sold or otherwise transferred free and clear of (i) all liens, claims, interests, and encumbrances (collectively, "Interests"), except for any Permitted Liens (as defined in the Purchase Agreement), with such Interests, if any, to attach to the proceeds of the Sale, and (ii) except in the case of the Assumed Liabilities, all obligations and liabilities of the Debtor.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Sale or the relief requested in the Motion must be in writing, comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules, be filed with the Clerk of the Court, United States Bankruptcy Court Maryland, 6500 Cherrywood Lane, Third Floor, Greenbelt, MD 20770 and be served upon (i) general counsel for the Debtor, USGen New England, Inc., 7600 Wisconsin Avenue, Bethesda, MD 20814, Attention: General Counsel, (ii) counsel for the Debtor, Blank Rome LLP, The Chrysler Building, 405 Lexington Avenue, New York, NY 10174 Attention: Marc E. Richards, Esquire; (iii) Blank Rome LLP, One Logan Square, Philadelphia, PA 19103 Attention: Ronald Fisher, Esquire; (iv) counsel for the Official Committee of Unsecured Creditors, Reed Smith LLP, 435 Sixth Avenue, Pittsburgh, PA 15219, Attention: Eric Schaffer, Esquire; (v) Reed Smith LLP, 2500 One Liberty Place, 1650 Market Street, Philadelphia, PA 19103, Attention: Claudia Z. Springer, Esquire; (vi) financial advisors to the Debtor, Lazard LLC, 30 Rockefeller Plaza, New York, NY 10020, Attention: J. Blake O'Dowd, Managing Director; (vii) counsel for Buyer, McGuireWoods LLP, One James Center, 901 East Cary Street, Richmond, Virginia 23219-4030; Attention: Dion W. Hayes, Esquire; (viii) counsel for Buyer, Dominion Energy New England, Inc., 120 Tredegar Street, Richmond, Virginia 23219; Attention: Rudolph Bumgardner, IV, Managing Counsel, so that such objections are actually received no later than 4:00 p.m. (EST) on November 12, 2004. **ANY OBJECTION NOT TIMELY FILED AND RECEIVED WILL NOT BE CONSIDERED BY THE COURT.**

PLEASE TAKE FURTHER NOTICE that at the Sale Hearing the court will consider the approval of the Purchase Agreement with Buyer and/or any other offers as determined by the Debtor to be the highest or best offer(s) (each, a "Superior Offer") submitted for the Transferred Assets under the procedures set forth below (the "Bidding Procedures"). The Debtor will only consider offers to purchase the Transferred Assets in accordance with the Bidding Procedures:

1. Qualification as Bidder.

(a) Seller, after detailed consultation with the Committee, will determine whether any entity (a "Potential Bidder") that wishes to make a Superior Offer is a "Qualified Bidder." For a Potential Bidder to be considered eligible as a Qualified Bidder, it must provide Seller (on or before October 18, 2004) with: (i) an executed confidentiality agreement substantially identical to the confidentiality agreement executed by Buyer (which shall automatically include all confidentiality agreements submitted to Debtor postpetition on or before August 6, 2004); (ii) current audited financial statements of the Potential Bidder or, if the Potential Bidder is an entity formed for the purpose of engaging in a Superior Offer (an "Acquisition Entity"), current audited financial statements of the equity holder(s) of the Potential Bidder or such other financial disclosure acceptable to Seller and the Committee, demonstrating such Potential Bidder's ability to close a proposed transaction; (iii) a written statement by the Potential Bidder stating that it agrees to be bound by the terms and conditions of the Procedures Order and the form of Purchase Agreement but subject to Section 2(a)(i) below; (iv) a written statement by the Potential Bidder that it will assume all or a portion of the Assumed Liabilities to be assumed by Buyer; and (v) if the Potential Bidder is an Acquisition Entity, a written guarantee, letter of credit or other form of credit enhancement acceptable to Seller (after detailed consultation with the Committee) pursuant to which the equity holder(s) of the Potential Bidder are responsible for the Potential Bidder's obligations in connection with the Sale. The Potential Bidder also must establish that it has the ability to consummate its proposed transaction within the timeframe contemplated for consummation of the Purchase Agreement. Buyer is, and at all times shall be deemed to be, a Qualified Bidder entitled to participate in the Auction (as defined below).

2. Bid Requirements.

(a) Seller, after detailed consultation with the Committee, will determine whether a bid qualifies as a "Qualified Bid." To constitute a Qualified Bid: (a) the bid must be a written irrevocable offer from a Qualified Bidder containing written evidence of a commitment for financing or other evidence of an ability to consummate the Sale, subject to no conditions other than those set forth in the Purchase Agreement, in either event satisfactory to Seller after detailed consultation with the Committee; (b) the bid must include evidence of authorization and approval from the Qualified Bidder's Board of Directors or comparable governing body indicating that the Qualified Bidder is duly authorized to perform the transactions in the bid and the Procedures Order; (c) the bid must be for all or a portion of the Transferred Assets; (d) the bid must not be materially more burdensome than the terms of the Purchase Agreement with respect to the Transferred Assets; (e) the bid must not request or entitle the bidder to any termination or break-up fee, expense reimbursement or similar type of payment (unless the Qualified Bidder is the Buyer); and (f) the bid must acknowledge and represent that the Qualified Bidder: (1) has had an opportunity to conduct any and all due diligence regarding Seller's businesses and assets prior to making its offer; (2) has relied solely upon its own independent review, investigation and/or inspection of any documents and/or Seller's assets in making its bid; and (3) did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Transferred Assets or proposed transaction, or the completeness of any information provided in connection therewith or the Auction (as defined below), except as expressly stated in the Procedures Order or the Purchase Agreement. The Purchase Agreement is deemed a Qualified Bid.

i. All bids must include clean and blacklined versions of a revised version of the Purchase Agreement (the "Bidder Purchase Agreement"), with (x) the clean version of the Bidder Purchase Agreement being a duly executed original substantially similar to and in the form of the Purchase Agreement, signed by the Qualified Bidder and (y) the blacklined version showing the proposed changes from the Purchase Agreement executed by Buyer.

ii. Deposit. Each Potential Bidder's bid must be accompanied by a deposit in an amount that is five percent (5%) of the total purchase consideration in the subject Bidder Purchase Agreement (the "Deposit"). Prior to the Bid Deadline (as defined below), the Deposit is to be delivered by the Qualified Bidder to the escrow agent under the Deposit Escrow Agreement in the form of a wire transfer to: Wachovia Corporate Trust – Bond Administration.

iii. Additional Requirements for Bids. Bids must be (a) in writing; (b) signed by an individual authorized to bind the Potential Bidder; and (c) received no later than 12:00 noon (EST) on November 8, 2004 (the "Bid Deadline"), by (i) general counsel for Debtor, USGen New England, Inc., 7600 Wisconsin Avenue, Bethesda, MD 20814, Attention: General Counsel; (ii) counsel for Debtor, Blank Rome LLP, The Chrysler Building, 405 Lexington Avenue, New York, NY 10174, Attention: Marc E. Richards, Esquire; (iii) Blank Rome LLP, One Logan Square, Philadelphia, PA 19103, Attention: Ronald Fisher, Esquire; (iv) counsel for the Committee, Reed Smith LLP, 435 Sixth Avenue, Pittsburgh, PA 15219, Attention: Eric Schaffer, Esquire; (v) Reed Smith LLP, 2500 One Liberty Place, 1650 Market Street, Philadelphia, PA 19103, Attention: Claudia Z. Springer, Esquire; (vi) financial advisors to Debtor, Lazard LLC, 30 Rockefeller Plaza, New York, NY 10020, Attention: J. Blake O'Dowd, Managing Director; (vi) counsel for the Buyer, McGuireWoods LLP, One James Center, 901 East Cary Street, Richmond, Virginia 23219-4030; Attention: Dion W. Hayes, Esquire; and (vii) counsel for Buyer, Dominion Energy New England, Inc., 120 Tredegar Street, Richmond, Virginia 23219; Attention: Rudolph Bumgardner, IV, Managing Counsel.

iv. No Conditions. Any bid must not be subject to financing, due diligence, acquisition of any Excluded Asset, the assignment of any executory contract other than the Assigned Contracts and Leases or any other condition or contingency less favorable to Seller than those set forth in the Purchase Agreement, as determined by Seller in its reasonable discretion after detailed consultation with the Committee.

v. Initial Overbid. An initial overbid for all or a portion of the Transferred Assets and the assumption of all or a portion of the Assumed Liabilities must meet the requirements of a Superior Offer (as defined in the Purchase Agreement, hereinafter, "Initial Overbid").

vi. Qualified Bid. Only a bid submitted by a Qualified Bidder that meets the requirements set forth in this section (b) shall be considered a "Qualified Bid."

vii. Bankruptcy Court Approval. All bids, including that of Buyer (whether through the Purchase Agreement or otherwise) shall be subject to the approval of the Bankruptcy Court.

3. Due Diligence.

(a) Diligence and Confidentiality Agreement. Qualified Bidders will be provided with a Confidential Information Memorandum. Seller has established a "data room" containing "due diligence" information and documents related to Seller's businesses and assets as well as the Assigned Contracts and Leases and Assumed Liabilities. Seller will provide each Qualified Bidder compact discs containing the information and documents contained in the data room. Seller will designate an employee or other representative to coordinate all reasonable requests for additional information and due diligence access from Qualified Bidders. Any additional due diligence will not continue after the Bid Deadline. Buyer may continue due diligence, including the submission of supplemental requests, up and until the Bid Deadline. Seller, its affiliates or any of its respective representatives are not obligated to furnish any information to any person except a Qualified Bidder. Any information and documents provided by the Debtor to any Qualified Bidder shall be promptly and, where possible, contemporaneously provided to all Qualified Bidders. Any Qualified Bidder who desires to conduct due diligence should contact Lazard LLC, 30 Rockefeller Center, New York, New York 10020, (212) 632-6000, Attention: J. Blake O'Dowd, financial advisors to Seller, for the due diligence procedures.

4. Auction. If any Qualified Bids are submitted for all or substantially all of the Transferred Assets, the Debtor shall conduct an auction (the "Auction") of the Transferred Assets on November 15, 2004 (the "Auction Date") at 12:00 p.m. (EST) at the offices of Blank Rome, The Chrysler Building, 405 Lexington Avenue, New York, NY 10174 at which time only those Qualified Bidders that have timely submitted Qualified Bids shall be entitled to participate as bidders. At the Auction, bidding shall begin with the highest Qualified Bid(s) and continue in increments of $5,000,000.00 and shall not conclude until each participating Qualified Bidder has had the opportunity to submit any additional Qualified Bid(s) with full knowledge of the existing highest bid for the Transferred Assets. Debtor may accept (in its discretion) two or more lot bids for the Transferred Assets in lieu of a bulk bid if the aggregate amount of the accepted lot bids exceeds the highest bulk bid and the terms and conditions of the accepted lot bids, in the aggregate, are no less favorable to Seller than the terms and conditions of the highest bulk bid, as determined in the Seller's discretion, upon detailed consultation with the Committee. At the conclusion of the bidding, the Debtor, after detailed consultation with its advisors and the Committee, shall announce its determination as to the Qualified Bidder(s) (the "Successful Bidder(s)") submitting the highest or best bid(s) for the Transferred Assets (the "Successful Bid(s)"). The Successful Bid(s) may be submitted to the Court for approval at the Sale Hearing; provided, however, that in order for its bid to be deemed a Successful Bid, the Successful Bidder must remit to the Debtor, by previously wired funds which have been received by the Debtor, the funds necessary to increase its Deposit by an amount equal to five percent (5%) of the additional bid increment or thereafter be disqualified and the Debtor then shall announce the new Successful Bidder(s) for the Transferred Assets (or portion thereof), subject to the same requirements.

5. Acceptance of Qualified Bids. The Debtor shall not be deemed to have accepted any bid, including the Successful Bid(s), until the bid has been approved by the Bankruptcy Court at the Sale Hearing. Following Bankruptcy Court approval of the Successful Bid(s), all Deposits made with the Debtors by bidders other than the Successful Bidder(s) shall be returned to the person or entity having made such Deposit in accordance with the terms of the Procedures Order approved by the Court.

6. Right to Reject Bids. The Debtor may at any time before entry of an order of the Bankruptcy Court approving a Successful Bid, reject any bid that, in the Debtor's discretion, after detailed consultation with the Committee, is deemed (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bidding Procedures, or the terms and conditions of the Sale, or (iii) contrary to the best interests of the Debtor, its estate and its creditors.

7. Failure to Consummate Sale. If any Successful Bidder fails to close the Sale in accordance with the terms of the purchase agreement relating to the Transferred Assets that the Successful Bidder has executed, it shall forfeit its Deposit (unless otherwise specifically provided in such purchase agreement) and the Transferred Assets to be purchased by such Successful Bidder shall be sold to the Qualified Bidder submitting the next highest bid for such Transferred Assets which is able to close in accordance with the terms of the Bidding Procedures Order and the Purchase Agreement that such Qualified Bidder has executed.

8. Adjournment of Sale Hearing; Review of Documents; Further Information. The Sale Hearing may be adjourned from time to time without further notice other than by announcement of the adjournment in Court or on the Court's calendar on the date scheduled for the Sale Hearing or any adjourned date. The Motion and supporting papers, including the Purchase Agreement (and schedules attached thereto), may be obtained for examination or copying from the Clerk of the Court, United States Bankruptcy Court, 6500 Cherrywood Lane, Third Floor, Greenbelt, MD 20770, during normal business hours (8:30 a.m. to 4:30 p.m., Monday through Friday (except legal holidays)), or by written request to the Debtor's counsel, Blank Rome LLP, The Chrysler Building, 405 Lexington Avenue, New York, NY 10174 (Attn: Marc E. Richards). Any party wishing to obtain further information about the Transferred Assets should contact the Debtor's financial advisor, Lazard LLC, 30 Rockefeller Plaza, New York, NY 10020, Attention: J. Blake O'Dowd, Managing Director or by telephone at (212) 632-1420.

Dated: October 8, 2004

**BLANK ROME LLP**

| | | |
|---|---|---|
| /s/ John Lucian<br>John Lucian<br>(Federal Bar No. 14096)<br>250 W. Pratt St, Suite 2201<br>Baltimore, Maryland 21201<br>(410) 659-3945<br>(410) 986-2706 (fax)<br>Lucian@blankrome.com | -and- | Marc E. Richards<br>Ronald Fisher<br>Joel C. Shapiro<br>The Chrysler Building<br>405 Lexington Avenue<br>New York, New York 10174<br>(212) 885-5000 |

SECTION D
MONDAY, OCTOBER 18, 2004
MORE FOR YOUR MONEY
CLASSIFIED: JOBS, CARS, HOMES
MORTGAGE RATES Rates fall, erasing most of the previous week's big increase.
D2