UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL CORVELLO, et al.,<br>KEVIN BURNS, et al.,<br>COLLEEN BIGELOW, et al., and<br>SHEILA REIS, et al.<br><br>Plaintiffs<br>v.<br><br>NEW ENGLAND GAS COMPANY<br><br>Defendant and Third Party Plaintiff,<br>v.<br><br>BRIDGESTONE FIRESTONE NORTH<br>AMERICAN TIRE, LLC, et al.<br><br>Third Party Defendants. | Case Numbers: 05-221T (Lead Case)<br>(Related and Consolidated cases:<br>05-274T; 05-370T, 05-522T) |

**NEW ENGLAND GAS COMPANY'S OPPOSITION**
**TO PLAINTIFFS' MOTION TO COMPEL**

New England Gas Company ("NEGasCo"), an unincorporated division of Southern Union Company ("Southern Union"), objects to the Plaintiffs' Motion to Compel and Request for Expedited Hearing. Plaintiffs' ill-conceived motion should be denied.

Plaintiffs have demanded the right to enter NEGasCo's land located at Charles and Bay Streets in Fall River, Massachusetts (the "Property") to take and analyze soil samples. NEGasCo agreed and proceeded to work out a reasonable access agreement. These agreements routinely provide that the analytical results from the analyses will be shared with all parties. Plaintiffs, however, have refused to abide by this protocol, and instead now demand the unilateral right to determine whether they will disclose the analytical results to NEGasCo and the third parties. In other words, plaintiffs intend to disclose the evidence they like, and hide the evidence they do not like. Plaintiffs do not have the right to hide evidence extracted from NEGasCo's property. If

plaintiffs choose to gather such evidence, they must make it available to all parties. The Court should deny plaintiffs' motion.

## ARGUMENT

Factual data is not protected from discovery. *See Upjohn v. United States*, 499 U.S. 383, 395-96 (1981); *Horan v. Sun Co., Inc.*, 152 F.R.D. 437, 439 (D.R.I. 1993). As courts have routinely held, the scientific raw data of the type to be generated here is factual in nature and therefore discoverable. *See, e.g., Arkansas Game and Fish Comm'n*, 74 Fed. Cl. at 430 (finding unevaluated data from water level testing is part of fact discovery and discoverable); *Southern Scrap Material Co. v. Fleming*, 2003 WL 21474516, at *17 (E.D. La. June 18, 2003) (holding that unannotated data, test results and graphic displays of sample test results from air, water, soil and attic dust samples are "factual matters" and "fully discoverable"); *In re E.I. Du Pont De Nemours & Co. Benlate Litig.*, 918 F. Supp. 1524, 1548 (M.D. Ga. 1995), *rev'd on other grounds*, 99 F.3d 363, 373 (11th Cir. 1996) (noting that test results and data for fungicide contamination were "facts . . . not protected by any privilege"); *see also Horan*, 152 F.R.D. at 439 (finding that environmental test results contain "relevant, non-privileged facts").

Indeed, factual data is fully discoverable even where technicians or scientists are required to procure the data. *See, e.g., Loctite v. Fel-Pro, Inc.*, 667 F.2d 577, 582 (7th Cir. 1981) (rejecting attempts to shelter highly technical test results by privilege); *Arkansas Game and Fish Comm'n v. United States*, 74 Fed. Cl. 426, 430 (2006) (recognizing that involving experts in testing "does not transform" a fact-related request to work-product). In fact, "[t]here are few, if any, conceivable circumstances where a scientist or engineer employed to gather data should be considered an agent within the scope of the privilege since the information collected will

generally be factual." *United States Postal Serv. v. Phelps Dodge Refining Corp.*, 852 F. Supp. 156, 162 (E.D.N.Y. 1994).

Plaintiffs wrongly contend that any test results or data generated from soil samples are shielded from discovery by the attorney work-product doctrine. The discovery plaintiffs seek is purely factual in nature and, therefore, cannot be protected by the work product doctrine. Moreover, NEGasCo asks only that plaintiffs provide the fact-based, data and test results, not any expert work-product opinion or legal analysis of the data. *See Southern Scrap*, 2003 WL 21474516, at *17. The work-product doctrine is not triggered by the proposed sampling, and the most recent draft of the Access Agreement proposed by NEGasCo under which plaintiffs will share test results with NEGasCo reflects this precise understanding. *See* Plaintiffs' Motion, Attachment A ¶ 14.[1]

Moreover, the plaintiffs seek soil sample discovery pursuant to Rule 34(a)(2), which expressly "permit[s] entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property." Fed. R. Civ. P. 34(a)(2). This is fact discovery, pure and simple: "As the plain language of [Rule] 34(a)(2) taken in context with that of [Rule] 26(a)-(b) shows, an entry upon the property of another party for testing and sampling manifestly constitutes fact discovery." *Arkansas Game and Fish Comm'n*, 74 Fed. Cl. at 431. The work-product doctrine is not implicated here.

---

[1] It is worth noting that the language plaintiffs find objectionable is lifted almost directly from the Code of Massachusetts Regulations relating to environmental protection and, indeed, expressly references the relevant sections of the Massachusetts Code. In pertinent part, 310 C.M.R. 40.143(10), like the proposed Access Agreement, merely provides that where "environmental samples are taken at a property," the "results of the sample analyses and any other documentation" shall be provided to the property owner within 15 days of the date the sample results are issued. *Compare* 310 C.M.R. 40.143(10) *to* Attachment A ¶14. This is unremarkable language. Plaintiffs should not object to what is simply routine practice in the environmental context.

The Federal Claims Court's decision in *Arkansas Game and Fish Commission* is particularly instructive. In that case, the government sought to install a series of piezometers on the Commission's property to measure water levels under Rule 34(a)(2), the same rule plaintiffs invoke in the case at bar, arguing that its efforts constituted "expert discovery" and thus were not barred by the prior expiration of the time for fact discovery. *See id*. at 429-30. The Commission resisted discovery and successfully argued that the government's motion to compel installation of the piezometers simply represented more fact discovery. *See id*. at 431. As in the case at bar, the court found significant that to the extent "experts are indeed involved in the test," the party seeking discovery is "not calling for their 'opinions held' – [*i.e.*,] their conclusions from the test results." *Id*. at 430 (quoting *Eirhart v. Libbey-Owens-Ford Co.*, 93 F.R.D. 370, 371-72 (N.D. Ill. 1981) (permitting observation of a special production line test)). Thus, the data generated from the water sampling were not shielded from discovery by the work product doctrine but instead were found to "manifestly constitute[] fact discovery." *Id*. at 431.

This Court should reach a similar conclusion. The results from soil samples that NEGasCo wants to be assured of receiving are nothing more than what the Federal Claims Court found to be "manifestly fact discovery" in *Arkansas Fish & Game Commission*. Thus, the shifting burdens under Fed. R. Civ. P. 26 and NEGasCo's ability or inability to demonstrate "exceptional circumstances" that plaintiffs invite this Court to analyze are entirely irrelevant to the issue at hand. So too is the fact that plaintiffs have offered NEGasCo the opportunity to take split samples of all samples collected by plaintiffs.[2]

---

2 The split samples plaintiffs propose hardly "fully preserve[]" NEGasCo's rights, as plaintiffs contend. Plaintiffs' Motion ¶ 5. The split samples will not provide identical data as the soil will not be truly identical. Thus, the parties will be left to dispute the accuracy of the results. This future dispute can be avoided entirely by supplying NEGasCo with the results.

Plaintiffs can not evade their discovery obligation simply by inviting NEGasCo to conduct its own tests from soil samples. If plaintiffs elect through the discovery process to uncover the "facts," then NEGasCo and the other parties are entitled to disclosure of these "facts." Fundamentally, "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Why would this Court, or any other court, permit plaintiffs to hide evidence developed through discovery that does not support their case? If this evidence is not produced, plaintiffs could later present other evidence or even expert opinions that this undisclosed evidence disproves. Justice is not served by such self-serving and shadowy tactics. If plaintiffs believe that this sampling is relevant to this dispute, then so are the results. Relevant evidence is subject to discovery, even if plaintiffs spend some time and treasure obtaining that evidence. *See* Fed. R. Civ. P. 26(b)(1). [3]

In short, NEGasCo is entitled to complete factual discovery. Plaintiffs should not be allowed to pick and choose the facts they choose to disclose. Plainly, to the extent NEGasCo runs its own tests from the split samples, it will provide its reciprocal information to plaintiffs. The Court should leave both parties armed with the "mutual knowledge" of identical factual discovery that is essential to "proper litigation." *Hickman*, 329 U.S. at 507.

Therefore, this Court should deny plaintiffs' Motion to Compel and instead order plaintiffs to provide its test data from soil samples it proposes to take prior to gaining access to NEGasCo's property as set forth in the draft access agreement.

---

[3] The Plaintiffs' argument is akin to their serving a third-party subpoena and then disclosing to NEGasCo only those documents plaintiffs obtained from the third-party that plaintiffs chose to rely upon. Thankfully, the Federal Rules don't work that way. The objective information obtained from discovery must be shared, as the test results must be shared here.

## **CONCLUSION**

Based on the foregoing, NEGasCo respectfully requests that the Court deny Plaintiffs' Motion to Compel.

NEW ENGLAND GAS COMPANY

*/s/ Robin L. Main*
Gerald J. Petros (#2931)
Robin L. Main (#4222)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax (401) 277-9600
rmain@haslaw.com

Dated: December 20, 2007

# CERTIFICATE OF SERVICE

To:
Notification via CMECF:

Gregory L. Benik - gbenik@jreri.com

David A. Cetola - dcetola@mcrobertslaw.com

Brian R. Cunha – brian@briancunha.com

Christina C. Dodds - CDodds@bishoplondon.com

Susan B. Forcier - susan.wilson@dem.ri.gov

Eric D. Herschmann - eherschmann@kasowitz.com

Robin-Lee Main - rmain@haslaw.com, sjfoster@haslaw.com

John J. McConnell, Jr. - jmcconnell@motleyrice.com

Robert J. McConnell - bmcconnell@motleyrice.com

Michael D Mitchell - mmitchell@admin.ri.gov

Charles K. Mone – cmone@campbell-trial-lawyers.com

Jonathan D Orent - jorent@motleyrice.com

Gerald J. Petros - gpetros@haslaw.com, clomas@haslaw.com

Russell X Pollack – rpollack@campbell-trial-lawyers.com

Paul Revere, III – revereiii@aol.com

Mark W. Roberts - mroberts@mcrobertslaw.com

David E. Ross - dross@kasowitz.com

Paul M. Sanford - psanford@burnslev.com, scook@burnslev.com

Anthony J. Sbarra, Jr. - asbarra@campbell-trial-lawyers.com

Gregory S. Schultz - gregory.schultz@dem.ri.gov

Kristen W. Sherman - ksherman@apslaw.com, afontaine@apslaw.com, btallman@apslaw.com

Aileen L. Sprague - asprague@motleyrice.com

Heather Spurlock Kennealy - hskennealy@mcrobertslaw.com

John A. Tarantino - jtarantino@apslaw.com, dhumm@apslaw.com

Bruce Gregory Tucker - btucker@legalmgt.com

Brian A. Wagner - brian.wagner@dem.ri.gov

Lewis S. Wiener - lewis.wiener@sablaw.com

David A. Wollin - dwollin@apslaw.com, dciuffetelli@apslaw.com, epickett@apslaw.com

Notification via first class mail:

Michael D. Mitchell, Esq.
Deputy Chief of Legal Services
R.I. Department of Administration
Division of Legal Services
One Capitol Hill
Providence, RI 02903

Susan B. Wilson
RI Department of Environmental Management
235 Promenade Street, 4th Floor
Providence, RI 02908

Neil T. Leifer
Thornton & Naumes LLP
100 Summer Street
Boston, MA 02110

Lewis S. Wiener
Sutherland, Asbill & Brennan LLP
1375 Pennsylvania Avenue, NW
Washington, DC 20004-2415

Robert J. McConnell
Motley Rice LLC
321 South Main Street, 2nd Floor
Providence, RI 02903

Christina C. Dodds
Bishop London Brophy Dodds, P.C.
3701 Bee Cave Road
Austin, TX 78746

Seth Davis
Eric D. Herschmann
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019

I hereby certify that on December 20, 2007, a copy of the foregoing New England Gas Co., Inc.'s Opposition to Plaintiffs' Motion to Compel was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing.

/s/ Robin L. Main
Robin L. Main