UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>NEW ENGLAND GAS COMPANY, INC.,<br><br>*Defendant and Third-Party Plaintiff,*<br><br>v.<br><br>BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC; BRIDGESTONE AMERICAN HOLDINGS, INC.; HONEYWELL INTERNATIONAL, INC.; TOWN OF TIVERTON; GULF OIL CORPORATION; INLAND FUEL TERMINALS, INC.; DOMINION RESOURCES, INC.; DOMINION ENERGY BRAYTON POINT LLC, and THE CITY OF FALL RIVER<br><br>*Third-Party Defendants.* | C.A. No. 05-221T<br>(Consolidated case nos: 05-274T, 05- 370T, 05-522T) |

**<u>PLAINTIFFS' REPLY TO DEFENDANT NEW ENGLAND GAS COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL</u>**

Plaintiffs hereby reply to New England Gas Company's ("NEG") Opposition to Plaintiffs' Motion to Compel and state that the data collected on NEG's land is not discoverable because 1) the data is attorney work product and 2) NEG cannot demonstrate that it cannot obtain the substantial equivalent. In support of their reply, the Plaintiffs submit the following memorandum of law:

<u>MEMORANDUM</u>

1. On December 14, 2007, the Plaintiffs filed their Motion to Compel NEG to permit the Plaintiffs and/or their agents to enter upon land located at Charles and Bay Streets in Fall River, Massachusetts ("Property") to investigate the Property, and collect and analyze one or more samples of the soil and groundwater at the Property.

2. In support of their Motion, the Plaintiffs stated the following:

a. NEG refused to permit access to the Property unless the Plaintiffs provided it with any analytical results from samples taken on the Property.
b. Plaintiffs refused this precondition because such test results are work product and not discoverable unless NEG demonstrates "exceptional circumstances" under Fed. R. Civ. P. 26(b)(4)(A)(ii).
c. Plaintiffs offered to permit NEG to take a sample of any samples taken by the Plaintiffs for its own independent analysis. Since NEG will be afforded the right to take split samples of a samples by the Plaintiffs, NEG can obtain the same facts and results if it conducts its own analysis. Therefore, NEG cannot demonstrate the "exceptional circumstances" burden.

3. In its Opposition to the Plaintiffs Motion to Compel, NEG argued that, according to Arkansas Game and Fish Comm'n v. United States, 74 Fed. Cl. 426, 430-431 (2006) ("Arkansas Game"), the raw data generated here is factual in nature and therefore discoverable.

4. However, Fed. R. Civ. P. 34(a)(2) states:

> A party may serve on any other party a request *within the scope of Rule 26(b)*: (2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it. (emphasis added).

5. Accordingly, under Fed. R. Civ. P. 26(b)(3)(A)(ii), a party may not discover tangible things prepared in "anticipation of litigation" unless the party can show it has a "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."

6. In this case, NEG can clearly obtain the "substantial equivalent" of the Plaintiffs' soil data because the Plaintiffs are affording NEG the opportunity to take split samples of the samples by the Plaintiffs. The Plaintiffs have offered to follow established protocols for creating a homogenized sample of the soil collected from each boring and splitting the homogenized soil samples with NEG. NEG has ample time before the discovery period ends to conduct a full investigation of the soil on its own Property and retain experts if necessary. The creation of homogenized samples virtually eliminates the risks of substantially different results cited by NEG during oral argument on this motion.

7. While Arkansas Game held that in that case, data generated from sampling under a Rule 34(a)(2) entry constituted fact as opposed to expert discovery, there are significant distinctions in the instant case. In the Arkansas Game case, the discovery period had ended and to require collection of similar data would have unduely delayed the resolution of the case. In an effort to avoid the need for the opposing party to conduct a full-scale investigation of its own, the court allowed the opposing party to discover the raw data. Unlike in Arkansas Game, NEG unequivocally can obtain the substantial equivalent data as the Plaintiffs' are proposing to split the homogenized soil samples they collect. The reason that NEG seeks the raw test results prior to the disclosure of Plaintiffs' experts is

to determine what tests the Plaintiffs and their experts choose to run to analyze the samples to obtain the Plaintiffs work product, mental impressions and trial strategy.

8. Additionally, NEG argues that according to the Massachusetts Contingency Plan ("MCP") (310 CMR 40.0000, et seq.),[1] the results of environmental samples taken at a property shall be turned over to the property owner within 15 days. While NEG correctly quotes the MCP, it incorrectly applies the MCP to this case. This provision of the MCP covers the investigation and remediation of releases that are migrating on to third-party properties and is not applicable to investigating a historic industrial site such as the NEG Charles Street facility. Testing is routinely conducted in the course of real estate transactions that is never disclosed. Likewise, the Plaintiffs are testing the soil at the Property in the *context of litigation*, not the investigation and remediation of a release of hazardous substances. The Plaintiffs intend to conduct forensics testing to evaluate a variety of factors about the soil collected from the NEG facility. Knowing that NEG will have access to all raw data generated will chill Plaintiffs' experts testing for fear of generating ambiguous or neutral data. Plainitffs should be able to fully evaluate the soil collected and utilize the data generated or not, as NEG has an equal opportunity to test the soil as it choses.

9. As the court pointed out in Southern Scrap Material Co. v. Fleming, 2003 WL 21474516, at *6 (E.D. La. June 18, 2003), the law is well settled that materials which are assembled in the ordinary course of business or pursuant to public requirements unrelated to litigation are not privileged under the work product doctrine. Conversely, data generated from the soil sampling at the Property *is* attorney work product because it would is not generated in the ordinary course of business or pursuant to state and/or federal laws and regulations. See id.

Wherefore, Plaintiffs respectfully request the right to go on to the NEG property, collect, homogenizedite and split samples with the Defendant and then produce the data relied upon by their experts with their expert reports.

Dated: December 24, 2007

Respectfully submitted,

PLAINTIFFS,
By and through their attorneys,

*/s/ Robert J. McConnell*

Robert J. McConnell (#3888)
Jonathan D. Orent (#7408)
**MOTLEY RICE, LLC**
321 South Main Street
Providence, RI 02940
(401) 457-7700

[1] The parties have incorporated aspects of the MCP in the proposed Access Agreement.

*/s/ Neil T. Leifer*
David C. Strouss
Neil T. Leifer
Brad J. Mitchell
**THORNTON & NAUMES, LLP**
100 Summer Street, 30th Floor
Boston, MA 02110
(617) 720-1333

*/s/ Mark W. Roberts*
Mark W. Roberts
**MCROBERTS, ROBERTS AND RAINER, LLP**
53 State Street
Boston, MA 02109
(617)-722-8222
(617)-720-2320 Fax


## CERTIFICATION

; was completed electronically via the ECF system on November 19, 2007 pursuant to Fed.R.Civ.P. 5(b)(2)(D) and §10(b) of Admin. Order 2006-01.

*/s/ Mark W. Roberts*
Mark W. Roberts

**Plaintiffs' Counsel**

Paul Revere, III
Law Offices of Paul Revere, III

Brian R. Cunha
Law Offices of Brian Cunha & Associates

226 River View Lane
Centerville, MA 02632
RevereIII@aol.com

311 Pine Street
Fall River, MA 02720
brian@briancunha.com

Richard J. Zabbo, Esq.
Ratcliffe Burke Harten & Elias LLP
160 Financial Plaza
Providence, RI 02903
rzabbo@rbhelaw.com

**Southern Union**

David A. Wollin, Esq.
Adler Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
dwollin@apslaw.com

John Tarantino, Esq.
Adler Pollock & Sheehan, P.C.
175 Federal Street, 10th Floor
Boston, MA 02110
jtarantino@apslaw.com

Kristen W. Sherman
Adler Pollock & Sheehan P.C.
One Citizens Plaza
8th Floor
Providence, RI 02903
Email: ksherman@apslaw.com

David E. Ross, Esq.
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019
dross@kasowitz.com

Seth Davis
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019

Eric D. Herschmann
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019
Email: eherschmann@kasowitz.com

Noelle Kowalczyk
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019

Gerald J. Petros
Hinckley, Allen & Snyder
50 Kennedy Plaza
Suite 1500
Providence, RI 02903
Email: gpetros@haslaw.com

Robin-Lee Main
Hinckley Allen & Snyder
50 Kennedy Plaza
Suite 1500
Providence, RI 02903-0819
Email: rmain@haslaw.com

Christina C. Dodds
Bishop London Brophy Dodds, P.C.
3701 Bee Cave Road
Austin, TX 78746
Email: CDodds@bishoplondon.com

Noelle Kowalczyk
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019

**INTERESTED PARTIES:**

**RIDEM**

Lewis S. Wiener, Esq.
Sutherland, Asbill & Brennan LLP
1375 Pennsylvania Ave, NW
Washington, DC 20004-2415
Email: lewis.wiener@sablaw.com

Patty Allison Fairweather, Esq.
Executive Counsel
State of Rhode Island
Department of Environmental Management
Office of Legal Services
235 Promenade Street
Providence, RI 02908-5767
patty.fairweather@dem.ri.gov

Gerald J. Pels, Esq.
Sutherland, Asbill & Brennan, LLP
2 Houston Center
909 Fannin, Suite 2200
Houston, TX 77010
gerry.pels@sablaw.com

Gregory S. Schultz, Esq.
Legal Counsel
State of Rhode Island
Department of Environmental Management
Office of Legal Services
235 Promenade Street
Providence, RI 02908-5767
gregory.schultz@dem.ri.gov

Susan B. Forcier
R.I. Department of Environmental Mngt.
Office of Legal Services
235 Promenade Street
Fourth Floor
Providence, RI 02908
Email: susan.wilson@dem.ri.gov

Brian A. Wagner
RI Department of Environmental Management
Office of Legal Services
235 Promenade Street, 4th Floor
Providence, RI 02908
Email: brian.wagner@dem.ri.gov

**RI Governor Donald L. Carcieri**

Matthew B. Smith
Matthew B. Smith, Esq., Attorney At Law
1206 Westminster St.
Providence, RI 02909

Michael D Mitchell, Esq.
Department of Administration
One Capitol Hill
Providence, RI 02908
Email: mmitchell@admin.ri.gov

Email: matthew@verdecchialaw.com

**THIRD PARTY DEFENDANTS**

Gulf Oil Corporation

Bruce Gregory Tucker, Esq.
55 Hammarlund Way
Middletown, RI 02842
401-843-8400/ Fax: 401-843-8401
Email: btucker@legalmgt.com

Gulf Oil Corp

David B. Willis, Esq.
Legal Management Services, LLC
55 Hammarlund Way
Middletown, RI 02842

Gulf Oil Corporation

David A. Crichlow
Pillsbury Winthrop Shaw Pittman, LLP
1540 Broadway
New York, New York 10036

Gulf Oil Corporation

David M. Goldberg
Pillsbury Winthrop Shaw Pittman, LLP
1540 Broadway
New York, New York 10036

Bridgestone Firestone North American Tire, LLC; Bridgestone Americas Holdings, Inc.:

Benjamin V. White, III Esq.
Kimberly A. Simpson, Esq.
Vetter & White Inc.
20 Washington Place
Providence, RI 02903
Tel: 401-421-3060/Fax: 401-272-6803
bwhite@vetterandwhite.com
ksimpson@vetterandwhite.com

Honeywell International, Inc

Gregory L. Benik, Esq.
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
401-454-1025/Fax: 401-454-1030
Email: gbenik@nixonpeabody.com

Bridgestone Firestone North American Tire, LLC; Bridgestone Americas Holdings, Inc.:

William David Wick
Wactor & Wick LLP
180 Grand Avenue
Suite 950
Oakland, CA 94612

Inland Fuel Terminals, Inc

Paul M. Sanford, Esq.
Burns & Levinson LLP
One Citizens Plaza, Suite 1100

Inland Fuel Terminals, Inc.

Christopher P. McCormack, Esq.
PULLMAN & COMLEY, LLC
850 Main Street P.O. Box 7006

Providence, RI 02903
Email: psanford@burnslev.com

Town of Tiverton:

Jeanne M. Scott
URSILLO, TEITZ & RITCH, Ltd.
2 Williams Street
Providence, RI 02903
Email: Jeannescott@utrlaw.com

City of Fall River:

Thomas F. McGuire, Jr.
City of Fall River
Corporation Counsel
1 Government Center, 6th Floor
Fall River, MA 02722

Thomas F. McGuire, Jr.
LAW OFFICES OF MCGUIRE & COUGHLIN, P.C.
The Academy Building
70 South Main Street
P.O. Box 1187
Fall River, MA 02722-1187
Tmcguire@meganet.net

Bridgeport, CT 06601-7006
Email: cmccormack@pullcom.com

Dominion Resources, Inc
Dominion Energy Brayton Point LLC :

Craig R. Waksler, Esq.
Taylor Duane Barton and Gilman, LLP
10 Dorrance Street, Ste 700
Providence, RI 02903

Dominion Resources, Inc
Dominion Energy Brayton Point LLC :

Christian B.W. Stephens, Esq.
Taylor Duane Barton and Gilman, LLP
10 Dorrance Street, Ste 700
Providence, RI 02903

Dominion Resources, Inc
Dominion Energy Brayton Point LLC :

Andrew G. Mauck
Troutman Sanders LLP
P.O. Box 1122
1001 Halifax Point
Richmond, VA 23208