UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL, JOHN D. and JOHN F. CORVELLO, et al., Plaintiffs, vs. NEW ENGLAND GAS COMPANY, Defendant. | C.A. No. 05-0221T (Related Cases: 05-274T; 05-370T; 05-522T) |

**NEW ENGLAND GAS COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFF GAIL CORVELLO'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Defendant New England Gas Company ("NEGasCo") hereby responds to Gail Corvello's First Set of Interrogatories as set forth below.

NEGasCo reserves all objections as to the admissibility at trial of any response hereto. NEGasCo's responses to these Interrogatories do not constitute admissions of any kind including that any Interrogatory is relevant to the subject matter of the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. NEGasCo reserves the right to object to further inquiry including with regard to any subject matter. All responses to these Interrogatories are provided for use in this litigation and for no other purpose.

NEGasCo's Responses represent NEGasCo's knowledge as of the date hereof. NEGasCo's own investigation is continuing, however, and NEGasCo reserves the right to supplement, alter and/or amend its responses as necessary or appropriate including prior to, during or after trial.

**Definition No. 7**: The term "Waste Materials" shall mean any liquid or solid substance produced as a result of the coal gasification process including but not limited to ashes, cinders, filter materials, lead, arsenic, cyanide and other hazardous substances that do not qualify as residuals defined above.

**Response to Definition No. 7**: NEGasCo objects to Definition No. 7 because the definition is overly broad, vague, internally contradictory, and ambiguous.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

Subject to, and incorporating the foregoing, NEGasCo responds and objects as follows:

**Interrogatory No. 1:** Please identify each and every person, other than your attorney(s), who contributed to the answers to these interrogatories including their title/position and the interrogatories to which they specifically contributed.

**Response to Interrogatory No. 1**: Dennis Morgan.

**Interrogatory No. 2:** Please identify the years between 1880 and 1960 during which the Defendant engaged in the coal gasification process at each of the Facilities, and please provide the following:

a. A detailed description of which type of coal gasification process [that] was utilized at each facility and during which time periods, specifying each substantive step in the coal gasification process and all Waste Materials and/or Residuals produced;

b. If there was a substantive change in process used at either of the Facilities that change the nature or amount of Waste Materials and/or

Residuals produced please specify what that change entailed and when it took place;

c. A detailed description of the location Waste Materials and/or Residuals identified in Answer No. 2 (a) & (b) from the coal gasification process were stored, collected, or disposed of at each Facility, using a map of the facility if necessary to provide an accurate description.

**Response to Interrogatory No. 2**: NEGasCo objects to this interrogatory because the interrogatory is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. See also NEGasCo's Response to Definitions No. 1, 4, 6 and 7. Moreover, this interrogatory is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Subject to and without waiver of the foregoing General Objections and other objections, NEGasCo responds as follows: The Charles Street Plant's primary operations from about 1916 to about 1953 was as a manufactured gas plant. After 1953, the Charles Street Plant produced manufactured gas on an extremely limited basis. In accordance with Rule 33(d) of the Federal Rules of Civil Procedure, NEGasCo has already produced and will continue to produce non-privileged documents of the Fall River Gas Company from which additional responsive information, to the extent it exists, may be obtained.

**Interrogatory No. 3:** Identify for all Waste Materials and Residuals identified in Answer No. 2 (a) and (b) produced during the coal gasification process(es) operated at the Facilities:

a. The dates when such Waste Material and/or Residual was produced;

b. Whether any inspection or testing was performed of the Waste Material and/or Residual prior to disposal or transport and, if so, what documents were produced as a result of such investigation or testing;

c. Whether such Waste Material and/or Residual was disposed of on-site; and/or transported off-site for disposal or use.

**Response to Interrogatory No. 3**: NEGasCo objects to this interrogatory because the interrogatory is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. See also NEGasCo's Response to Definitions No. 1, 4, 6 and 7. This interrogatory is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Additionally, this interrogatory seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited and, is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: In accordance with Rule 33(d) of the Federal Rules of Civil Procedure, NEGasCo has already produced and will continue to produce non-privileged documents of the Fall River Gas Company from which such information, to the extent it exists, may be obtained.

"Residuals" have been deposited and, is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: In accordance with Rule 33(d) of the Federal Rules of Civil Procedure, NEGasCo has already produced and will continue to produce non-privileged documents of the Fall River Gas Company from which such information, to the extent it exists, may be obtained.

**Interrogatory No. 6:** Identify any and all sources of coal for each Facility. For each Facility state the identity of each mine, the name and business address of each supplying company, and all documents relating to acquiring coal from these sources.

**Response to Interrogatory No. 6:** NEGasCo objects to this interrogatory because the interrogatory is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence, and because it is promulgated for purposes of harassment rather than as a valid means of obtaining relevant, discoverable information. This interrogatory is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. This interrogatory is also vague and fails to define the term "sources" which has multiple meanings. See also NEGasCo's Response to Definition No. 4. Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: In accordance with Rule 33(d) of the Federal Rules of Civil Procedure, NEGasCo has already produced and will continue to produce non-privileged documents of the Fall River Gas Company from which such information, to the extent it exists, may be obtained.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| GAIL, JOHN D. and JOHN F. CORVELLO, et al.,<br>Plaintiffs,<br>vs.<br>NEW ENGLAND GAS COMPANY,<br>Defendant. | C.A. No. 05-0221T<br>(Related Cases: 05-274T; 05-370T; 05-522T) |

**NEW ENGLAND GAS COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFF GARY P. ROSE'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Defendant New England Gas Company ("NEGasCo") hereby responds to Gary P. Rose's First Set of Interrogatories as set forth below.

NEGasCo reserves all objections as to the admissibility at trial of any response hereto. NEGasCo's responses to these Interrogatories do not constitute admissions of any kind including that any Interrogatory is relevant to the subject matter of the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. NEGasCo reserves the right to object to further inquiry including with regard to any subject matter. All responses to these Interrogatories are provided for use in this litigation and for no other purpose.

NEGasCo's Responses represent NEGasCo's knowledge as of the date hereof. NEGasCo's own investigation is continuing, however, and NEGasCo reserves the right to supplement, alter and/or amend its responses as necessary or appropriate including prior to, during or after trial.

**Interrogatory No. 6:** Identify any warnings adopted by and/or prescribed and/or utilized by Defendant between 1880 and 1960 for employees or contractors who came into contact with Waste Materials and/or Residuals at each of the Facilities.

**Response to Interrogatory No. 6:** NEGasCo objects to this interrogatory because the interrogatory is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. See also NEGasCo's Response to Definitions No. 3, 5 and 6. Moreover, this interrogatory is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Additionally, this interrogatory seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited and, is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: In accordance with Rule 33(d) of the Federal Rules of Civil Procedure, NEGasCo has already produced and will continue to produce non-privileged documents of the Fall River Gas Company from which such information, to the extent it exists, may be obtained.

**Interrogatory No. 7:** Describe all instructions or directions given by you between 1940 and 1965 to any entity transporting, removing, disposing, or handling Waste Materials and/or Residuals from the Facilities regarding the transportation, removal, disposal, or handling of such waste.

**Response to Interrogatory No. 7:** NEGasCo objects to this interrogatory because the interrogatory is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. See also NEGasCo's Response to Definitions No. 3, 5 and 6. This interrogatory is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Additionally, this interrogatory seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited and, is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. NEGasCo further objects to this interrogatory because the terms "instructions" and "directions" are vague and ambiguous and could be construed as having multiple meanings. Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: In accordance with Rule 33(d) of the Federal Rules of Civil Procedure, NEGasCo has already produced and will continue to produce non-privileged documents of the Fall River Gas Company from which such information, to the extent it exists, may be obtained.

**Interrogatory No. 8:** Describe all precautions taken to ensure the safe disposal, transportation, or handling of coal gasification Waste Materials and/or Residuals between 1940 and 1965 by employees or any entity responsible for the disposal, transportation, or handling of coal gasification Waste Material and/or Residuals.

<u>**Response to Interrogatory No. 8**</u>: NEGasCo objects to this interrogatory because the interrogatory is overbroad, unduly burdensome and seeks information that is not relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. See also NEGasCo's Response to Definition No. 5 and 6. This interrogatory is also vague and fails to define the term "safe disposal." Moreover, this interrogatory is not limited to the Charles Street Plant which is the facility alleged by Plaintiffs to be the source of the alleged contamination at issue in this lawsuit. Additionally, this interrogatory seeks information pertaining to Waste Materials and/or Residuals which were disposed of at locations other than the Bay Street Area, the location that Plaintiffs allege manufactured gas plant "Waste Materials" and/or "Residuals" have been deposited and, is thus, neither relevant to this action, nor calculated to lead to the discovery of admissible evidence. NEGasCo further objects to this interrogatory because the terms "precautions" and "safe" are ambiguous and could be construed as having multiple meanings. Subject to and without waiver of the foregoing General Objections and specific objections, NEGasCo responds as follows: In accordance with Rule 33(d) of the Federal Rules of Civil Procedure, NEGasCo has already produced and will continue to produce non-privileged documents of the Fall River Gas Company from which such information, to the extent it exists, may be obtained.

Dated: August 3, 2007

MotleyRice

Jonathan D. Orent
Licensed in MA, RI, WI
DIRECT DIAL 401.457.7723
DIRECT FAX 401.457.7708
JOrent@motleyrice.com

January 2, 2008

**VIA ELECTRONIC MAIL AND U.S. MAIL**
Mr. David E. Ross, Esq.
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019-6799
(T) 212-506-1748

RE: *Corvello, et al., v. New England Gas Company*, C.A. No. 05-0221T

Dear Mr. Ross:

We have completed our review of New England Gas Company's Objections and Responses to Plaintiff Gail Corvello's First Set of Interrogatories, New England Gas Company's Objections and Responses to Plaintiff Gary P. Rose's First Set of Interrogatories, and New England Gas Company's Objections and Responses to Plaintiff Linda Ferreira's First Set of Interrogatories and have determined that each of your client's responses are significantly deficient. As such, and in accordance with the "meet and confer" requirement of the Federal Rules of Civil Procedure, I write to you in hopes that we may begin a dialogue that will lead to our mutual satisfaction with respect to these discovery responses. If we cannot resolve these issues by Friday, January 5, 2008, we will be forced to file a motion to compel further responses.

Generally, your client failed to provide responsive answers to the Plaintiffs' interrogatories and you unilaterally limited your responses to the Charles St. Facility. The burden of responding to these interrogatories is substantially greater for the Plaintiff than it is for the Defendant and therefore Rule 33(d) is inapplicable to the discovery requests served upon you.

To the extent that you wish to rely upon Rule 33(d) it is incumbent upon you to identify with particularity the specific documents to which you are referring. To date, your client has made close to 800,000 pages available for inspection without identifying any of the contents of the documents that are contained within close to 400 boxes. The Federal Courts that have undertaken a review of discovery practices under Rule 33(d) have found non-compliance with the spirit and language of the rule when such document "dumps" are made. Please supplement your answers to these interrogatories.

Next, you have failed to provide the factual basis for the third party complaints you made in this case. We expect that you will supplement your answers to provide this information.



Finally, you have failed to disclose any insurance policies which might cover your client's liability for the actions or omissions of Fall River Gas. Again, the cases that have examined this issue have found that such information is discoverable. Please supplement your answers to provide this information.

The deficiencies identified in these discovery responses are so pervasive that they require you to supplement each and every answer to these sets of interrogatories with the exception of Interrogatory Number 1 for each set and Interrogatory Number 5 of Plaintiff Gary P. Rose's First Set of Interrogatories.

Please contact me as soon as possible so that we can set a schedule for the supplementation of your discovery responses. Thank you for your anticipated cooperation.

Sincerely,

Jonathan D. Orent

Cc: All Counsel of Record