**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

GAIL, JOHN D. and John F. CORVELLO, et al,

Plaintiffs,

v. C.A. No. 05-221T

NEW ENGLAND GAS COMPANY, INC.,

Defendant;

KEVIN BURNS, et al.

Plaintiffs,

v. C.A. No. 05-274T

SOUTHERN UNION COMPANY dba
FALL RIVER GAS AND NEW ENGLAND GAS

Defendants;

COLLEEN BIGELOW, et al.

Plaintiffs,

v. C.A. No. 05-370T

NEW ENGLAND GAS COMPANY, formerly known as
FALL RIVER GAS COMPANY, an
unincorporated division of
SOUTHERN UNION COMPANY,

Defendants;

SHEILA REIS, et al.

Plaintiffs,

v. C.A. No. 05-522T

SOUTHERN UNION COMPANY dba
FALL RIVER GAS AND NEW ENGLAND GAS
Defendants.

**ORDER DENYING MOTION BY DOMINION RESOURCES TO STAY AND TRANSFER VENUE**

Dominion Resources, Inc. and Dominion Energy Brayton Point LLC (collectively, "Dominion") have moved, pursuant to 28 U.S.C. § 1404(a), to transfer New England Gas Co.'s ("NEG") third-party claims against Dominion to the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court") and to stay the third-party claims until the Bankruptcy Court has determined whether an order authorizing the sale of certain assets to Dominion (the "Sale Order") bars the assertion of NEG's third-party claims.

**§ 1404(a)**

28 U.S.C. §1404(a) provides:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

A district court has broad discretion to decide whether a case should be transferred. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 253 (1981). However, the First Circuit has said that "the burden of proof rests with the party seeking transfer" and that "there is a strong presumption in favor of the plaintiff's choice of forum." Coady v. Ashcraft & Gerel 223 F. 3d 1, 11 (1st Cir. 2000) (citing Gulf Oil Corp. v. Gilbert 330 U.S. 501, 508 (1947)). See Auto Europe, LLC v. Connecticut Indem. Co., 321 F.3d 60, 64 (1st Cir. 2003).

Although the First Circuit has not prescribed any specific test for determining whether transfer serves "the interest of

justice," it has upheld the refusal to transfer where there has been no showing that the failure to transfer is likely to cause "any witness inconvenience" or that transfer is supported by some "compelling reason related to judicial economy." Id.

**Dominion's Motion to Transfer**

Dominion argues that the factors that this Court should consider in ruling on its motion are: "(1) ease of access to sources of proof; (2) availability of compulsory process to compel attendance of witnesses; (3) cost of attendance of willing witnesses; (4) ease of view of premises, if necessary; (5) enforcability of the judgment, if obtained; (6) advantages and obstacles to a fair trial; (7) status of the court's trial calendar and (8) familiarity of the forum with applicable state law." Dominion's Memorandum at 8-10 (citing Boothroyd Dewhurst, Inc. v. Bd. of Trs. Of the Leland Stanford Junior Univ., C.A. No. 92-0075 P, 1993 U.S. Dist. LEXIS 20855, at *18-19 (D.R.I. July 8, 1993)).[1] However, all but one of these factors are either inapplicable to this case or weigh against transfer. Thus, to the extent that any evidence may be required regarding the facts on which NEG's claims are based, all of the witnesses and evidence are located in this district or within an area subject to the subpoena power of this Court. Furthermore, transfer is likely to unnecessarily prolong the proceedings.

---

[1]These factors also are relevant in ruling on a motion to dismiss pursuant to the doctrine of forum non conveniens.

Dominion's argument that the third-party claims should be transferred because the Maryland bankruptcy court is more familiar with the terms of the Sale Order is not convincing. The only question presented is whether NEG's third-party claims against Dominion, which are derivative of the plaintiffs' claims against NEG, "arose" before Dominion purchased the subject assets. That is a very simple and straightforward question that this Court is as well qualified to answer as is the Bankruptcy Court. In fact, this Court may be in a better position to make that determination because it is more familiar with the nature of the claims asserted by the plaintiffs and NEG.

Nor does it appear that the Maryland bankruptcy court has any compelling interest in deciding the question since Dominion was not the subject of the bankruptcy proceeding but was merely a purchaser of assets from the bankrupt estate.

In any event, the factors weighing against transfer outweigh any greater familiarity that the Maryland bankruptcy court might have with the terms of the order approving the sale. As already noted, generally, a claimant's choice of forum is entitled to considerable deference. In addition, because the parties, as well as the witnesses and evidence relevant to the NEG's claims, all are located here, convenience is best served by litigating the matter in this district. Moreover, transfer will multiply the proceedings and is likely to delay resolution of the claims.

Finally, Dominion's legitimate concern about being required to

defend against claims that it contends are barred by the Sale Order easily can be addressed by filing a motion to dismiss in this Court.

**Conclusion**

For all the foregoing reasons, Dominion's motions to transfer and stay are DENIED.

IT IS SO ORDERED.

Deputy Clerk

ENTER:

Senior Judge Ernest C. Torres
Date: 1/15/08