UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL CORVELLO, et al.,<br>KEVIN BURNS, et al.,<br>COLLEEN BIGELOW, et al., and<br>SHEILA REIS, et al.<br><br>Plaintiffs<br>v.<br><br>NEW ENGLAND GAS COMPANY<br><br>Defendant and Third Party Plaintiff,<br>v.<br><br>BRIDGESTONE FIRESTONE NORTH<br>AMERICAN TIRE, LLC, et al.<br><br>Third Party Defendants. | Case Numbers: 05-221T (Lead Case)<br>(Related and Consolidated cases:<br>05-274T; 05-370T, 05-522T) |

**NEW ENGLAND GAS COMPANY'S OBJECTION**
**TO PLAINTIFFS' MOTION TO COMPEL**

New England Gas Company ("NEGasCo"), an unincorporated division of Southern Union Company ("Southern Union"), hereby objects to Plaintiffs' Motion to Compel NEGasCo to Answer Interrogatories and Provide Plaintiffs with Compilations, Abstracts, or Summaries of Documents. In support of this Objection, NEGasCo relies on its accompanying Memorandum of Law in Support of the Objection to Plaintiffs' Motion to Compel, which is incorporated herein.

NEW ENGLAND GAS COMPANY

*/s/Robin L. Main*

Gerald J. Petros (#2931)
Robin L. Main (#4222)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax (401) 277-9600
gpetros@haslaw.com

David A. Wollin (#4950)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

Eric D. Herschmann
David E. Ross
Seth Davis
Noelle M. Kowalczyk
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

Dated: January 22, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL CORVELLO, et al.,<br>KEVIN BURNS, et al.,<br>COLLEEN BIGELOW, et al., and<br>SHEILA REIS, et al.<br><br>Plaintiffs<br>v.<br><br>NEW ENGLAND GAS COMPANY<br><br>Defendant and Third Party Plaintiff,<br>v.<br><br>BRIDGESTONE FIRESTONE NORTH<br>AMERICAN TIRE, LLC, et al.<br><br>Third Party Defendants. | Case Numbers: 05-221T (Lead Case)<br>(Related and Consolidated cases:<br>05-274T; 05-370T, 05-522T) |

**NEW ENGLAND GAS COMPANY'S MEMORANDUM OF LAW**
**IN SUPPORT OF THE OBJECTION TO PLAINTIFFS' MOTION TO COMPEL**

New England Gas Company ("NEGasCo"), an unincorporated division of Southern Union Company ("Southern Union"), objects to the Plaintiffs' Motion to Compel the Defendant New England Gas Company to Answer Interrogatories and Provide Plaintiffs with Compilations, Abstracts, or Summaries of Documents Produced Under Rule 33(d) of the Federal Rules of Civil Procedure. Plaintiffs' motion should be denied. NEGasCo answered the interrogatories at issue on August 3, 2007 -- over five months ago -- and only now do Plaintiffs complain that those answers are insufficient. Plaintiffs' motion is not only late in coming, and without merit, but it is inconsistent with an agreement reached between the parties in November of 2007, regarding the nature of any review that NEGasCo, in a good faith effort, agreed to conduct of the 380 boxes referenced in Plaintiffs' motion.

**BACKGROUND**

NEGasCo's responses to Plaintiffs' discovery requests were entirely appropriate, including its reliance upon Rule 33(d), in response to Plaintiffs' grossly overbroad discovery requests. Those requests are riddled with deficiencies including, for example, Interrogatory Nos. 2-5 and 9, which seek information spanning eighty years and dating back over 125 years ago, from 1880 to 1960. Or for example, Interrogatory Nos. 3, 6 and 7, in which Plaintiffs seek information from defined Fall River Gas Company ("FRGC") "Facilities" that are essentially unbounded by time and that purport to include manufactured gas plant operations other than the FRGC facility on Charles Street, the only plant alleged by Plaintiffs to be the source of the alleged contamination at issue in the underlying lawsuit.[1] NEGasCo should not be forced to respond further to such overbroad interrogatories or to conduct any additional review of the 380 boxes, which have been available to Plaintiffs for over a year.

Despite Plaintiffs' overly broad discovery requests, NEGasCo responded to Plaintiffs' interrogatories by preserving its objections and referring Plaintiffs to its historical business records from which the answers may be derived. This response is entirely consistent with Rule 33(d) of the Federal Rules of Civil Procedure, which expressly provides that a party may answer an interrogatory by specifying the records from which the answer may be derived where the burden for deriving the answer is "substantially the same." Fed. R. Civ. P. 33(d). Here, the burden is substantially the same. The interrogatories seek in many instances 125-year old information spanning eighty years of history from a predecessor company. Even the more recent, "up-to-date" information Plaintiffs seek is still nearly fifty years old (1960). The only way to derive this information is by sifting through boxes – admittedly, many boxes – of old records.

[1] Indeed, that Plaintiffs have only sought access to NEGasCo's Charles Street facility -- which is about one mile from the Bay Street Area -- for soil testing further demonstrates that Plaintiffs do not seriously contend that waste from any other FRGC facility was deposited in the Bay Street Area.

Indeed, for over a year, NEGasCo has made approximately 380 boxes of historical records of the FRGC available for Plaintiffs' review. The boxes of historical records, which are primarily invoices for services rendered or materials supplied to FRGC, as well as contemporaneous reports regarding the operations of FRGC over an approximately 70 year period, were made available to Plaintiffs in precisely the manner in which they had been maintained for decades -- in boxes whose contents were organized primarily by date. No index of the boxes existed. Therefore, NEGasCo prepared one and provided it to the Plaintiffs in an attempt to help them select which of the boxes, if any, they would want to review.

Initially, Plaintiffs accepted the invitation and conducted some review of the boxes, selecting certain documents for copying. When Plaintiffs complained that the review was too burdensome, NEGasCo pointed Plaintiffs to boxes that NEGasCo believed would provide the most relevant information about the operations of FRGC, specifically some 15 boxes of monthly reports describing -- in elaborate detail -- the operations of FRGC during the relevant time period. Still, this was not good enough for Plaintiffs. As a result, Plaintiffs served notice pursuant to Rule 30(b)(6), seeking the deposition of a NEGasCo representative who could testify regarding the entire contents of the 380 plus boxes. NEGasCo resisted this notice, arguing that since NEGasCo had not reviewed the contents of the boxes to obtain all of the information sought by Plaintiffs, it was just as easy for Plaintiffs to review the material as it was for NEGasCo. Faced with this argument, Plaintiffs relented and agreed that, to the extent NEGasCo could identify documents from the 380 boxes that reflect the waste hauling activity of specific contractors whom Plaintiffs believed hauled waste material from FRGC to the Bay Street Area, no additional review of the boxes on any other subject would be required. Consistent with the agreement, NEGasCo produced the documents it could identify from a painstaking review of the boxes, and has now produced to Plaintiffs all invoices for waste hauling performed by the

contractors identified by Plaintiffs. No other review of the contents of the boxes was required by Plaintiffs, and no other review was conducted by NEGasCo.

Now, contrary to that agreement -- which limited the extent of any review that would be required of NEGasCo of the contents of the 380 boxes -- Plaintiffs have dusted off NEGasCo responses to Plaintiffs' discovery requests, which in part, relied on Rule 33(d) and referenced the same 380 boxes and claim that NEGasCo must conduct another review of the 380 boxes because NEGasCo's reliance on 33(d) is misplaced. NEGasCo cannot provide more specific information than it already has without doing Plaintiffs' work for them – that is, digging through the boxes itself. This is not what the Federal Rules of Civil Procedure contemplate. Plaintiffs need to do their own homework.[2] The motion should be denied in its entirety.[3]

## ARGUMENT

NEGasCo has properly exercised its right to designate documents under Rule 33(d). Fed. R. Civ. P. 33(d) provides:

> *Option To Produce Business Records*.-Where an answer to an interrogatory may be derived or ascertained from the business records, including electronically stored information, of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, *and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served*, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, *as readily as can the party served*, the records from which the answer may be ascertained.

[2] To the extent Plaintiffs seek documents shielded from discovery by the attorney-client privilege or the work product doctrine, such request should be denied under Fed. R. Civ. P. 26.

[3] Moreover, since no compilation, abstract or summary of the 380 boxes exists -- other than the index previously provided to Plaintiffs, Plaintiffs related demand that NEGasCo provide them with any such records is academic.

Fed. R. Civ. P. 33(d) (emphasis added). As the Rule itself provides, it is sufficient to answer an interrogatory with reference to the business records produced where "the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served." *Id*. Moreover, a specification, such as the index NEGasCo has already provided to Plaintiffs, needs only to be detailed enough "to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." *Id*. This is precisely what NEGasCo has done. The burden of deriving the information Plaintiffs seek in their broad interrogatories is the same for Plaintiffs as it is for NEGasCo. *See, e.g.*, *Moore's Federal Practice* § 33.105 (noting potential objections to business record production for lack of information or relative difficulty in extracting the information sought).

For example, the United States District Court for the District of Massachusetts considered this very issue in *Petroleum Ins. Agency, Inc. v. Hartford Acc. and Indem. Co.*, 111 F.R.D. 318, 320 (D. Mass. 1983), and held that Rule 33(d) provides the responding party with the "election to employ the option" of providing business records instead of a narrative answer to interrogatories. The District Court explained that the requesting party should be required to expend the effort and expense to procure it; that is, they need to do their own homework:

> The bottom line, as I see it, is the plaintiffs want this discovery but do not want to expend the effort and expense in procuring it. *But the stated purpose of the Rule is to require the party seeking the discovery to expend the effort and expense to procure it.* What plaintiffs are saying is that they do not like the Rule; however, like it or not, it was enacted, and the court is duty bound to follow it.

111 F.R.D. at 320 (emphasis added by court) (citation omitted); *see also Advisory Committee Notes to the 1970 Amendments* (explaining that the subdivision in Rule 33 gives the party the option to make the records available and "place the burden of research of [sic] the party who seeks the information"). In addition, it is for plaintiffs to demonstrate that the burden of

ascertaining the information from the records is not substantially the same. *See Petroleum Ins.*, 11 F.R.D. at 320. Here, Plaintiffs have failed to meet this burden. They simply cannot show that it would be easier for NEGasCo to sift through the relatively ancient business records of a predecessor company – records requested by Plaintiffs – than it would be for Plaintiffs themselves.

*United States v. Rachel*, 289 F. Supp. 2d 688 (D. Md. 2003), is instructive. In *Rachel*, the District Court ruled that it was perfectly permissible for a party to designate "175 boxes of materials, an additional 10 filing cabinets of documents, and numerous computer diskettes" where, as here, "[t]he document requests were again extremely broad, … access [was provided] to all available documents," and that such documents "were maintained in the ordinary course of business." *Rachel*, 289 F. Supp. 2d at 693. This Court should so hold here.

Plaintiffs have not alleged – nor can they demonstrate – that they face more difficulty in reviewing the documents than NEGasCo. NEGasCo has already provided Plaintiffs with an index to the boxes, that was specifically created to ease Plaintiffs' review. *See In re Adelphia Communications Corp.*, 338 B.R. 546, 551 (S.D.N.Y. 2005) (noting that where "all extant corporate records for the period at issue are kept in a separate document archive pursuant to official directives," a court will hold that "they are being kept in the 'usual course of business'"). Simply put, the burden to ascertain the information Plaintiffs seek is and remains "substantially the same." Thus, having waited a year, Plaintiffs need to roll up their sleeves and expend some effort if they are truly interested in obtaining the historical information sought in the interrogatories. *See Petroleum Ins.*, 11 F.R.D. at 320

Plaintiffs' claimed document review problem is one of its own making. They complain that NEGasCo has designated approximately 400 boxes of documents spanning over 80 years on the one hand, yet also argue that their overly broad and unduly burdensome interrogatories are appropriate. To make matters worse, Plaintiffs also improperly seek information from "all

facilities owned and operated by Fall River Gas," and not simply from the Charles Street Plant – the one facility relevant to the allegations contained in their complaint. Plaintiffs' Brief at 4. This Court should not permit such overbroad and burdensome requests for wholly irrelevant material. *See* Fed. R. Civ. P. 26(b)(1); *see also Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (noting that while the standard for relevance is broad, the rules do not permit "fishing expeditions" and "some threshold showing of relevance must be made before parties are required to open wide the doors of discovery"). NEGasCo's objection to producing such information regarding operations other than the Charles Street facility should therefore be sustained.

Finally, Plaintiffs' demand for "any and all summaries or data compilations made from the 400 boxes" should also be rejected. Plaintiffs' Brief at 3. As Plaintiffs well know, NEGasCo has already provided Plaintiffs with their box-specific index to the documents produced. Thus, Plaintiffs' demand is without merit and its statement that NEGasCo "has never provided the Plaintiffs with a mechanism to locate which documents correspond to which interrogatory" is nonsensical. As no summary or data compilation of the content of all of the 380 boxes exists, beyond the index previously provided to Plaintiffs, Plaintiffs' request for such relief should be denied.[4]

In sum, this Court should not reward Plaintiffs' efforts to make an end-run around discovery rules. Nor should this Court permit Plaintiffs to skirt its previous agreement with NEGasCo that limited the nature and extent of any review of the 380 boxes to be conducted by NEGasCo to one discrete subject -- invoices that reflect waste hauling activities of contractors specifically identified by Plaintiffs.

---

[4] Although it is far from clear in their Motion to Compel, to the extent Plaintiffs hope to gain access to documents otherwise protected from discovery by the attorney-client privilege or the work product doctrine through a collateral demand for summaries or data compilations, those requests should be denied. *See* Fed. R. Civ. P. 26.

**CONCLUSION**

Based on the foregoing, NEGasCo respectfully requests that the Court deny Plaintiffs' Motion to Compel in its entirety.

NEW ENGLAND GAS COMPANY

*/s/Robin L. Main*

Gerald J. Petros (#2931)
Robin L. Main (#4222)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax (401) 277-9600
gpetros@haslaw.com

David A. Wollin (#4950)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

Eric D. Herschmann
David E. Ross
Seth Davis
Noelle M. Kowalczyk
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

**CERTIFICATE OF SERVICE**

To:

John J. McConnell, Jr., Esq.
Robert J. McConnell, Esq.
Aileen L. Sprague, Esq.
Jonathan D. Orent, Esq.
Motley Rice
321 South Main Street
Providence, RI 02903

Neil T. Leifer, Esq.
Christian F. Uehlein, Esq.
Thorton & Naumes LLP
100 Summer Street
Boston, MA 02110

Mark W. Roberts, Esq.
David A. Cetola, Esq.
Heather Spurlock Kennealy, Esq.
McRoberts, Roberts & Rainer, LLP
53 State Street
Boston, MA 02109

Matthew B. Smith, Esq.
1206 Westminster Street
Providence, RI 02909

Paul Revere, III, Esq.
297 North Street, Suite 337
Hyannis, MA 02601

Richard J. Zabbo, Esq.
Stephen P. Harten, Esq.
Ratcliffe, Burke, Harten & Elias LLP
1600 Financial Plaza
Providence, RI 02903

Christina C. Dodds, Esq.
Bishop, London & Brophy, P.C.
3701 Bee Caves Road, Suite 200
Austin, TX 78746

Gregory S. Schultz, Esq.
Susan Forcier, Esq.
Office of Legal Services
RI Department of Environmental Management
235 Promenade Street
Providence, RI 02908

Lewis S. Wiener, Esq.
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, N.W.
Washington, DC 20004

Michael D. Mitchell, Esq.
Deputy Chief of Legal Services
State of Rhode Island
Department of Transportation
Two Capital Hill
Providence, RI 02903

Michael K. Marran, Esq.
P.O. Box 6067
321 South Main Street, Suite 200
Providence, RI 02940-6067

Anthony F. Muri, Esq.
Muri Associates LLC
Ten Weybosset Street
Providence, RI 02903

Kerry T. Ryan, Esq.
Emily C. Shanahan
Tarlow, Breed, Hart & Rodgers, P.C.
101 Huntington Avenue, Suite 500
Boston, MA 02199

Benjamin V. White, Esq.
Kimberly A. Simpson, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

William D. Wick, Esq.
Wactor & Wick LLP
180 Grand Avenue, Suite 950
Oakland, CA 04612

Andrew G. Mauck, Esq.
Matthew B. Kirsner, Esq.
Troutman Sanders LLP
P.O. Box 1122
Richmond, VA 23208

Craig R. Waksler, Esq.
McGivney & Kluger, P.C.
72 Pine Street, 1st Floor
Providence, RI 02903

Bruce G. Tucker, Esq.
David B. Willis, Esq.
Legal Management Services LLC
55 Hammerlund Way
Middletown, RI 02842

David A. Crichlow, Esq.
David Goldberg, Esq.
Catherine C. McCulley, Esq.
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036

Paul M. Sanford, Esq.
Burns & Levinson LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903

Christopher P. McCormack, Esq.
Pullman & Comley LLC
850 Main Street
Bridgeport, CT 06601

Gregory L. Benik, Esq.
Benik & Associates
931 Jefferson Boulevard, Suite 208
Warwick, RI 02886

Jeffrey Bromme, Esq.
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, DC 20004-1206

Jeanne M. Scott, Esq.
Ursillo, Teitz & Ritch, Ltd.
Two Williams Street
Providence, RI 02903

I hereby certify that on January 22, 2008, a copy of the foregoing New England Gas Company's Objection to Plaintiffs' Motion to Compel together with New England Gas Co., Inc.'s Memorandum of Law in Support of the Objection to Plaintiffs' Motion to Compel was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing.

/s/ Robin L. Main
Robin L. Main