UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GAIL CORVELLO, et al.,
KEVIN BURNS, et al.,
COLLEEN BIGELOW, et al., and
SHEILA REIS, et al.

Plaintiffs

v.

NEW ENGLAND GAS COMPANY

Defendant and Third Party Plaintiff,

v.

BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, et al.

Third Party Defendants.

Case Numbers: 05-221T (Lead Case)
(Related and Consolidated cases:
05-274T; 05-370T, 05-522T)

**MEMORANDUM OF LAW IN SUPPORT OF THE OBJECTION TO PLAINTIFFS' EMERGENCY MOTION TO QUASH DEFENDANT'S NOTICE OF DEPOSITION**

This Court should deny the Emergency Motion to Quash Defendant's Notice of Deposition brought by plaintiffs[1] and order Weston & Sampson ("W&S") to produce the documents and information at the time commanded in defendant New England Gas Company's ("NEGasCo") Subpoena.[2] NEGasCo has repeatedly sought timely production of these fact-related documents and data. Indeed, the data and information sought directly from W&S in the Subpoena is virtually the same information plaintiffs have steadfastly resisted producing in the underlying litigation. Waiting to provide the information NEGasCo seeks until plaintiffs' expert report is served on February 15, 2008, as plaintiffs suggest in their motion, will unfairly prejudice NEGasCo by leaving insufficient time to review the material—material that is fact-

[1] Although plaintiffs bring this motion, as a technical matter, the Subpoena and Notice of Deposition demand production from Weston & Sampson, a non-party to this litigation, and not from plaintiffs themselves. *See* Fed. R. Civ. P. 45(c).
[2] For the Court's convenience, the Notice of Deposition, Subpoena and accompanying Schedule A (the "Subpoena") are attached to this Memorandum as Exhibit A.

based and fully discoverable now. Moreover, by cloaking the information under an inapplicable work product privilege, plaintiffs are no doubt attempting to review, analyze and then select the facts most helpful for them to disclose. The federal discovery rules do not permit this kind of picking and choosing. W&S should be ordered to produce the information demanded in the Subpoena.

**ARGUMENT**

Plaintiffs' Emergency Motion to Quash Defendant's Notice of Deposition should be denied for at least four reasons. First, the information NEGasCo seeks from W&S is fact-related and fully discoverable. In Schedule A, NEGasCo has made clear that it seeks only fact-based information such as maps, diagrams, soil boring logs, test pit logs, laboratory results, photographs, and videos. *See* Exhibit A. NEGasCo does not seek any expert analysis or legal thought processes through its Subpoena. Instead, NEGasCo seeks discovery of facts, which courts have routinely held as fully discoverable. *See generally Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981). Indeed, in the only case plaintiffs cite in support of their argument that "soil sampling is attorney work product and not discoverable," Plaintiffs' Motion at 5, the Court actually decides the issue *in favor of* disclosure. *See Southern Scrap Material Co. v. Fleming*, 2003 WL 21474516, at *17 (E.D. La. June 18, 2003). Worse still for plaintiffs, the district court in *Southern Scrap* specifically held that documents that "recount factual information . . . whether it is simply unannotated raw data, test results, maps indicating where samples were taken from, or a graphic display of test sample results, these factual matters are fully discoverable." *Southern Scrap*, 2003 WL 21474516, at *17. There is no difference between what NEGasCo seeks in the case at bar and what the Southern Scrap court decided was fully discoverable. Simply put, "work product protection does not extend to the underlying facts relevant to the litigation." *Id.* at

16.[3] Relevant facts are all that NEGasCo seeks to discover through its Subpoena, and this Court should permit such discovery.

Second, fact discovery has not yet concluded. NEGasCo is entitled to discovery of all relevant facts while fact discovery is still on-going. That these facts were gathered by plaintiffs' consultants does not transform the information to privileged work product that can be produced only with an accompanying expert report. NEGasCo is entitled to their production now. *See* Fed. R. Civ. P. 26, 34 & 45. As a justification for the delay in production of the information, plaintiffs contend that W&S is still assembling, reviewing and analyzing all of the materials collected. However, NEGasCo seeks only fact-based information that should not require any reviewing or analyzing whatsoever. Moreover, the discovery obligations of plaintiffs and W&S are in effect currently. So too is the obligation to supplement. NEGasCo should not be forced to wait to review fact-based information until plaintiffs decide they are ready for disclosure, particularly in light of the impending close of fact discovery.

Third, plaintiffs' complaints that NEGasCo delayed access to the Charles Street property and that NEGasCo's consultants delayed and then produced voluminous records in January 2008 in response to subpoenas are not only inaccurate, but also irrelevant. *See* Plaintiffs' Motion at 2-3. With respect to the Charles Street property, NEGasCo merely wanted a commitment from plaintiffs that NEGasCo would have access to the raw data and scientific reports gathered by plaintiffs and their technicians in order to avoid burdening the Court and the parties with unnecessary motion practice. Plaintiffs plainly refused to agree. Regarding the production of NEGasCo's consultants, those productions are on-going and have occurred *before* the close of fact discovery. Unlike plaintiffs, NEGasCo has not waited to produce responsive fact documents until expert reports are exchanged. Moreover, to the extent plaintiffs object to the productions

[3] NEGasCo has briefed the issue of whether scientific data, reports, videotapes and the like are discoverable facts or are protected under the work product doctrine in its Emergency Motion to Compel Plaintiffs to Produce Scientific Data, Test Results and Related Documents. NEGasCo respectfully refers the Court to its Motion to Compel, Document No. 542 (05-221T), and the arguments and cases cited therein.

from some of NEGasCo's consultants – an objection wholly without merit – plaintiffs and their consultants are not justified in resisting timely production of their own discoverable information. Discovery is not a game of tit-for-tat. W&S – and plaintiffs – cannot avoid their discovery obligations by pointing to alleged deficiencies in productions from NEGasCo's consultants.

Fourth and finally, plaintiffs wrongly contend that "it is obvious that NEG is making an 'eleventh hour' attempt to further frustrate W&S's efforts to conduct all the work necessary to complete its expert report." Plaintiffs' Motion at 4. This is not NEGasCo's intent. NEGasCo wants only the fact-based documents and information to which it is entitled. The Subpoena is directed toward the Keeper of Records. NEGasCo has little interest in conducting a deposition of the Keeper of Records, but rather noticed the deposition as a safeguard to guarantee that the documents could be authenticated. NEGasCo would gladly accept as an accommodation an affidavit or affirmation regarding the authenticity of the documents produced from W&S's Keeper of Records instead of a deposition. As plaintiffs and this Court are no doubt aware, such affidavits in lieu of deposition are common-place. NEGasCo's sole interest is in the information itself. To the extent W&S produces the information in a timely fashion, accompanied by an affidavit or some other form of verification, such production would be sufficient.

**CONCLUSION**

Based on the foregoing, NEGasCo respectfully requests that the Court deny Plaintiffs' Emergency Motion to Quash Defendant's Notice of Deposition and instead order that the documents and information sought by NEGasCo be produced in compliance with the Subpoena.

NEW ENGLAND GAS COMPANY

*/s/ Robin L. Main*

Gerald J. Petros (#2931)
Robin L. Main (#4222)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax (401) 277-9600
rmain@haslaw.com

John a. Tarantino (#2586)
David A. Wollin (#4950)
Kristen W. Sherman (#5595)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

Eric D. Herschmann
David E. Ross
Seth Davis
Noelle M. Kowalczyk
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

Dated: January 30, 2008

**CERTIFICATE OF SERVICE**

To:

John J. McConnell, Jr., Esq.
Robert J. McConnell, Esq.
Aileen L. Sprague, Esq.
Jonathan D. Orent, Esq.
Motley Rice
321 South Main Street
Providence, RI 02903

Neil T. Leifer, Esq.
Christian F. Uehlein, Esq.
Thorton & Naumes LLP
100 Summer Street
Boston, MA 02110

Mark W. Roberts, Esq.
David A. Cetola, Esq.
Heather Spurlock Kennealy, Esq.
McRoberts, Roberts & Rainer, LLP
53 State Street
Boston, MA 02109

Matthew B. Smith, Esq.
1206 Westminster Street
Providence, RI 02909

Paul Revere, III, Esq.
297 North Street, Suite 337
Hyannis, MA 02601

Richard J. Zabbo, Esq.
Stephen P. Harten, Esq.
Ratcliffe, Burke, Harten & Elias LLP
1600 Financial Plaza
Providence, RI 02903

Christina C. Dodds, Esq.
Bishop, London & Brophy, P.C.
3701 Bee Caves Road, Suite 200
Austin, TX 78746

Gregory S. Schultz, Esq.
Susan Forcier, Esq.
Office of Legal Services
RI Department of Environmental Management
235 Promenade Street
Providence, RI 02908

Lewis S. Wiener, Esq.
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, N.W.
Washington, DC 20004

Michael D. Mitchell, Esq.
Deputy Chief of Legal Services
State of Rhode Island
Department of Transportation
Two Capital Hill
Providence, RI 02903

Michael K. Marran, Esq.
P.O. Box 6067
321 South Main Street, Suite 200
Providence, RI 02940-6067

Anthony F. Muri, Esq.
Muri Associates LLC
Ten Weybosset Street
Providence, RI 02903

Kerry T. Ryan, Esq.
Emily C. Shanahan
Tarlow, Breed, Hart & Rodgers, P.C.
101 Huntington Avenue, Suite 500
Boston, MA 02199

Benjamin V. White, Esq.
Kimberly A. Simpson, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

William D. Wick, Esq.
Wactor & Wick LLP
180 Grand Avenue, Suite 950
Oakland, CA 04612

Andrew G. Mauck, Esq.
Matthew B. Kirsner, Esq.
Troutman Sanders LLP
P.O. Box 1122
Richmond, VA 23208

Craig R. Waksler, Esq.
McGivney & Kluger, P.C.
72 Pine Street, 1st Floor
Providence, RI 02903

Bruce G. Tucker, Esq.
David B. Willis, Esq.
Legal Management Services LLC
55 Hammerlund Way
Middletown, RI 02842

David A. Crichlow, Esq.
David Goldberg, Esq.
Catherine C. McCulley, Esq.
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036

Paul M. Sanford, Esq.
Burns & Levinson LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903

Christopher P. McCormack, Esq.
Pullman & Comley LLC
850 Main Street
Bridgeport, CT 06601

Gregory L. Benik, Esq.
Benik & Associates
931 Jefferson Boulevard, Suite 208
Warwick, RI 02886

Jeffrey Bromme, Esq.
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, DC 20004-1206

Jeanne M. Scott, Esq.
Ursillo, Teitz & Ritch, Ltd.
Two Williams Street
Providence, RI 02903

I hereby certify that on January 30, 2008, a copy of the foregoing Memorandum of Law I Support of the Objection to Plaintiffs' Emergency Motion to Quash Defendant's Notice of Deposition was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing.

/s/ Robin L. Main
Robin L. Main

868387 (14015-126110)