AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF Rhode Island

GAIL CORVELLO, et al

v.

NEW ENGLAND GAS COMPANY, et al.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 05-221T, 05-274T, 05-370T, 05-522T

TO: *Keeper of Records*
*Weston & Sampson*
*5 Centennial Drive*
*Peabody, MA 01960*

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| *Hinckley, Allen & Snyder LLP*<br>*50 Kennedy Plaza, Suite 1500, Providence, RI 02903* | *February 5, 2008*<br>*10:00 a.m.* |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

*See attached Schedule A*

| PLACE | DATE AND TIME |
|---|---|
| *Hinckley, Allen & Snyder LLP*<br>*50 Kennedy Plaza, Suite 1500, Providence, RI 02903* | *February 5, 2008*<br>*10:00 a.m.* |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Robin L. Main /s/ *Attorney for Defendant* | *January 25, 2008* |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

*Robin L. Main, Hinckley, Allen & Snyder LLP, 50 Kennedy Plaza, Suite 1500, Providence, RI 02903 (401 274-2000)*

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

______________________

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A persons commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provision of clause (c) (3) (b) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be support by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## GENERAL INSTRUCTIONS

1. Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Weston & Sampson (hereafter referred to as "W&S") is required to produce all responsive documents that are in its possession, custody or control including, but not limited to, documents in the possession, custody or control of its agents, employees, or representatives.

2. As to any Request that cannot be responded to completely after reasonable efforts are made to secure the requested documents, so state, give the reasons why a complete response cannot be made at this time, and provide as many documents responsive to the request as is possible.

3. W&S's refusal to produce any documents under color of a privilege, or your objection to any particular Request herein, shall in no way excuse you from timely production of all other documents requested herein.

4. If, in answering any of these requests, you wish to assert or rely upon a privilege or any rule protecting against disclosure of a document or communication, you must so specify. However, in that event, you are hereby required to furnish, with respect to each such document, the following: (i) a statement regarding the basis for any claim of privilege, or other form of non-disclosure; and (ii) a sufficient description of the documents, including (a) the title of the document and the nature and subject matter of its contents; (b) the date the document was prepared or any date appearing on the document; (c) the number of the document's pages, attachments and appendices; (d) the names of the persons who authored or prepared the document, and an identification by employment and title of each such person; and (e) the names

of each person to whom the document, or a copy thereof, was sent, shown, or made accessible, or to whom it was explained, together with an identification of each person.

5. In the event that any document requested herein was formerly in your possession, custody or control and has been lost, destroyed or otherwise disposed of, you are requested to furnish a list identifying each document and stating the following information with respect to each document: (i) the title of the document and the nature and subject matter of its contents; (ii) the identity(ies) of the person(s) to whom the document was sent or was intended to be sent; (iii) the date on which the document was prepared or transmitted; and (iv) the date on which the document was lost, destroyed or otherwise disposed of, the manner and conditions of and reasons for such destruction or other disposition, and the person(s) requesting and performing the destruction or other disposition.

6. Each and every non-identical duplicate of a document within the scope of any request, whether different from the original because of stamps, indications of recipient, handwritten notes, marks, comments or attachment to different documents, or for any other reason, is a separate document to be produced in response hereto.

7. This subpoena and accompanying document request is continuing in nature and, to the extent that your responses may be enlarged or otherwise modified by information acquired subsequent to the production of your initial responses hereto, you are required to promptly produce supplemental responses reflecting such changes.

## DEFINITIONS

1. The term "Facility" shall mean that New England Gas Company property located at 120 Charles Street in Fall River, Massachusetts.

2. The term "Moratorium Area" shall mean all of the properties within the following borders: bordered on the west by the Sakonnet River; bordered on the north by State Avenue; on the south by Lepes Road and bordered on the east by Church Street.

3. The term "OHS" shall include any substance deemed to be "Oil" or a "Hazardous Substance" within the meaning of the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. §§ 9601 et seq., and regulations promulgated there under, 40 C.F.R. Part 261; and any substance defined as a "hazardous waste" pursuant to the Rhode Island Hazardous Waste Management Act, R.I. Gen. Laws § 23-10.1-4.

4. The term "Waste Material" shall mean any solid substance produced as a result of the Coal Gasification Process.

5. "You", "Your", and "W&S" as used herein shall mean Weston & Sampson, its subsidiary, parent corporation, predecessors, successors, and/or assigns, employees, agents, subcontractors, independent contractors other person acting for or on behalf of W&S, its predecessors, successors, or assigns.

## DOCUMENTS TO BE PRODUCED

1. Documents that relate to investigations that W&S has conducted and/or supervised in the Tiverton Moratorium Area, specifically field notes, maps, diagrams, soil boring logs, test pit logs, laboratory results from samples of soil and/or groundwater, groundwater elevation monitoring data, photographs, videos and documentation of

historic uses, development and/or releases of any OHS and/or the discovery of any Waste Material in the Tiverton Moratorium Area.

2. Documents that relate to investigations that W&S has conducted and/or supervised at the Facility, specifically field notes, maps, diagrams, soil boring logs, laboratory results from samples of soil and/or groundwater, video and photographs.
3. Any and all documents relating to the disposal of any OHS and/or Waste Material within the Tiverton Moratorium Area.
4. Any and all documents relating to the origin of any OHS and/or Waste Material within the Tiverton Moratorium Area.

#865304

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GAIL CORVELLO, et al.,<br>KEVIN BURNS, et al.,<br>COLLEEN BIGELOW, et al., and<br>SHEILA REIS, et al.<br><br>Plaintiffs<br>v.<br><br>NEW ENGLAND GAS COMPANY<br><br>Defendant and Third Party Plaintiff,<br>v.<br><br>BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, et al.<br><br>Third Party Defendants. | ) | Case Numbers: 05-221T (Lead Case)<br>(Related and Consolidated cases:<br>05-274T; 05-370T, 05-522T) |

**NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE that, pursuant to the provisions of Rules 30 and 45 of the Federal Rules of Civil Procedure, Defendant will take the deposition of the Keeper of Records of Weston & Sampson on **February 5, 2008** at **10:00 a.m.** The deposition will be taken at the offices of Hinckley, Allen & Snyder, LLP, 50 Kennedy Plaza, Suite 1500, Providence, Rhode Island 02903. The deposition shall be conducted before a person duly authorized by law to administer oaths, shall be recorded stenographically, and shall continue from day to day thereafter until completed. A Subpoena is also issued requesting the deponent produce all documents on the attached Schedule A.

You are invited to attend and cross examine.

NEW ENGLAND GAS COMPANY

*/s/Robin L. Main*

Gerald J. Petros (#2931)
Robin L. Main (#4222)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
Tel. (401) 274-2000
Fax (401) 277-9600
gpetros@haslaw.com

David A. Wollin (#4950)
John A. Tarantino
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 351-4607

Eric D. Herschmann
David E. Ross
Seth Davis
Noelle M. Kowalczyk
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

Dated: January 25, 2008

**CERTIFICATE OF SERVICE**

To:

John J. McConnell, Jr., Esq.
Robert J. McConnell, Esq.
Aileen L. Sprague, Esq.
Jonathan D. Orent, Esq.
Motley Rice
321 South Main Street
Providence, RI 02903

Neil T. Leifer, Esq.
Christian F. Uehlein, Esq.
Thorton & Naumes LLP
100 Summer Street
Boston, MA 02110

Mark W. Roberts, Esq.
David A. Cetola, Esq.
Heather Spurlock Kennealy, Esq.
McRoberts, Roberts & Rainer, LLP
53 State Street
Boston, MA 02109

Matthew B. Smith, Esq.
1206 Westminster Street
Providence, RI 02909

Paul Revere, III, Esq.
297 North Street, Suite 337
Hyannis, MA 02601

Richard J. Zabbo, Esq.
Stephen P. Harten, Esq.
Ratcliffe, Burke, Harten & Elias LLP
1600 Financial Plaza
Providence, RI 02903

Christina C. Dodds, Esq.
Bishop, London & Brophy, P.C.
3701 Bee Caves Road, Suite 200
Austin, TX 78746

Gregory S. Schultz, Esq.
Susan Forcier, Esq.
Brian A. Wagner
Office of Legal Services
RI Department of Environmental Management
235 Promenade Street
Providence, RI 02908

Lewis S. Wiener, Esq.
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, N.W.
Washington, DC 20004

Michael D. Mitchell, Esq.
Deputy Chief of Legal Services
State of Rhode Island
Department of Transportation
Two Capital Hill
Providence, RI 02903

Michael K. Marran, Esq.
P.O. Box 6067
321 South Main Street, Suite 200
Providence, RI 02940-6067

Anthony F. Muri, Esq.
Muri Associates LLC
Ten Weybosset Street
Providence, RI 02903

Kerry T. Ryan, Esq.
Emily C. Shanahan
Tarlow, Breed, Hart & Rodgers, P.C.
100 Huntington Avenue, Suite 500
Boston, MA 02199

Benjamin V. White, Esq.
Kimberly A. Simpson, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

William D. Wick, Esq.
Wactor & Wick LLP
180 Grand Avenue, Suite 950
Oakland, CA 04612

Andrew G. Mauck, Esq.
Matthew B. Kirsner, Esq.
Troutman Sanders LLP
P.O. Box 1122
Richmond, VA 23208

Craig R. Waksler, Esq.
McGivney & Kluger, P.C.
72 Pine Street, 1st Floor
Providence, RI 02903

Bruce G. Tucker, Esq.
David B. Willis, Esq.
Legal Management Services LLC
55 Hammerlund Way
Middletown, RI 02842

David A. Crichlow, Esq.
David Goldberg, Esq.
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036

Paul M. Sanford, Esq.
Burns & Levinson LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903

Christopher P. McCormack, Esq.
Pullman & Comley LLC
850 Main Street
Bridgeport, CT 06601

Gregory L. Benik, Esq.
Benik & Associates
931 Jefferson Boulevard, Suite 208
Warwick, RI 02886

Jeffrey Bromme, Esq.
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, DC 20004-1206

Jeanne M. Scott, Esq.
Ursillo, Teitz & Ritch, Ltd.
Two Williams Street
Providence, RI 02903

I hereby certify that on January 25, 2008, a copy of the foregoing Notice of Deposition was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing.

/s/ Robin L. Main
Robin L. Main

842256 (14015-126110)