UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO, et al. | : | |
| v. | : | C.A. No. 05-221T<br>Related Cases: C.A. No. 05-274T,<br>C.A. No. 05-370T and C.A. No. 05-522T |
| NEW ENGLAND GAS COMPANY, INC. | : | |

**MEMORANDUM AND ORDER**

Before the Court for determination is Plaintiffs' Motion to Compel. (Document No. 461). A hearing was held on January 31, 2008. For the reasons summarized below, Plaintiffs' Motion is DENIED.

On or about August 3, 2007, Defendant exercised its option to utilize Fed. R. Civ. P. 33(d) in responding to Plaintiffs' interrogatories. Plaintiffs' interrogatories seek broad categories of historical information about the operations of Defendant's predecessor, Fall River Gas Company ("FRGC"), dating back in some cases to 1880. In response, Defendant referred Plaintiffs to certain non-privileged documents of FRGC which had been produced for responsive information. These documents consist of 380 boxes of historical FRGC business records which Defendant represents it made available to Plaintiffs over one year ago. Defendant also indicates that it has no living employees who have familiarity with the records.

Rule 33(d), Fed. R. Civ. P., provides that where the answer to an interrogatory may be derived from business records and the burden in deriving the answer therefrom is substantially the same for both parties, it is sufficient to respond to an interrogatory by specifying and making available business records.

The "stated purpose of [Rule 33(d)] is to require the party seeking the discovery to expend the effort and expense to procure it." Petroleum Ins. Agency, Inc. v. Hartford Accident and Ind. Co., 111 F.R.D. 318, 320 (D. Mass. 1983). Once Defendant utilized Rule 33(d), the burden fell to Plaintiffs "to show that the burden of deriving or ascertaining the answers is not substantially the same for both parties." Id. (citations omitted). Plaintiffs have not made this showing. The coal gasification operation conducted by Defendant's predecessor at issue in this case apparently ceased decades ago, and the records, according to Defendant, span a period of over eighty years dating back to 1880. This appears to be one of those rare cases when the producing party is as unfamiliar (or nearly so) with business records as is the requesting party. It is apparent from this dispute and previous disputes regarding these old records of Defendant's predecessor that the burden in culling any information from them is substantially the same for both parties.[1] Thus, Rule 33(d) permits Defendant to respond as it has, and Plaintiffs' Motion to Compel is DENIED.

SO ORDERED.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 1, 2008

[1] Alternatively, Plaintiffs request an order that Defendant "disclose any and all summaries or data compilations made from the 400 boxes disclosed to the Plaintiff." However, Defendant represents that no such compilation, abstract or summary exists other than an "index" previously produced to Plaintiffs. Thus, Plaintiffs' alternative request is a moot point.