**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO, et al. *Plaintiffs,* | ) | |
| v. | ) | C.A. No. 05-221T (Lead Case) (Related and Consolidated Cases 05-274T; 05-370T; 05-522T) |
| NEW ENGLAND GAS COMPANY, INC., *Defendant/Third-Party Plaintiff,* | ) | |
| v. | ) | |
| BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, et al. *Third-Party Defendants* | ) | |

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO COMPEL RANSOM ENVIRONMENTAL CONSULTANTS, INC. DOCUMENTS

---

A New England Gas Company's ("NEGAS") Motion to Compel documents from Ransom Environmental Consultants must be denied. Each of the documents in question is protected either by the attorney-client privilege or the work product privilege.

Background

In July, 2003, subsequent to the discovery of coal gasification contamination in the Bay Street area, Plaintiff Janice Carroll retained the law firm of Nixon Peabody LLC to provide legal advice in connection with NEGAS's site investigation of the Bay Street suspected fill area in Tiverton, Rhode Island. The Rhode Island Department of Environmental Management ("DEM") had previously issued a letter of responsibility to NEGAS for the contamination. Plaintiff was concerned about potential liability that she and her family might have as a result of the contamination in the Bay Street Area. She was concerned about potential litigation with DEM or with private third parties. In addition, Plaintiff was seeking legal advice about

potential claims she and her family may have against NEGAS. Plaintiff also sought legal advice to assist her in requiring NEGAS to test her properties for contamination and to exempt other family owned properties from the Moratorium area. Nixon Peabody hired Ransom Environmental Consultants to assist it in providing legal advice to Plaintiff.

ARGUMENT

A. Attorney-Client Privilege

NEGAS's claim that Nixon Peabody was retained to serve as a lobbyist for Plaintiff is a bald faced assertion without any merit and is belied by the facts of this case. Mrs. Carroll retained Nixon Peabody because she was concerned about potential liability from both the State and from other third parties. She was also interested in exploring legal claims that she or her family might have against NEGAS as well as in protecting the value of her family's properties (see Affidavit of Janice M. Carroll attached hereto as Ex. "A"). As set forth in plaintiff's Privilege Log, Mrs. Carroll had a number of communications with Nixon Peabody and Ransom relating to the legal matters for which they were retained. (See a copy of the Privilege Log attached hereto as Ex. "B" and Affidavit of Attorney Carolyn S. Kaplan attached hereto as Ex. "C"). The subject matter of most, if not all, of these communications was the historical ownership, development, and condition of the various Simpson owned properties in the Moratorium area. It is black letter law that "the attorney client privilege protects confidential communications between an attorney and client relating to legal advice sought from the attorney" U.S. v. Textron, 507 F.Supp.2d 138, 146 (D. R.I. 2007). Each of the attorney client documents being withheld involve Mrs. Carroll providing information to her attorneys and Ransom about the subject matter of this litigation and responses back from her attorneys or Ransom. (see, Cavallaro v. U.S., 284 F. 3d 236, 249 (1st Cir. 2002), attorney client

privilege applies to third parties hired to assist attorneys in providing legal assistance to client.) They are classic attorney client communications, dealing directly with the legal advice sought by Mrs. Carroll, that deserve the full protection of the privilege.[1]

B. Work Product Privilege

The Privilege Log also sets forth a number of work product documents prepared by Nixon Peabody and Ransom relating to their legal services to plaintiff.

> The work product privilege applies to materials prepared or gathered by an attorney in anticipation of litigation or preparation for trial. The purpose of the privilege is "to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation' free from unnecessary intrusion by his adversaries," *United States v. Adlman*, 134 F.3d 1194, 1196 (2d Cir. 1998) (citing *Hickman v. Taylor*, 329 U.S. 495, 510-11, 67 S.Ct. 385, 393094, 91 L.Ed. 451 (1947)), "to prevent a litigant from taking a free ride on the research and thinking of his opponent's lawyer and to avoid the resulting deterrent to a lawyer's committing his thoughts to paper." *Frederick*, 182 F.3d at 500.

U.S. v Textron, 507 F. supp 2d 138, 140 (D. R.I. 2007)

To determine whether a document was prepared in anticipation of litigation, the question is whether the document was prepared or obtained "because of" the prospect of litigation. Id. at 149. As set forth above, the primary concern of Mrs. Carroll in retaining her lawyers was protection from potential liability and preserving the value of her family's properties. The work product documents listed on the Privilege Log are documents that were obtained or prepared by Mrs. Carroll's attorneys and their agent pursuant to their legal engagement. Much of it involved compiling a detailed history of properties, some dating back more than one hundred years. They were compiled to prepare legal strategies and a defense for

[1] Defendant's cites to cases involving attorneys acting as lobbyists are inapplicable. Although Mrs. Carroll's attorneys, as part of their legal representation, contacted DEM to have certain of the Simpson properties tested by NEGAS and have others excluded from the Moratorium, such contacts were made as legal advocates within the context and backdrop of anticipating potential litigation.

Mrs. Carroll and her family who faced potential ligation from the DEM or other landowners. The also were compiled to allow her legal team to advocate with DEM to attempt to preserve the value of the Simpson properties. DEM is the state agency that has the power to sue Mrs. Carroll and her family as well as to enforce action to have Simpson properties tested or removed from the Moratorium. Plaintiff also was faced with potential lawsuits from her neighbors and was contemplating suing NEGAS for the harm caused by the contamination. This was the strong backdrop of potential liability facing Mrs. Carroll and her family and was the context within which these documents were prepared.

C. Plaintiff's Privilege Log

Plaintiff's Privilege Log (Ex. B) provides detailed information of the author and recipient of each document, the privilege being asserted, and a description of each document sufficient to convey to defendant the nature of the privilege being asserted. A party claiming a privilege must "make the claim expressly and … describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5)(A).

> The privilege log should: identify each document and the individuals who are parties to the communications, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure.

United States v. Constr. Prods. Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996) (internal citation omitted).

Although a limited number of entries on the log may not be as precise as defendant deems necessary, at a minimum all entries make a prima facie showing of privilege. It is also obvious to all parties that all of these documents were gathered or prepared to determine the legal

liabilities and rights that attached to the Simpson properties resulting from the coal gasification contamination in the Moratorium area of North Tiverton. If there are certain documents where the NEGAS believes it needs more detail to determine the privilege, plaintiff, without waiving any of her rights, is willing to provide that additional detail.

D. Redacted Documents

Plaintiff will produce those documents in redacted form where it is possible to redact the privileged information.

E. Documents Disclosed to Third Parties

All documents disclosed to third parties have been produced and, if not, will be produced forthwith.

*Dated*: February 11, 2008

Respectfully submitted,

PLAINTIFFS,
By and through their attorneys,

/s/ Robert J. McConnell
Robert J. McConnell (#3888)
Jonathan D. Orent (#7408)
**MOTLEY RICE LLC**
321 South Main Street
Providence, RI 02940
(401) 457-7700

David C. Strouss
Neil T. Leifer
Brad J. Mitchell
**THORNTON & NAUMES LLP**
100 Summer Street, 30th Floor
Boston, MA 02110
(617) 720-1333

Mark W. Roberts
**MCROBERTS, ROBERTS & RAINER, LLP**
53 State Street
Boston, MA 02109

(617) 722-8222

Corvello, et al. v. N.E. Gas Co., Inc., et al.

1:05-cv-00221-T-LDA
**Service List**

**Bridgestone Americas Holdings, Inc.**
**Bridgestone Firestone North American Tire, LLC**
*(ThirdParty Defendants)*

Benjamin V. White, III, Esq.
Kimberly A. Simpson, Esq.
Vetter & White, Incorporated
20 Washington Place
Providence, RI 02903
421-3060
272-6803 (facsimile)
bwhite@vetterandwhite.com
ksimpson@vetterandwhite.com

William D Wick, Esq.
Wactor & Wick LLP
180 Grand Avenue, Suite 950
Oakland, CA 94612
510-465-5750
510-465-5697 (facsimile)
bwick@ww-envlaw.com

**Dominion Resources, Inc and**
**Dominion Energy Brayton Point LLC**
*(Third Party Defendants and Counter-Claimants)*

Craig R. Waksler, Esq.
McGivney & Kluger, P.C.
72 Pine Street, 1st Floor
Providence, RI 02903
272-5300
331-7454 (facsimile)
cwaksler@mcgivneyandkluger.com

Matthew B. Kirsner, Esq.
Troutman Sanders, LLP
P.O. Box 1122
1001 Haxall Point
Richmond, VA 23208
804-697-1449

804-698-6001 (facsimile)

Andrew G. Mauck, Esq.
Troutman Sanders LLP
P.O. Box 1122
1001 Haxall Point
Richmond, VA 23208
804-697-1215
804-698-5109 (facsimile)

<u>**City of Fall River** *(Third Party Defendant)*</u>

Anthony F. Muri, Esq.
Muri Associates LLC
10 Weybosset Street
Providence, RI 02903
421-7300
421-7352 (facsimile)
amuri@murilaw.com

Kerry T. Ryan, Esq.
Emily C. Shanahan, Esq.
Tarlow, Breed, Hart & Rodgers P.C.
101 Huntington Avenue
Prudential Center, Suite 500
Boston, MA 02199
617-218-2000
617-261-7673 (facsimile)

<u>**Gulf Oil Corporation**</u>
*(Third Party Defendant)*

David A. Crichlow, Esq.
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036
212-858-1640
212-858-1500 (facsimile)
david.crichlow@pillsburylaw.com

David M. Goldberg, Esq.
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036
215-858-1450

917-456-3472 (facsimile)
david.goldberg@pillsburylaw.com

Catherine C. McCulley, Esq.
Pillsbury Winthrop Shaw Pittman LLP
909 Fannin Street
Houston, TX 77010
713.276.7633
281.582.7545 (facsimile)
catherine.mcculley@pillsburylaw.com

David B. Willis, Esq.
Legal Management Services LLC
55 Hammarlund Way
Middletown, RI 02842
843-8400
843-8401 (facsimile)
dwillis@legalmgt.com

Bruce Gregory Tucker, Esq.
55 Hammarlund Way
Middletown, RI 02842
843-8400
843-8401 (facsimile)
btucker@legalmgt.com

**Honeywell International, Inc**
*(Third Party Defendant)*
Gregory L. Benik, Esq.
Benik & Associates P.C.
931 Jefferson Blvd., Suite 2008
Warwick, RI 02886
454-0054
732-5054 (facsimile)
gbenik@jreri.com

Jeffrey Bromme, Esq.
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, DC 20004-1206
202-942-6254
202-942-5999 (facsimile)
jeffrey_bromme@aporter.com

**Inland Fuel Terminals, Inc**
*(Third Party Defendant)*

Paul M. Sanford, Esq.
Burns & Levinson LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
401-831-8330
401-831-8359 (facsimile)
psanford@burnslev.com

Christopher P. McCormack, Esq.
Pullman & Comley LLC
850 Main Street
Bridgeport, CT 06601
203-330-2016
203-576-8888 (facsimile)
cmccormack@pullcom.com

**New England Gas Co., Inc.**
*(Defendant, Counter Defendant, Third Party Pltf)*

David A. Wollin, Esq.
Kristen W. Sherman, Esq.
John A. Tarantino, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
274-7200
351-4607 (facsimile)
dwollin@apslaw.com
ksherman@apslaw.com
jtarantino@apslaw.com

Gerald J. Petros, Esq.
Robin-Lee Main, Esq.
Hinckley, Allen & Snyder
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
274-2000
277-9600 (facsimile)
gpetros@haslaw.com
rmain@haslaw.com

David E. Ross, Esq.
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019
212-506-1748

212-506-1800 (facsimile)
dross@kasowitz.com

Seth Davis, Esq.
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019
212-506-1790
212-506-1800 (facsimile)

Eric D. Herschmann, Esq.
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019
212-506-1711
212-506-1800 (facsimile)
eherschmann@kasowitz.com

Noelle Kowalczyk, Esq.
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019
212-506-1778
212-506-1800 (facsimile)
nkowalczyk@kasowitz.com

Christina C. Dodds, Esq.
Bishop London Brophy Dodds, P.C.
3701 Bee Cave Road
Austin, TX 78746
512-479-5900
512-479-5934 (facsimile)
CDodds@bishoplondon.com

_______/s/ Robert J. McConnell_____