UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO, et al.<br>*Plaintiffs,*<br>vs.<br><br>NEW ENGLAND GAS COMPANY, INC.,<br>*Defendant/Third-Party Plaintiff,*<br>vs.<br><br>BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, et al.<br>*Third-Party Defendants* | C.A. No. 05-0221T (Lead Case)<br>(Related and Consolidated Cases: 05-274T; 05-370T; 05-522T) |

**NEW ENGLAND GAS COMPANY'S MEMORANDUM ON ISSUES RELATING TO THE LAW OF PUBLIC NUISANCE PENDING BEFORE THE RHODE ISLAND SUPREME COURT**

On March 7, 2008, by Text Order, this Court ordered the parties to submit memoranda "on issues raised in respect of public nuisance before the Rhode Island Supreme Court." New England Gas Company ("NEGC") submits this memorandum in accordance with the Court's Order.

## BACKGROUND

### 1. The Motion To Dismiss Ruling

Plaintiffs filed a multi-count Complaint against NEGC. NEGC moved to dismiss, among other counts, Plaintiffs' claim for public nuisance. By Memorandum and Order of November 3, 2006 (Document #65), this Court granted in part and denied in part NEGC's Motion to Dismiss the Complaint.[1]

[1] The Plaintiffs' claims alleging negligence, strict liability, public nuisance and claims with respect to punitive damages were allowed to proceed, while the claims for gross negligence, private nuisance, intentional and negligent infliction of emotional harm, and violation of the Rhode Island Hazardous Waste Management Act, were all dismissed.

In its Memorandum and Order, with respect to the public nuisance claim, this Court noted that in order for a private plaintiff to prevail, that plaintiff must establish that a defendant unreasonably interfered with a "right common to the general public" and that the plaintiff sustained "special damages" as a result of the interference. *Id. See also Hydro Manufacturing, Inc. v. Kayser-Roth Corp.*, 640 A.2d 950, 957-58 (citing *Iafrate v. Ramsden*, 190 A.2d 473, 476 (R.I. 1963)); *Clark v. Peckham*, 10 R.I. 35 (1871). This Court also recognized that a right common "to the general public" must be a *collective right*, one that is shared by everyone in the community. *Id.* In this regard, the *collective* right differs from a right that is possessed by individual members of the public. *See* Restatement (Second) of Torts, § 821B cmt.G. For this reason, public nuisance has been defined by the Rhode Island Supreme Court as something "that unreasonably interferes with the health, safety, peace, comfort or convenience of the general community." *Citizens for Preservation of Waterman Lake v. Davis*, 420 A.2d 53, 59 (R.I. 1980).

This Court further noted that under certain and unique circumstances an "'aggregation of private injuries [that] become so great and extensive as to constitute a public annoyance and inconvenience, and wrong against the community,'" could amount to a public nuisance. *Id. at 17. See Sullivan v. Amer. Mfg. Co. of Massachusetts*, 33 F.2d 690, 692 (4th Cir. 1929) (quoting *Wesson v. Washburn Iron Co.*, 13 Allen 95, 90 Am.Dec. 181 (Mass. 1866)), However, this Court also recognized that even when a condition may interfere with the private rights of a substantial number of individuals, this does not by itself make the condition a public nuisance. *Id.* at 18. *Iafrate*, 190 A.2d at 476 (a plaintiff must demonstrate that the "acts complained of interfered with an interest of plaintiffs common to the general public.") (quoting W. Page

Keeton, et al., *Prosser & Keeton on the Law of Torts*, § 90 at 645 (5th ed. 1984)).[2] Consequently, even if a private plaintiff suffers personal injury or property damage, or a substantial interference with the use and enjoyment of the plaintiff's property, in order for that damage to be compensable under public nuisance law, the plaintiff's damages must have been caused by an interference with a public right. *See Hydro Mfg.*, 640 A.2d at 957-58; *Prosser*, § 90 at 648.

As this Court also recognized, the Complaints in this case do not "specifically allege that the coal gasification waste poses a threat to public health or otherwise unreasonably interferes with a right common to the general public." Memorandum and Order at 20. Rather, the Complaints "allege that the waste contains a number of highly toxic substances and that the presence of those substances has prompted the town to impose a building moratorium in the area." *Id*. This Court concluded that it could not say, at the motion to dismiss stage, the Plaintiffs would be unable to prove any set of facts that would entitle them to relief under public nuisance law and, therefore, denied the motion to dismiss.

### 2. **The Lead Paint Case: Public Nuisance Issues Pending Before the Rhode Island Supreme Court**

As this Court is aware, the Attorney General of the State of Rhode Island brought a public nuisance lawsuit against certain former manufacturers of lead pigment, alleging that the presence and cumulative effect of lead pigment in buildings throughout the State of Rhode Island constitutes a public nuisance. In February of 2006, after the longest civil jury trial in Rhode Island history, a jury found that a public nuisance existed, and further found that three of the four defendants, NL Industries, The Sherwin-Williams Company and Millennium Holdings, LLC,

---

[2] The example given in Prosser to illustrate the concept of public right is that of a polluted stream. Pollution of the stream would be a private nuisance if it interfered solely with the use and enjoyment of property that belonged to a number of riparian owners (even if that number of riparian owners was substantial); but the pollution would be a public nuisance if the pollution killed all of the fish in the stream, thereby depriving the public of the right to fish in the stream.

caused or substantially contributed to the creation of the public nuisance and further found that those defendants had to abate the public nuisance. The jury found in favor of the fourth defendant, Atlantic Richfield Company.

Appeals from the jury verdict are presently pending before the Rhode Island Supreme Court. The issues pending before the Rhode Island Supreme Court on appeal, when decided, will clarify the law of public nuisance in Rhode Island and will assist this Court, among other things, in instructing the jury on the law of public nuisance. The Rhode Island Supreme Court set a briefing and argument schedule as follows: the opening briefs were due (and were filed) on January 31, 2008; opposition briefs are due on March 17, 2008; reply briefs are due on April 15, 2008; and oral argument is set for May 15, 2008. Chief Justice Williams has informed the parties that it is the Court's intention to render a decision during the week of July 4, 2008.

Trial in this case is currently scheduled to begin on April 23, 2008, roughly 70 days before the anticipated decision by the Rhode Island Supreme Court in the lead paint case. NEGC respectfully suggests that this Court should await the Rhode Island Supreme Court's decision so that this Court and the parties here may receive direction from the Rhode Island Supreme Court on the law of public nuisance.[3] As this Court noted in its Memorandum and Order (and quoting Professor Prosser) "[t]here is perhaps no more impenetrable jungle in the entire law than that which surrounds the word 'nuisance'" and, consequently, what has occurred is the tendency of courts "to seize upon a catch word as a substitute for any analysis of the problem." *Id*. at 13,

---

[3] *See e.g., In re President and Fellows of Harvard College*, 149 F.2d 69, 72-73 (1st Cir. 1945) (recognizing that federal court, as an appropriate exercise of discretion, may stay proceedings before it until a decision by state supreme court on controlling point of state law); *Commerce Oil Refinery Corp. v. Miner*, 303 F.2d 125, 128-129 (1st Cir. 1962) (in deciding whether to stay federal action pending an anticipated decision by state court on a determinative matter, court should consider not only possible delay, but, among other things, the relative difficulty in predicting what state court would decide and the importance of the state court decision to the case). As set forth herein, these factors militate in favor of delaying this trial until the Rhode Island Supreme Court decides the important legal issues on the law of public nuisance.

quoting *Prosser*, § 86 at 617. NEGC – as well as the defendants/appellants in the lead paint case – expect that the Rhode Island Supreme Court will use an analytical machete to clear a path through that "impenetrable jungle," a path that will lead to understanding the law of public nuisance in Rhode Island. In so doing, NEGC suggests that the present uncertainty of the law of public nuisance that affects not only the lead paint case, but also this case, will be clarified.[4]

Legal issues of particular note, both in the lead paint case and in the present care are as follows:

*Conduct of the Defendant/Fault*: In the lead paint case, the trial justice ruled that a plaintiff need not prove fault against a defendant, because he concluded that the law of public nuisance looks to the *condition* of premises, rather than to the *conduct* of the defendant. The defendants/appellants in the lead paint case, as does NEGC here, disagree and believe that, particularly where a defendant does not control the premises where the public nuisance is alleged to exist, the plaintiff must allege and prove fault in order to sustain a public nuisance claim. The issue of conduct of the defendant and its application to public nuisance law is pending before the Rhode Island Supreme Court.

*Unreasonable Interference with a Public Right:* Tied to the issue of a defendant's conduct is the issue of the "unreasonableness" of the alleged public nuisance. The Rhode Island Supreme Court is being asked to determine whether the conduct of the defendant is relevant in public nuisance law and, therefore, if the conduct of the defendant is not of a kind that subjects the defendant to liability, then even if the nuisance exists, the defendant is not liable for it. *See* Restatement § 822, § 821A, cmt.c.

---

[4] While plaintiffs may attempt to distinguish the factual underpinnings of the State's case in the lead paint litigation from plaintiffs' case here, there is only one body of public nuisance law in Rhode Island, and it makes no distinction among the various instrumentalities alleged to cause the nuisance, nor does the common law of public nuisance generally draw distinctions based on the locus of the alleged nuisance.

In the Restatement's non-exclusive list of circumstances where interference with a public right might be unreasonable, all of them focus on a defendant's "conduct."[5] The relevant portion of § 821B states as follows:

> (2) Circumstances that may sustain a holding that an interference of a public right is unreasonable include the following:
>
> (a) whether the *conduct* involves a significant interference with the public health, the public safety, the public peace, the public comfort, or
>
> (b) whether the *conduct* is proscribed by a statute, ordinance or administrative regulation, or
>
> (c) whether the *conduct* is of a continuing nature or has produced a permanent or long-lasting effect, *and as the actor knows or has reason to know*, has a significant effect upon the public right.

§ 821B(2) (emphasis added). In contrast to the Restatement provisions, the trial justice in the lead paint case replaced the focus on "conduct" with a focus on "condition," thereby changing the meaning and application of § 821B.[6] *See* **Exhibit 1** at pp. 106-108.[7]

---

[5] Although the Restatement drafters did not include a specific standard for delineating liability in public nuisance, the Restatement comments repeatedly state that liability for a public nuisance parallels liability for a private nuisance. In fact, the Restatement notes that the public and private nuisances both involve "the types of conduct that serve in general as bases for all tort liability," and, therefore, subject to any liability that may be created by statute, "the tort law of public nuisance is consistent with [the law of private nuisance]." § 822 cmt.a.

[6] NEGC submits that the only circumstance where fault may not be involved in public nuisance, is where the interference "result[s] from an abnormally dangerous activity for which there is strict liability." § 822, a. However, as the Rhode Island Supreme Court clarified in *Splendorio v. Bilray Demolition Co.*, 682 A.2d 461 (R.I. 1996), even in such circumstances, absolute liability may be imposed for engaging in ultra hazardous *conduct*, but not for use of ultra hazardous *materials*. This Court concluded in its Memorandum and Order on the Motion to Dismiss that the Plaintiffs' Complaint alleged that the Defendant's activities were ultra hazardous or abnormally dangerous, and that this Court would likely have to rule on that question as a matter of law. This Court concluded that it could not make that determination until evidence was presented with respect to the facts upon which the determination must be based because, at the time of the Motion to Dismiss ruling, the relevant facts were unknown to the Court.

[7] For this Court's convenience, NEGC has attached as Exhibit 1 the relevant portions of the trial court's charge to the jury on public nuisance in the lead paint case.

*Defendant's Lack of Control*: The plaintiff in the lead paint case argued, as NEGC believes the plaintiffs will argue here, that it did not have to prove that a defendant was in control of the offending premises or the instrumentality causing the nuisance at the time the harm occurs. This is contrary to traditional public nuisance law. *In Citizens for Preservation of Waterman Lake v. Davis,* 420 A.2d 53, 59 (R.I. 1980), the court affirmed the dismissal of a public nuisance claim against the operator of a commercial dump based on the noise of trucks traveling to and from the site. The court dismissed the claim because the plaintiffs "failed to produce any evidence directly bearing on the amount of noise created by trucks *under Davis's control*." (emphasis added) The issue of control (or lack of control) is of significant importance here. The Rhode Island Supreme Court is to decide how the issue of control of the instrumentality allegedly creating or causing the nuisance and its harms applies to public nuisance claims.[8]

*Defendant's Lack of Knowledge*: The plaintiff in the lead paint case argued, as NEGC believes the plaintiffs will argue here, that a plaintiff need not prove that a defendant knew or should have known at the relevant time that its product (alleged to cause the nuisance) was a hazard and would cause harm. Consequently, whether "the state of the art" at the time that the product was used, or here, during the time when the waste was generated, is relevant in a public nuisance claim is an issue pending before the Rhode Island Supreme Court.

---

[8] NEGC submits that a careful review of Rhode Island case law shows that the Supreme Court has applied the doctrine of public nuisance only in certain circumscribed contexts: Generally, at a minimum, a finding of public nuisance requires:

(1) some site-based activity that is usually deliberate, but at least fault based,
(2) over which the defendant charged with creating or causing the public nuisance had control at the time the harm occurred, and
(3) which invaded some right shared by the public, generally a public space, air or stream, to the general public's detriment.

*Defendant's Lawful Conduct:* Another issue pending before the Rhode Island Supreme Court is whether a defendant can be held liable for creating a public nuisance if the defendant's conduct was lawful, authorized or both at the time the events complained of occurred. There are also constitutional limitations in attempting to impose severe retroactive liability on a limited class of parties, or a particular defendant (1) that could not have anticipated the liability and (2) where the extent of the liability is substantially disproportionate to the party's experience. *Eastern Enterprises v. Apfel*, 524 U.S. 498, 528-29 (1998) (plurality opinion) (holding retroactive liability to be a violation of the takings clause). *See also Id.* at 548-50 (Kennedy, J. concurring in the judgment in part) (holding retroactive liability to be a violation of due process). The issues of the lawful activity at the time of the defendant's conduct and the imposition of retroactive liability are also pending before the Rhode Island Supreme Court.

*Public Nuisance Jury Instructions:* Consistent with the above, there are also issues pending before the Rhode Island Supreme Court with respect to appropriate jury instructions in public nuisance cases. In the trial justice's charge to the jury in the lead paint case, he stressed that liability for nuisance "is predicated upon unreasonable injury rather than upon unreasonable conduct." The trial justice in the lead paint case defined "public nuisance" first in terms that excluded consideration of defendant's fault-based conduct, and then, moving on to the issue of liability, he instructed the jury that it must *not* consider the culpability, legality or reasonableness of the defendant's conduct when assessing liability.

The trial justice instructed the jury that:

- "A defendant is liable for public nuisance if the nuisance is caused by its activity or by an activity in which it participated to a substantial extent."
- "The act or the failure to act by a defendant need not be intentional or negligent to impose liability for creating a public nuisance."

- "[T]he fact that the conduct which caused the public nuisance otherwise is lawful or has not been made unlawful, does not preclude liability where that conduct nevertheless results in the public nuisance."

- "Liability for public nuisance arises when the defendant's acts set in motion a force or chain of events which proximately causes the public nuisance."

The Rhode Island Supreme Court is being called on to review and decide these issues, which are also germane to the present case.

**CONCLUSION**

For the reasons stated, a significant number of fundamental legal issues presently pending before the Supreme Court are also issues in this case and the Rhode Island Supreme Court's determination of those issues will likely impact how this Court will decide summary judgment motions and, if necessary, instruct the jury on the law of public nuisance. Consequently, NEGC respectfully requests that before trying this case, this Court await further clarification from the Rhode Island Supreme Court on these issues of importance in public nuisance law.[9]

Dated: March 13, 2008

**ADLER POLLOCK & SHEEHAN P.C.**

By: *<u>/s/ John A. Tarantino</u>*

John A. Tarantino (#2586)
David A. Wollin (#4950)
Kristen W. Sherman (#5595)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
(401) 351-4607 (fax)

[9] NEGC would be pleased to provide the Court with the brief of NL Industries on the issues of public nuisance in the lead paint case if the Court would find it helpful in making its determination.

**KASOWITZ, BENSON, TORRES**
**& FRIEDMAN LLP**
Eric D. Herschmann
David E. Ross
Seth Davis
1633 Broadway
New York, New York 10019
(212) 506-1700

- and -

**BISHOP, LONDON & DODDS**
Christina Dodds
3701 Bee Cave Road, Suite 200
Austin, Texas 78746
(512) 479-5000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company*

-and-

**HINCKLEY, ALLEN & SNYDER**
Gerald J. Petros (#2931)
Robin L. Main (#4222)
50 Kennedy Plaza
Providence, RI
(401) 274-2000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company, as to*
*Third-Party Defendants*
*Dominion Resources, Inc. and*
*Dominion Energy Brayton Point LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of March, 2008, I did cause to be served a true copy of the within document by electronic means (ECF) to the following:

***PLAINTIFFS' ATTORNEY***

David A. Cetola, Esq.
McRoberts, Roberts and Rainer LLP
53 State Street
Boston, MA 02109
dcetola@mcrobertslaw.com
***Attorney for Plaintiffs Gail Corvello et al.***

Brian R. Cunha, Esq.
Brian Cunha & Associates, P.C.
904 Broadway
East Providence, RI 02914
brian@briancunha.com
***Attorney for Plaintiffs Kevin R. Burns & Colleen Bigelow et al.***

Stephen Harten, Esq.
Ratcliffe Burke Harten & Elias LLP
160 Financial Plaza
Providence, RI 02903
sharten@rbhelaw.com
***Attorney for Plaintiffs Sheila Reis et al.***

Heather Spurlock Kennealy, Esq.
McRoberts, Roberts and Rainer, LLP
53 State Street
Boston, MA 02109
Hskennealy@mcrobertslaw.com
***Attorney for Plaintiffs Gail Corvello et al.***

Neil T. Leifer, Esq.
Thornton & Naumes, LLP
100 Summer Street, 30th Floor
Boston, MA 02110
nleifer@tenlaw.com
***Attorney for Plaintiffs Gail Corvello et al.***

John McConnell, Esq.
Motley Rice LLC
321 South Main Street
Providence, RI 02903
jmcconnell@motleyrice.com
***Attorney for Plaintiffs Gail Corvello et al.***

Robert J. McConnell, Esq.
Motley Rice LLC
321 South Main Street
Providence, RI 02903
bmcConnell@motleyrice.com
***Attorneys for Plaintiffs Gail Corvello et al.***

Jonathan D. Orent, Esq.
Motley Rice LLC
321 South Main Street
Providence, RI 02903
jorent@motleyrice.com
***Attorney for Plaintiffs Gail Corvello et al.***

Paul Revere, III, Esq.
Law Offices of Paul Revere, III
297 North Street – Suite 337
Hyannis, MA 02601
revereiii@aol.com
***Attorney for Plaintiff's Sheila Reis et al.***

Mark W. Roberts, Esq.
McRoberts, Roberts & Rainer, LLP
Exchange Place
53 State Street
Boston, MA 02109
mroberts@mcrobertslaw.com
***Attorney for Plaintiffs Gail Corvello et al.***

Aileen L. Sprague, Esq.
Motley Rice LLC
321 South Main Street
Providence, RI 02903
asprague@motleyrice.com
***Attorney for Plaintiffs Gail Corvello et al.***

Christian F. Uehlein, Esq.
Thornton & Naumes, LLP
100 Summer Street
Boston, MA 02110
Cuehlein@tenlaw.com
***Attorney for Plaintiffs Gail Corvello et al.***

Richard J. Zabbo, Esq.
Ratcliffe Burke Harten & Elias LLP
160 Financial Plaza
Providence, RI 02903
sharten@rbhelaw.com
***Attorney for Plaintiffs Sheila Reis et al.***

***DEFENDANTS' ATTORNEYS***

Seth Davis, Esq.
Kasowitz Benson Torres & Friedman
1633 Broadway
New York, NY 10019
***Attorney for Defendant New England Gas Company***

Christina C. Dodds, Esq.
Bishop London Brophy Dodds, P.C.
3701 Bee Cave Road
Austin, TX 78746
CDodds@bishoplondon.com
***Attorney for Defendant New England Gas Company***

Eric D. Herschmann, Esq.
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019
eherschmann@kasowitz.com
***Attorney For Defendant New England Gas Company***

Noelle Kowalczyk, Esq.
Kasowitz Benson Torres & Friedman
1633 Broadway
New York, NY 10019
***Attorney for Defendant New England Gas Company***

Robin-Lee Main, Esq.
Hinckley Allen & Snyder
50 Kennedy Plaza
Suite 1500
Providence, RI 02903
rmain@haslaw.com
***Attorney for Defendant New England Gas Company***

Gerald J. Petros, Esq.
Hinckley, Allen & Snyder
50 Kennedy Plaza – Suite 1500
Providence, RI 02903
gpetros@haslaw.com
***Attorney for Defendant New England Gas Company***

***THIRD PARTY DEFENDANTS' ATTORNEYS***

Gregory L. Benik, Esq.
Nixon Peabody, LLP
One Citizens Plaza
Providence, RI 02903
gbenik@nixonpeabody.com
***Attorney for Third Party Defendant Honeywell International, Inc.***

Jeffrey Bromme, Esq.
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
Jeffrey.Bromme@aporter.com
***Attorney for Third-Party Defendant Honeywell International, Inc.***

David A. Crichlow, Esq.
Pillsbury Winthrop Shaw Pittman
1540 Broadway
New York, NY 10036
David.crichlow@pillsburylaw.com
***Attorney for Third Party Defendant Gulf Oil Corporation***

David M. Goldberg, Esq.
Pillsbury Winthrop Shaw Pittman
1540 Broadway
New York, NY 10036
David.goldberg@pillsburylaw.com
***Attorney for Third Party Defendant Gulf Oil Corporation***

Christopher P. McCormack, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006
cmccormack@pullman.com
***Attorney for Third Party Defendant Inland Fuel Terminals, Inc.***

Thomas F. McGuire, Jr., Esq.
Corporation Counsel
City of Fall River
One Government Center – 6th Floor
Fall River, MA 02722
***Attorney for Third Party Defendant City Fall River***

Thomas F. McGuire, Jr., Esq.
McGuire & Coughlin, P.C.
70 South Main Street
P.O. Box 1187
Fall River, MA 02722-1187
Tmcguire@meganet.net
***Attorney for Third-Party Defendant City Fall River***

Jerry W. Ross, Esq.
Pillsbury Winthrop Shaw Pittman LLP
2 Houston Center
909 Fannin, Suite 2000
Houston, TX 77010-1018
Jerry.ross@pillsburylaw.com
***Attorney for Third Party Defendant Gulf Oil Corporation***

Paul M. Sanford, Esq.
Burns & Levinson LLP
One Citizens Plaza – Suite 100
Providence, RI 02903
psanford@burnslev.com
***Attorney for Third Party Defendant Inland Fuel Terminals, Inc.***

Jeanne M. Scott, Esq.
Ursillo, Teitz & Ritch, Ltd.
2 Williams Street
Providence, RI 02903
jeannescott@utrlaw.com
***Attorney for Third Party Defendant Town of Tiverton***

Kimberly A. Simpson, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903
ksimpson@vetterandwhit.com
***Attorney for Third Party defendants Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holdings, Inc.***

Bruce Gregory Tucker, Esq.
300 Centerville Road, Suite 304S
Warwick, RI 02886
btucker@legalmgt.com
***Attorney for Third Party Defendant Gulf Oil Corporation***

James F. Stutts, Esq.
Vice President and General Counsel
Dominion Resources, Inc.
120 Tredegar Street
Richmond, VA 23219
James.stutts@dom.com
***Attorney for Third Party Defendant Dominion Resources; Dominion Energy Brayton Point LLC***

William D. Wick, Esq.
Wactor & Wick, LLP
180 Grand Avenue – Suite 950
Oakland, CT 94612
bwick@ww.envlaw.com
***Attorney for Third Party Defendant Firestone North American Tire, LLC and Bridgestone Americas Holdings, Inc.***

Craig R. Waksler, Esq.
McGivney & Kluger, P.C.
72 Pine Street, 1st Floor
Providence, RI 02903
cwaksler@taylorduane.com
***Attorney for Third Party Defendants Dominion Resources, Inc. and Dominion Energy Brayton Point, LLC***

Benjamin V. White, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903
bwhite@vetterandwhite.com
***Attorney for Third Party defendants Bridgestone Firestone North American Tire, LLC and Bridgestone Americas Holdings, Inc.***

David B. Willis, Esq.
Legal Management Services, LLC
300 Centerville Road, Suite 304S
Warwick, RI 02886
dwillis@legalmgt.com
***Attorney for Third Party Defendant Gulf Oil Corporation now known as Chevron USA***
Matthew B. Kirsner, Esq.
Andrew G. Mauck, Esq.
Troutman Sanders LLP
P.O. box 1122
1001 Haxall Point
Richmond, VA 23218-1122
***Attorneys for Third Party Defendants Dominion Resources Inc. and Dominion Energy Brayton Point, LLC***

Catherine C. McCulley, Esq.
Pillsbury Winthrop Shaw Pittman LLP
909 Fannin Street
Houston, TX 77010
***Attorney for Third Party Defendant Gulf Oil Corporation***

***INTERESTED PARTIES ATTORNEYS***

Susan B. Forcier, Esq.
R.I. Department of Environmental
Management
Office of Legal Services
235 Promenade Street – 4th Floor
Providence, RI 02908
Susan.wilson@dem.ri.gov
***Attorney for Interested Party Department of Environmental Management***

/s/ *John A. Tarantino*

*447267_1.doc*