# EXHIBIT 1

reasons given in support of the opinion are not sound; or if you feel that an opinion was outweighed by other evidence, you may disregard the opinion entirely.

Ladies and gentlemen, if you find that there is evidence in the record that has not been contradicted, you may take that evidence as you see fit. You need not accept the evidence, but you may take it as evidence establishing whatever fact that was presented in connection with.

The Court must caution you that you should not make your decision about any disputed point of fact based purely upon the number of witnesses that testified one way or the other about that issue or the volume of evidence offered on it. In other words, the test is not one of which side brings the greater number of witnesses or presents the greater quantity of evidence to prove a disputed point. The test is which witness and which evidence appeals to your minds as being most accurate and

8124

trustworthy and that produces in your minds a belief in the likelihood of the truth.

Members of the jury, I remind you that your decision is to be based on your view of the evidence in this case and your application thereto of the instructions I now am giving you and not on the closing arguments by counsel which you have heard.

The claim brought by the State against each Defendant is called "public nuisance." I tell you now that during the trial there was reference to the Lead Poisoning Prevention Act. That Act does not preclude the

State from maintaining this public nuisance action. You are being asked whether the cumulative presence of lead pigment in paints and coatings in or on buildings throughout the state of Rhode Island constitutes a public nuisance. You are not asked do decide whether each separate property that may contain such lead -- lead pigment is by itself a public nuisance but rather whether the cumulative presence of all such pigment on properties throughout the state constitutes a single public nuisance.

Because the State's public nuisance claim concerns only lead pigment contained in paints and coatings in or on buildings throughout the state, you should not take into account lead from other sources in determining

8125

whether such public nuisance exists. If you determine that the cumulative presence of lead pigment in paint and coatings on buildings throughout Rhode Island constitutes a public nuisance, you will be asked to decide whether each Defendant individually or whether more than one Defendant through collective conduct is or are responsible for creating, maintaining or substantially contributing to the creation or maintenance of such public nuisance in Rhode Island.

The first part of the State's public nuisance claim requires the State to prove that a public nuisance exists. A public nuisance is something that unreasonably interferes with a right common to the general public. It is something that unreasonably interferes with the health, safety, peace, comfort or convenience of the general community. An essential element of a public

nuisance claim is that persons have suffered harm or are threatened with injuries that they ought not have to bear. Public nuisance concerns injury or harm caused, rather than conduct which gives rise to the injury. In this case, the State contends that the cumulative presence of lead pigments contained in paints and coatings in and on buildings throughout Rhode Island unreasonably interferes with a right common to the general public. Each Defendant denies the State's



contention.

A right common to the general public is a right or an interest that belongs to the community at large. It is a right that is collective in nature. A public right is a right collective in nature and not like an individual right that everyone has not to be assaulted, or defamed, or defrauded, or negligently injured.

The State must prove in order to establish a public nuisance that the presence of lead pigment in paint in and on buildings throughout Rhode Island as aforesaid unreasonably interferes with a right common to the general public. In this connection, an interference is an injury, invasion, disruption, or obstruction of a right held by the general public. Interference is unreasonable when persons have suffered harm or are threatened with injuries that they ought not have to bear. Harm or injuries necessary for a public nuisance to exist may be act -- may be either actual present harm or the threat of likely future harm. The threat of likely future harm means harm likely would occur in the

future which the public ought not have to bear as a result of a condition which exists today. A threatened harm may be unreasonable if the condition is of such a continuing nature or is likely to produce such permanent or long-lasting consequences as to have a substantial



effect upon the public health, safety, peace, comfort or convenience. When you consider the unreasonableness of the interference, you may consider a number of factors, including the nature of the harm, the numbers of the community who may be affected by it, the extent of the harm, the permanence of the injuries, and the potential for likely future injuries or harm.

You are being asked to determine if harm has occurred or if a continuing threat of likely harm exists which amounts to an unreasonable interference with the health, safety, peace, comfort or convenience of the general community. A finding of either a present harm or the potential for likely future harm, separately or together, in the manner that has been defined is sufficient to support a finding of a public nuisance.

In public nuisance cases, you must consider the legal term "proximate cause." In this case in order to prove proximate cause or proximate causation, the State must establish two things: (1) that each Defendant's conduct was a substantial cause of the public nuisance alleged by the State; and (2) that the public nuisance was a substantial factor in causing injury or harm to the public.

Proximate cause means a cause that in a natural, continuous, and unbroken sequence produces an event or

injury and without which the event or injury would not have occurred. The proximate cause of an event or injury is a substantial, primary or moving cause without which the event or injury would not have happened. Causes that merely are incidental are not proximate causes.

A cause that is a proximate cause may be the sole or only cause of an event or injury, or it may be one of two or more or even several causes of an event or injury, some of which are a proximate cause, and some of which are not. Cause is proximate cause even if it comes together with or unites with some other cause and produces the event or injury. The test to be used is whether the particular cause at issue is a substantial cause or whether it is merely incidental.

If you determine that the cumulative presence of lead pigment in paints and coatings in or on buildings throughout Rhode Island is a public nuisance, you then must next decide whether one or more of the Defendants in this case are responsible or liable for that public nuisance. You are asked to decide whether the actions of any of these Defendants, either alone or in combination with others, substantially contributed to the creation of a public nuisance in this state.

A Defendant is liable for a public nuisance if the public nuisance is caused by its activity or by an



activity in which it participated to a substantial extent. When a Defendant is only one of several actors

participated -- participating in carrying on an activity that causes a public nuisance, its participation must be substantial before it can be held liable for the resulting public nuisance. The Defendant that participates to a substantial extent in the activity that causes a public nuisance is liable for the nuisance even after it has withdrawn from or stopped the activity and even if it is not in a position to stop the harm or to abate the condition.

The act or failure to act by a Defendant need not be intentional or negligent to impose liability for creating a public nuisance. Rather, the fact that the conduct which caused the public nuisance otherwise is lawful or has not been made unlawful does not preclude liability where that conduct nevertheless results in the public nuisance. Liability for public nuisance arises when the Defendant's acts set in motion a force or chain of events which proximately cause the public nuisance.

You need not find that lead pigment manufactured by the Defendants, or any of them, is present in particular properties in Rhode Island to conclude that Defendants, or one or more of them, are liable for creating, maintaining, or substantially contributing to the



creation or maintenance of a public nuisance in this case; nor do you have to find that the Defendants, or any of them, sold lead pigment in Rhode Island to conclude that the conduct of such Defendants, or of any of them, is a proximate cause of a public nuisance. Instead, you must consider the totality of each Defendant's conduct individually in order to determine whether such Defendant

is liable for a public nuisance as herein defined.

I also tell you that mere membership in a trade association is not sufficient to impose liability on any Defendant herein.

I tell you now that to the extent that the Defendants, or any of them, claim they are not liable because of an act or acts of others which occurred after their conduct and that such act constitutes an intervening superseding cause of the public nuisance and any harm or injury resulting therefrom, it is the burden of such Defendant, or any of them, to prove by a preponderance of the evidence such assertion. The Court calls to your attention the instructions above set forth with respect to proximate cause, burden of proof, and standard of proof.

In determining whether the acts of others constitute an intervening superseding cause, you must consider whether the conduct of the Defendants, or any of them,

8131

created or increased a foreseeable risk of harm through the intervention of such others' acts. If Defendants' conduct created or increased the foreseeable harm -- risk of harm through the intervention of the subsequent actor, then the intervening acts cannot be said to be an intervening superseding cause and Defendants will not have proved their assertion. On the other hand, if you find that Defendants have proved such a assertion, then any sequence of proximate causation attributable to Defendants will have been broken.

If you determine that the cumulative presence of

lead pigments in paint -- paints and coatings in and on buildings throughout Rhode Island is a public nuisance and that the Defendants, or any of them, are liable for that public nuisance, you will be asked to decide whether any of such Defendants, as you have found liable, should abate the public nuisance.

For the purposes of this instruction, I tell you that "abatement" means the public nuisance is to be rendered harmless or suppressed.

I also tell you that if you decide that abatement shall take place, it will be for the Court to determine the manner in which such abatement will be carried out.

Ladies and gentlemen, if during this trial or during the course of these instructions I have said or done

8132

anything that has caused you to believe that I was indicating an opinion as to what the facts in this case are, I tell you now, and I underscore it, I intended to indicate no such opinion. Whatever impressions I may or may not have formed about this case in a very real sense is totally beside the point. My job essentially is completed for now after I, in a few minutes, have finished giving you these instructions on the law.

Under our system it is you and you alone who have the responsibility for making credibility and factual determinations and the ultimate determination as to the proper verdict in this case. Remarks, statements, or personal opinions expressed by counsel during the trial or in final arguments are not evidence and are not to be considered by you as evidence during your deliberations. The fact that I may have admitted evidence over a

lawyer's objection should not be permitted by you to influence you in determining the weight that you will give such evidence. Statements made by counsel either for or against the admission of any offered evidence should not influence your determination of the weight that you will give to that evidence, if I admitted it.

Let me put it differently. You should determine the weight that you will give such evidence on the basis of your own independent consideration of it without regard



to the statements of counsel concerning its admissibility to the extent that you heard those statements. You should not permit any objection by counsel to the admission of evidence or to the rulings of the Court to create any bias or any prejudice toward that attorney or to the party he or she represents.

I tell you now that it is the duty of counsel to vigorously represent their clients and to defend their clients' rights and interests. In the performance of that duty, an attorney may freely make objection to the admission of any offered evidence or to any other ruling of the Court. Neither the attorney nor his or her client should be penalized for having done so. Nor should any client be penalized for having defended against any claim asserted against it.

Ladies and gentlemen, to render a verdict, all six jurors must agree. Your verdict must be unanimous. During your deliberations, you should exercise reasonable and intelligent judgment. Utilize your common sense. Do not approach your consideration in an intellectual

vacuum. You are not required to disregard your experiences, your observations, in the ordinary, everyday affairs of life. It is not required that you yield your opinions simply because a majority holds a contrary view. You should keep, however, your minds reasonably open with



respect to any point in dispute so that you will not be prevented from reaching a unanimous verdict by mere stubbornness.

Let me put that in the vernacular. In your deliberations, don't paint yourself into a corner. However, having said that, I tell you now that it is your right to maintain your opinion. I also tell you that the vote of each juror is as important as the vote of any other juror.

I am about to appoint one of you as the foreperson of the jury. In that connection, I am going to appoint Juror No. 241 in Seat 3 as the foreperson of the jury. But I want to repeat what I just said. The vote of each juror is as important as the vote of any other juror.

Mister Foreperson, it is not my province to tell you how to conduct the affairs in the jury room. But I would tell you by way of suggestion that if I were the foreperson, I would look at that responsibility as if I were the chairperson of a board, and I would make sure that each member of the jury had an ample opportunity to review the binders of evidence that will be going upstairs with you. I would further make sure that when the evidence has been reviewed that each juror not only has the opportunity but avails themselves of the opportunity to express their position. Beyond that, sir,

I can't offer any suggestion, and that's a suggestion only.

I tell you now that in order to assist you in your deliberations the Court has prepared a verdict sheet, which is rather self-explanatory. There are essentially three questions on that verdict sheet and that will be going upstairs with you also.

In addition to that, I tell you now that there will be six sets of the jury instructions that I am in the process of giving you so that each member of the jury will have a set of those instructions before them.

And I further tell you that the notebooks which you folks have used to a greater or lesser extent also will be with you in the jury room during the course of your deliberations. A word about the notebooks. You may remember when I first told you that you were going to have notebooks, I did indicate to you at that time, early November, that I would have a few more words to say about the notebooks at the end of the case.

And the few words essentially are this. It sometimes happens that people hearing the same testimony take notes that are not on all fours with the notes taken by someone else listening to that same testimony. Let me simply suggest that you keep an open mind and listen to any discussion of disparate notes, if there is any.



I'm going to now end these instructions by saying something that probably need not be said, but I am going

to say it anyway. Prejudice, sympathy, compassion, none of those qualities should be permitted to influence you. All that any party is entitled to, all that any party expects, is a verdict based upon your fair, scrupulous, and conscientious examination of the evidence and the application thereto of the law as I now have instructed you.

Counsel at the side bar, please.

(The following was conducted at side bar)

THE COURT: As a general matter, the Court will direct that all of the arguments pre-instructions dealing with instructions, the several days' worth, the transcripts of all of that are incorporated by reference into this side bar.

MR. POHL: Including the instructions we gave you this morning?

THE COURT: Including the instructions that were presented to the Court at 1:30 or so by Sherwin-Williams.

MR. POHL: Thank you, Your Honor.

MS. ELLSWORTH: Your Honor, we would mark for identification only Exhibit 221, which is the limited summary of the objections to which we have previously objected that I mentioned to you in chambers we'd be

8137

providing a summary for.

THE COURT: That's fine.

MR. TARANTINO: Do you want the plaintiffs to go first? Plaintiff?

THE COURT: I will hear from the defendants first.

MR. J. McCONNELL: Judge, I think that this is less of an objection and maybe a clarification.