UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO, et al.<br>*Plaintiffs,*<br>vs.<br><br>NEW ENGLAND GAS COMPANY,<br>*Defendant/Third-Party Plaintiff,*<br>vs.<br><br>BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, et al.<br>*Third-Party Defendants* | C.A. No. 05-0221T (Lead Case)<br>(Related and Consolidated Cases:<br>05-274T; 05-370T; 05-522T) |

**NEW ENGLAND GAS COMPANY'S OBJECTION TO PLAINTIFFS' EMERGENCY MOTION TO PRECLUDE DEFENDANT FROM CALLING AS TRIAL WITNESSES ANY INDIVIDUALS OR ORGANIZATIONS IDENTIFIED IN ITS RULE 26(a)(1)(a) DISCLOSURES**

Defendant New England Gas Company ("NEGasCo") hereby objects to plaintiffs' emergency motion to preclude NEGasCo from calling as witnesses at trial certain individuals and organizations designated by NEGasCo in its disclosures made pursuant to Federal Rules of Civil Procedure Rule 26(a)(1)(A). The grounds for this motion are set forth in the accompanying memorandum of law.

Dated: March 24, 2008

**ADLER, POLLOCK & SHEEHAN P.C.**

By: *David A. Wollin, Esq.*

John A. Tarantino (#2586)
David A. Wollin (#4950)
Kristen W. Sherman (#5595)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
(401) 351-4607 (fax)

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
David E. Ross
Seth Davis
Noelle Kowalczyk
1633 Broadway
New York, New York 10019
(212) 506-1700
- and -

**BISHOP, LONDON & DODDS**
Christina Dodds
3701 Bee Cave Road, Suite 200
Austin, Texas 78746
(512) 479-5000

*Attorneys for Defendant New England Gas Company, an unincorporated division of Southern Union Company*

- and -

**HINCKLEY, ALLEN & SNYDER**
Gerald Petros (# 2931)
Robin L. Main (#4222)
50 Kennedy Plaza
Providence, RI
(401) 274-2000

*Attorneys for Defendant New England Gas Company, an unincorporated division of Southern Union Company, as to Third-Party Defendants Dominion Resources, Inc. and Dominion Energy Brayton Point LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of March, 2008, I did send a true copy of the within document by electronic means (ECF) or email to the following:

| | |
|---|---|
| Robert J. McConnell, Esq.<br>Michael G. Rousseau, Esq.<br>Jonathan D. Orent, Esq.<br>Motley Rice LLC<br>321 South Main Street<br>Providence, RI 02940 | Neil T. Leifer<br>Thornton & Naumes, LLP<br>100 Summer Street, 30th Floor<br>Boston, MA 02110 |
| Mark W. Roberts<br>McRoberts, Roberts & Rainer, LLP<br>53 State Street<br>Boston, MA 02109 | Paul Revere, III, Esq.<br>Law Offices of Paul Revere, III<br>297 North Street, Suite 337<br>Hyannis, MA 02601 |
| Jeanne M. Scott<br>Ursillo, Teitz & Ritch, Ltd<br>2 Williams Street<br>Providence, RI 02903 | Brian R. Cunha, Esq.<br>Brian Cunha & Associates, P.C.<br>904 Broadway<br>East Providence, RI 02914 |
| Bruce Gregory Tucker, Esq.<br>55 Hammarlund Way<br>Middletown, RI 02842 | Richard J. Zabbo, Esq.<br>Ratcliffe Burke Harten & Elias LLP<br>160 Financial Plaza<br>Providence, RI 02903 |
| Gregory L. Benik<br>Benik & Associates<br>931 Jefferson Blvd., Suite 2008<br>Warwick, RI 02886 | Paul M. Sanford<br>Burns & Levinson LLP<br>One Citizens Plaza<br>Suite 1100<br>Providence, RI 02903 |
| David A. Crichlow<br>David M. Goldberg<br>Pillsbury Winthrop Shaw Pittman, LLP<br>1540 Broadway<br>New York, NY 10036 | Craig Waksler<br>McGivney & Kluger, P.C<br>One State Street<br>Suite 800<br>Boston, Massachusetts, 02109 |
| Jeffrey Bromme<br>Arnold & Porter LLP<br>555 Twelfth Street, N.W.<br>Washington, DC 20004-1206 | Benjamin V. White, III<br>Kimberly A. Simpson<br>Vetter & White, Incorporated<br>20 Washington Place<br>Providence, RI 02903 |

| | |
|---|---|
| Anthony F. Muri<br>Muri Associates LLC<br>10 Weybosset Street<br>Providence, RI 02903 | William D. Wick<br>Wactor & Wick LLP<br>180 Grand Avenue<br>Suite 950<br>Oakland, CA 94612 |
| Christopher P. McCormack<br>Pullman & Comley LLC<br>850 Main Street<br>Bridgeport, CT 06601 | Matthew B. Kirsner<br>Andrew G. Mauck<br>Troutman Sanders, LLP<br>P.O. Box 1122<br>1001 Haxall Point<br>Richmond, VA 23208 |
| Kerry T. Ryan<br>Emily C. Shanahan<br>Tarlow, Breed, Hart & Rodgers P.C.<br>101 Huntington Avenue<br>Prudential Center<br>Suite 500<br>Boston, MA 02199 | Andrew G. Mauck<br>Troutman Sanders LLP<br>P.O. Box 1122<br>1001 Haxall Point<br>Richmond, VA 23208 |
| David B. Willis<br>Legal Management Services LLC<br>55 Hammarlund Way<br>Middletown, RI 02842 | |

*/s/ David A. Wollin*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO, et al.<br>*Plaintiffs,*<br>vs.<br><br>NEW ENGLAND GAS COMPANY,<br>*Defendant/Third-Party Plaintiff,*<br>vs.<br><br>BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, et al.<br>*Third-Party Defendants* | C.A. No. 05-0221T (Lead Case)<br>(Related and Consolidated Cases:<br>05-274T; 05-370T; 05-522T) |

**NEW ENGLAND GAS COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO PRECLUDE DEFENDANT FROM CALLING AS TRIAL WITNESSES ANY INDIVIDUALS OR ORGANIZATIONS IDENTIFIED IN ITS RULE 26(a)(1)(a) DISCLOSURES**

Defendant New England Gas Company ("NEGasCo") submits this memorandum of law in opposition to plaintiffs' emergency motion to preclude NEGasCo from calling as witnesses at trial certain individuals and organizations designated by NEGasCo in its disclosures made pursuant to Federal Rules of Civil Procedure Rule 26(a)(1)(A) (the "Rule 26 Disclosures").

Plaintiffs' motion is without merit and should be denied. NEGasCo's initial and supplementary Rule 26 Disclosures are timely and proper. Further, given the circumstances and timing of this motion, it appears to have been filed only because NEGasCo filed a motion earlier on March 17, 2008 to strike plaintiffs' untimely-filed supplemental expert report.

**For Fifteen Months Plaintiffs Expressed No Complaint**
**With NEGasCo's December 2006 Rule 26(a) Disclosures**

Though in receipt of NEGasCo's Rule 26 disclosure since December 2006, for 15 months, plaintiffs never complained those disclosures were inadequate, and never sought to depose a single witness identified therein. Nor did plaintiffs ask for clarification or more specificity as to the identity of any individual identified in NEGasCo's disclosures.[1] Now, on the eve of trial, and only after NEGasCo supplemented its Rule 26 disclosure statement *at plaintiffs' request,* do plaintiffs complain that these disclosures are deficient. Plaintiffs' belated complaints are without merit.

**NEGasCo Timely Supplemented Its Rule 26(a) Disclosures**

On March 8, 2008 -- after more than 15 months of silence with respect to NEGasCo's initial disclosures -- plaintiffs for the first time requested that NEGasCo identify specific witnesses employed by entities named in NEGasCo's initial disclosures. Four days later, on March 12, 2008, NEGasCo provided the supplement by e-mail, a copy of which is annexed as **Exhibit 2**.

Now plaintiffs complain that NEGasCo's supplemental disclosures are incomplete. Their complaint is not only ill-founded, but puzzling as NEGasCo's original Rule 26 Disclosure, and its supplemental disclosure, are almost identical in format and content to plaintiffs' own Rule 26 disclosure statements.[2] Both statements identify a

---

[1] Contrary to plaintiffs' representations, the Rule 26 disclosures attached to plaintiffs' motion are not NEGasCo's initial Rule 26 disclosures to plaintiffs. NEGasCo's original Rule 26 disclosures, annexed as **Exhibit 1**, were served in December 2006. Rather than attaching same, plaintiffs' motion attaches NEGasCo's initial rule 26 disclosures to the third-party defendants which was served in November 2007.

[2] Annexed hereto respectively as **Exhibit 3** and **Exhibit 4** are plaintiffs' original Rule 26 disclosure statement and plaintiffs' February 29, 2008 e-mail from Mark Roberts, supplementing plaintiffs' Rule 26 disclosures.

significant number of state or local organizations and consulting firms as having potentially relevant information; both statements identify some of those entities generically rather than identifying the individual employees of same, whose names have long been well known to both sides and are reflected in the documents exchanged more than a year ago. Accordingly, plaintiffs' protest that NEGasCo's Rule 26 disclosure statement lacks specificity rings hollow.

Also groundless is plaintiffs' contention that they have not been provided relevant information about the individuals or entities named in NEGasCo's Rule 26 disclosures. The plain fact is that nearly all of those entities named in NEGasCo's disclosures are also listed in plaintiffs' own Rule 26 disclosures. Plaintiffs have had NEGasCo's Disclosures for 15 plus months and have simply failed, or chosen not to, make use of it.

**Plaintiffs Have Suffered No Prejudice**

Not only are NEGasCo's Disclosures proper and timely, but plaintiffs can not demonstrate that they have been prejudiced in any way. The facts plainly belie plaintiffs' allegations: (1) plaintiffs chose, for whatever reason, to engage in essentially no fact discovery during the course of this litigation;[3] (2) plaintiffs never before March 8, 2008 claimed that NEGasCo's Disclosures -- served fifteen months earlier -- were in any way insufficient; (3) when, on March 8, 2008, plaintiffs requested additional information NEGasCo supplemented its responses within four days; and (4) NEGasCo has offered to provide supplemental information.

---

[3] Plaintiffs noticed only one fact deposition in the fifteen months since NEGasCo served its initial Rule 26 disclosures, the "preservation" deposition of Mr. Jose Souza.

Finally, since the filing of the emergency motion, and in the context of exchanging tentative witness lists for inclusion in the jury questionnaire, NEGasCo provided plaintiffs with a tentative list of those individuals and their corporate designations (other than those already designated by plaintiffs), which NEGasCo presently intends to call in the defense case at trial. A copy of NEGasCo's list as provided to plaintiffs is annexed as **Exhibit 5**. Thus, regardless of the merits of this motion, Plaintiffs have the information about which they complain.

## CONCLUSION

For the foregoing reasons, NEGasCo respectfully requests that the Court deny plaintiffs' motion.

Dated: March 24, 2008

**ADLER, POLLOCK & SHEEHAN P.C.**

By: *David A. Wollin, Esq.*
John A. Tarantino (#2586)
David A. Wollin (#4950)
Kristen W. Sherman (#5595)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
(401) 351-4607 (fax)

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
David E. Ross
Seth Davis
Noelle Kowalczyk
1633 Broadway
New York, New York 10019
(212) 506-1700
- and -

**BISHOP, LONDON & DODDS**
Christina Dodds
3701 Bee Cave Road, Suite 200
Austin, Texas 78746
(512) 479-5000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company*

- and -

**HINCKLEY, ALLEN & SNYDER**
Gerald Petros (# 2931)
Robin L. Main (#4222)
50 Kennedy Plaza
Providence, RI
(401) 274-2000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company, as to*
*Third-Party Defendants*
*Dominion Resources, Inc. and*
*Dominion Energy Brayton Point LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of March, 2008, I did send a true copy of the within document by electronic means (ECF) or email to the following:

| | |
|---|---|
| Robert J. McConnell, Esq.<br>Michael G. Rousseau, Esq.<br>Jonathan D. Orent, Esq.<br>Motley Rice LLC<br>321 South Main Street<br>Providence, RI 02940 | Neil T. Leifer<br>Thornton & Naumes, LLP<br>100 Summer Street, 30th Floor<br>Boston, MA 02110 |
| Mark W. Roberts<br>McRoberts, Roberts & Rainer, LLP<br>53 State Street<br>Boston, MA 02109 | Paul Revere, III, Esq.<br>Law Offices of Paul Revere, III<br>297 North Street, Suite 337<br>Hyannis, MA 02601 |
| Jeanne M. Scott<br>Ursillo, Teitz & Ritch, Ltd<br>2 Williams Street<br>Providence, RI 02903 | Brian R. Cunha, Esq.<br>Brian Cunha & Associates, P.C.<br>904 Broadway<br>East Providence, RI 02914 |
| Bruce Gregory Tucker, Esq.<br>55 Hammarlund Way<br>Middletown, RI 02842 | Richard J. Zabbo, Esq.<br>Ratcliffe Burke Harten & Elias LLP<br>160 Financial Plaza<br>Providence, RI 02903 |
| Gregory L. Benik<br>Benik & Associates<br>931 Jefferson Blvd., Suite 2008<br>Warwick, RI 02886 | Paul M. Sanford<br>Burns & Levinson LLP<br>One Citizens Plaza<br>Suite 1100<br>Providence, RI 02903 |
| David A. Crichlow<br>David M. Goldberg<br>Pillsbury Winthrop Shaw Pittman, LLP<br>1540 Broadway<br>New York, NY 10036 | Craig Waksler<br>McGivney & Kluger, P.C<br>One State Street<br>Suite 800<br>Boston, Massachusetts, 02109 |
| Jeffrey Bromme<br>Arnold & Porter LLP<br>555 Twelfth Street, N.W.<br>Washington, DC 20004-1206 | Benjamin V. White, III<br>Kimberly A. Simpson<br>Vetter & White, Incorporated<br>20 Washington Place<br>Providence, RI 02903 |

| | |
|---|---|
| Anthony F. Muri<br>Muri Associates LLC<br>10 Weybosset Street<br>Providence, RI 02903 | William D. Wick<br>Wactor & Wick LLP<br>180 Grand Avenue<br>Suite 950<br>Oakland, CA 94612 |
| Christopher P. McCormack<br>Pullman & Comley LLC<br>850 Main Street<br>Bridgeport, CT 06601 | Matthew B. Kirsner<br>Andrew G. Mauck<br>Troutman Sanders, LLP<br>P.O. Box 1122<br>1001 Haxall Point<br>Richmond, VA 23208 |
| Kerry T. Ryan<br>Emily C. Shanahan<br>Tarlow, Breed, Hart & Rodgers P.C.<br>101 Huntington Avenue<br>Prudential Center<br>Suite 500<br>Boston, MA 02199 | Andrew G. Mauck<br>Troutman Sanders LLP<br>P.O. Box 1122<br>1001 Haxall Point<br>Richmond, VA 23208 |
| David B. Willis<br>Legal Management Services LLC<br>55 Hammarlund Way<br>Middletown, RI 02842 | |

*<u>/s/ David A. Wollin</u>*

*449155_1.doc*