UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GAIL, JOHN D. AND JOHN F. CORVELLO, et al.<br>*Plaintiffs,*<br>vs.<br><br>NEW ENGLAND GAS COMPANY, INC.,<br>*Defendant/Third-Party Plaintiff,*<br>vs.<br><br>BRIDGESTONE FIRESTONE NORTH AMERICAN TIRE, LLC, et al.<br>*Third-Party Defendants* | C.A. No. 05-0221T (Lead Case)<br>(Related and Consolidated Cases: 05-274T; 05-370T; 05-522T) |

**DEFENDANT NEW ENGLAND GAS COMPANY'S**
**STATEMENT OF UNDISPUTED MATERIAL FACTS**
**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant New England Gas Company ("NEGC") hereby submits its Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment, filed herewith.[1] This statement is limited to the undisputed material facts that are germane to NEGC's summary judgment motion.[2]

The Fall River Gas Company's Manufactured Gas Plant Operations

1. The Fall River Gas Company ("FRGC"), a Massachusetts regulated public utility and a predecessor of NEGC, operated manufactured gas plants, including one at Charles Street in Fall River, Massachusetts. (*See, e.*g., FRGC 1921 Annual Report, attached as Exhibit 1.)

2. FRGC's Charles Street facility began manufacturing gas in about 1914 and continued to manufacture gas at that facility until about 1953, when it transitioned

[1] NEGC's Summary Judgment Motion applies to all of the consolidated cases.
[2] NEGC has attached as exhibits documentary support for the statements made herein because plaintiffs declined to respond in a timely fashion to NEGC's request that they advise which statements are uncontested.

from a manufactured gas plant to a distribution and storage facility for natural gas, ultimately ceasing any manufactured gas operations by no later than 1970. (*See* Exhibit 1, *see also* FRGC 1953 and 1970 Annual Reports, attached as Exhibits 2 and 3.)

3. Plaintiffs' manufactured gas plant historian and expert witness, Eric Suuberg, testified that consistent with the practice reflected in FRGC's historical records, manufactured gas plants throughout the country routinely and customarily sold some byproducts of the manufactured gas process, like coke, and disposed of other byproducts which had little or no commercial value by having that material deposited in dumps. (*See* Deposition Testimony of Eric Suuberg, dated March 12, 2008 ("E. Suuberg Dep. Tr.") at pp. 59-60; 62-63, 74; 133-136, attached as Exhibit 4; *see also* Eric Suuberg, "A Review of the Manufacturing Facilities and Practices at the Fall River, Massachusetts Manufactured Gas Plants, as Related to Disposal of Wastes in Tiverton, Rhode Island," January 31, 2008, at 10, attached as Exhibit 5.)

<u>Plaintiffs' Claims</u>

4. Plaintiffs own and/or reside on property in a neighborhood in North Tiverton, Rhode Island, which is situated about a mile south of FRGC's former Charles Street manufactured gas plant. (*See* Corvello Plaintiffs' Second Amended Complaint at ¶¶ 1, 2.)[3]

5. Plaintiffs allege that at times prior to when FRGC ceased its manufactured gas operations (no later than 1970), byproducts from the manufactured gas operations at Charles Street were either used as fill, and/or deposited, in the soil on or near their

[3] (*See also* Reis Amended Complaint at ¶¶ 3-9).

properties during the development of their neighborhood. (*See* Corvello Plaintiffs' Second Amended Complaint at ¶¶ 16, 17; *see also* Exhibit 3.)[4]

6. Plaintiffs further claim that these byproducts contains substances that are hazardous. (*See* Corvello Plaintiffs' Second Amended Complaint at ¶¶ 22.)[5]

7. Plaintiffs' complaints do not allege that any byproduct of FRGC's manufactured gas process migrated onto their properties from any FRGC manufactured gas plant through the air, water or ground, or otherwise. (*See* Corvello Plaintiffs' Second Amended Complaint, Reis Plaintiffs' Amended Complaint; *see also* Decision on Motion to Dismiss, November 3, 2006, at p. 3.)

<u>The Imposition of the Moratorium</u>

8. On August 25, 2003, shortly after certain alleged contamination was detected in plaintiffs' neighborhood, members of that neighborhood expressed concern to the Town Council of the Town of Tiverton regarding the possible health risks they associated with the alleged contamination detected in some of the soil in some parts of their neighborhood. (*See* Town Council Meeting Minutes for the Town of Tiverton ("Meeting Minutes"), dated August 25, 2003, attached as Exhibit 6.)

9. No technical expert testified at that August 25, 2003, Town Council meeting; no technical consultant employed by the Town of Tiverton attended the meeting; and the Town Council did not then commission or request any assessment of the nature, extent or possible risk associated with the alleged contamination. (*See* Exhibit 6.)

---

[4] (*See also* Reis Amended Complaint at ¶¶ 28, 30).
[5] (*See also* Reis Amended Complaint at ¶¶ 26, 27).

10. At the August 25, 2003, meeting, the Town Council passed and imposed an "emergency moratorium" on digging, excavation and building in the neighborhood where plaintiffs reside. (*See* Exhibit 6.)

11. The "emergency moratorium" prohibited excavation or digging on properties bounded by State Avenue on the North, the Sakonnet River on the West, Lepes Road on the South and Church Street, extended to State Avenue and Lepes Road on the East. (*See* Exhibit 6.)

12. On September 8, 2003, by a Resolution/Ordinance, the "emergency moratorium" was to remain in place for some six months or until March 8, 2004. (*See* Meeting Minutes, dated February 9, 2004, attached as Exhibit 7.)

13. On April 12, 2004, the Town Council modified the southern boundary of the moratorium to exclude properties on Lepes Road. (*See* Meeting Minutes, dated April 12, 2004, attached as Exhibit 8.)

14. The moratorium, prohibiting digging and or excavation on properties within the above-referenced boundaries, remains in effect to this day. (*See* Transcript of Motion Hearing on NEGC's Motion to File the Third Party Complaint held September 11, 2007 at p. 10, attached as Exhibit 9.)

Plaintiffs Have No Evidence of Contamination, From
Any Source, On Many of Plaintiffs' Properties

15. There is no evidence of any soil contamination on the properties of the following plaintiffs:

| **Plaintiff** | **Block** | **Lot** |
|---|---|---|
| Alvarnas, Cathleen | 15 | 3 |
| Alvarnas, Michael | 15 | 3 |
| Beirola, Henry M. | 5 | 7 |
| Bouchard, Mark | 160 | 72 |
| Cabral, Ellen | 5 | 6 |

| | | |
|---|---|---|
| Cabral, John | 5 | 6 |
| Carroll, Barry | 41 | 33 |
| Carroll, Janice | 41 | 33 |
| Chafton, Claywell | 16 | 7 |
| Chafton, Karen | 16 | 7 |
| Custodio, Antone | 13 | 1 |
| Custodio, Antone | 13 | 2 |
| Georgiana Simpson Revocable Trust | 41 | 34 |
| Georgiana Simpson Revocable Trust | 181 | 1B |
| Georgiana Simpson Revocable Trust | 24 | 25 |
| Georgiana Simpson Revocable Trust | 24 | 26 |
| Georgiana Simpson Revocable Trust | 41 | 35 |
| KWC, LLC | 3 | 1D |
| Lepage, Judith | 14 | 2 |
| Lepage, Raymond | 14 | 2 |
| Maciel, Marissa | 160 | 66 |
| Macomber, Michael | 5 | 3 |
| Macomber, Victoria | 5 | 3 |
| Marion Bradshaw Revocable Trust | 24 | 25 |
| Marion Bradshaw Revocable Trust | 24 | 26 |
| Marion Bradshaw Revocable Trust | 181 | 1B |
| Mello-Fournier, Linda | 7 | 5 |
| Morris, Evelyn | 13 | 1 |
| Morris, Evelyn | 13 | 2 |
| Simpson Family Trust | 41 | 34 |
| Simpson Family Trust | 181 | 1B |
| Simpson Family Trust | 24 | 25 |
| Simpson Family Trust | 24 | 26 |
| Simpson Family Trust | 41 | 35 |
| Simpson, Ernest | 24 | 25 |
| Simpson, Ernest | 24 | 26 |
| Simpson, Ernest | 181 | 1B |
| Simpson, Georgiana (Estate of) | 41 | 34A |
| Simpson, Norma | 24 | 25 |
| Simpson, Norma | 24 | 26 |
| Simpson, Norma | 181 | 1B |
| Skarka, Clinton | 160 | 27 |
| Skarka, Marsha | 160 | 27 |
| Thompson, Bruce | 14 | 3 |
| Tokarz-Maciel, Elizabeth | 160 | 66 |
| Wilt, Lisa | 160 | 78 |
| Wilt, Robert Lee | 160 | 78 |

(*See* Responses to New England Gas Company's First Set of Interrogatories; *see also* Plaintiffs' Responses to the Requests for Admissions to New England Gas Company, Response to Request for Admission One at p. 2, attached as Exhibit 10.)

Dated: March 26, 2008

Respectfully submitted,

**ADLER POLLOCK & SHEEHAN P.C.**

By: */s/ David A. Wollin*
John A. Tarantino (#2586)
Patricia K. Rocha (#2793)
David A. Wollin (#4950)
Kristen W. Sherman (#5595)
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
(401) 351-4607 (fax)

**KASOWITZ, BENSON, TORRES & FRIEDMAN LLP**
Eric D. Herschmann
David E. Ross
Seth Davis
1633 Broadway
New York, New York 10019
(212) 506-1700

**BISHOP, LONDON & DODDS**
Christina Dodds
3701 Bee Cave Road, Suite 200
Austin, Texas 78746
(512) 479-5000

-and-

**HINCKLEY, ALLEN & SNYDER**
Gerald J. Petros (#2931)
Robin L. Main (#4222)
50 Kennedy Plaza
Providence, RI
(401) 274-2000

*Attorneys for Defendant*
*New England Gas Company,*
*an unincorporated division of*
*Southern Union Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of March, 2008, I did send a true copy of the within by *electronic means (ECF)* to the following:

| | |
|---|---|
| Robert J. McConnell, Esq.<br>Michael G. Rousseau, Esq.<br>Jonathan D. Orent, Esq.<br>Motley Rice LLC<br>321 South Main Street<br>Providence, RI 02940 | Neil T. Leifer<br>Thornton & Naumes, LLP<br>100 Summer Street, 30th Floor<br>Boston, MA 02110 |
| Mark W. Roberts<br>McRoberts, Roberts & Rainer, LLP<br>53 State Street<br>Boston, MA 02109 | Paul Revere, III, Esq.<br>Law Offices of Paul Revere, III<br>297 North Street, Suite 337<br>Hyannis, MA 02601 |
| Jeanne M. Scott<br>Ursillo, Teitz & Ritch, Ltd<br>2 Williams Street<br>Providence, RI 02903 | Brian R. Cunha, Esq.<br>Brian Cunha & Associates, P.C.<br>904 Broadway<br>East Providence, RI 02914 |
| Bruce Gregory Tucker, Esq.<br>55 Hammarlund Way<br>Middletown, RI 02842 | Richard J. Zabbo, Esq.<br>Ratcliffe Burke Harten & Elias LLP<br>160 Financial Plaza<br>Providence, RI 02903 |
| Gregory L. Benik<br>Benik & Associates<br>931 Jefferson Blvd., Suite 2008<br>Warwick, RI 02886 | Paul M. Sanford<br>Burns & Levinson LLP<br>One Citizens Plaza<br>Suite 1100<br>Providence, RI 02903 |
| David A. Crichlow<br>David M. Goldberg<br>Pillsbury Winthrop Shaw Pittman, LLP<br>1540 Broadway<br>New York, NY 10036 | Craig Waksler<br>McGivney & Kluger, P.C<br>One State Street<br>Suite 800<br>Boston, Massachusetts, 02109 |
| Jeffrey Bromme<br>Arnold & Porter LLP<br>555 Twelfth Street, N.W.<br>Washington, DC 20004-1206 | Benjamin V. White, III<br>Kimberly A. Simpson<br>Vetter & White, Incorporated<br>20 Washington Place<br>Providence, RI 02903 |

| | |
|---|---|
| Anthony F. Muri<br>Muri Associates LLC<br>10 Weybosset Street<br>Providence, RI 02903 | William D. Wick<br>Wactor & Wick LLP<br>180 Grand Avenue<br>Suite 950<br>Oakland, CA 94612 |
| Christopher P. McCormack<br>Pullman & Comley LLC<br>850 Main Street<br>Bridgeport, CT 06601 | Matthew B. Kirsner<br>Andrew G. Mauck<br>Troutman Sanders, LLP<br>P.O. Box 1122<br>1001 Haxall Point<br>Richmond, VA 23208 |
| Kerry T. Ryan<br>Emily C. Shanahan<br>Tarlow, Breed, Hart & Rodgers P.C.<br>101 Huntington Avenue<br>Prudential Center<br>Suite 500<br>Boston, MA 02199 | Andrew G. Mauck<br>Troutman Sanders LLP<br>P.O. Box 1122<br>1001 Haxall Point<br>Richmond, VA 23208 |
| David B. Willis<br>Legal Management Services LLC<br>55 Hammarlund Way<br>Middletown, RI 02842 | |

/s/ *David A. Wollin*

*449476_1.doc*