**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **GAIL, JOHN D. AND JOHN F. CORVELLO; et al.,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | **C.A. No. 05-221T** |
| **v.** | ) | **(Related Case No. 05-274T, 05-370T, 05-522T)** |
| | ) | |
| | ) | |
| **NEW ENGLAND GAS COMPANY, INC.;** | ) | |
| **Defendant.** | ) | |

## PLAINTIFFS' OPPOSITION TO THE DEFENDANT NEW ENGLAND GAS COMPANY'S EMERGENCY MOTION TO COMPEL INTERROGATORY RESPONSES AND REQUEST FOR EXPEDITED HEARING

Over the last four months, the Plaintiffs and their counsel have been working diligently to answer all of Defendant's interrogatories directed at each Plaintiff totaling more than 1,800 interrogatories including subparts. Only recently have the parties successfully completed individual Plaintiff discovery in this case. Now, after the conclusion of discovery on liability, the Defendant seeks to compel the Plaintiffs to answer more than 90 additional sets of interrogatories requiring Plaintiffs and their counsel to provide more than 1350 individual answers to these questions. The Plaintiffs should not be required to answer the latest set of interrogatories served upon them by the Defendant because they far exceed the number allowed by Rule 33 of the Federal Rules of Civil Procedure. Holding otherwise will only prejudice the Plaintiffs by requiring counsel to devote the majority of their time over the few remaining weeks before trial to answering unnecessary and overly-burdensome discovery.

Instead of basing their motion on a legal requirement, the Defendant rests their motion on the mere assertion that "[a]ccording to plaintiffs' math, the result is: plaintiffs, 4,375; defendant, 25." Def's Br. at 2. The record of this case demonstrates the opposite. The reality

is the Defendants have previously served more than 90 interrogatories, including subparts, on each of the individual Plaintiffs. The record further demonstrates that the Plaintiff did not withhold answers to these interrogatories on the basis on numerosity, nor did they simply refer the Defendant to a pile of documents. Instead, the record reflects the fact that the Plaintiffs provided real substantive answers to the discovery served upon them. Plaintiffs should not be forced to answer another 1350 interrogatories at this late stage in the game. Moreover, because the Defendant never requested leave of the Court to ask additional interrogatories, beyond those in Rule 33 of the Federal Rules of Civil Procedure, nor do they cite any discovery abuse on the part of the Plaintiffs there is no basis whatsoever for the imposition of Rule 37 sanctions.

Beyond the Plaintiffs objections to these interrogatories, this Court has the power under Rule 26 of the Federal Rules of Civil Procedure to deny the Defendant's motion. Under Rule 26(b)(2)(C):

> **(C)** *When Required.* On motion or **on its own**, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> **(i)** the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> **(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> **(iii)** the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

In this case, the interrogatories in question are "unreasonably cumulative," "duplicative," and "can be obtained from some other source that is more convenient, less burdensome, or less expensive." All of the answers to these latest contention interrogatories can be found within the confines of the expert reports already served upon the Defendant, interrogatories already

answered by the Plaintiffs, documents produced or made available to the Defendant, and deposition testimony elicited by Defense Counsel. Answering these latest interrogatories would require the Plaintiffs to go through the massive amounts of information already generated in this case to cull the information pertinent to their individual property.

Therefore, the Plaintiffs respectfully request this Honorable Court DENY the Defendant's motion.

Dated: April 2, 2008

Respectfully submitted,

PLAINTIFFS,
By and through their attorneys,

/s/ Jonathan D. Orent
Robert J. McConnell (#3888)
Jonathan D. Orent (#7408)
**MOTLEY RICE LLC**
321 South Main Street
Providence, RI 02940
(401) 457-7700

David C. Strouss
Neil T. Leifer
Brad J. Mitchell
**THORNTON & NAUMES LLP**
100 Summer Street, 30th Floor
Boston, MA 02110
(617) 720-1333

Mark W. Roberts
**MCROBERTS, ROBERTS & RAINER**
53 State Street
Boston, MA 02109
(617) 722-8222

**CERTIFICATION**

I hereby certify that I have served a copy of this upon all counsel of record via ECF.

____/S/Jonathan D. Orent____________