# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COPY

| | |
|---|---|
| * * * * * * * * * * * * | CIVIL ACTION |
| GAIL CORVELLO | 05-00221T |
| VS. | MARCH 6, 2008 |
| N.E. GAS CO., INC., ET AL | PROVIDENCE, RI |
| * * * * * * * * * * * * | |

HEARD BEFORE THE HONORABLE ERNEST C. TORRES

SENIOR JUDGE

(DEFENDANT, NEW ENGLAND GAS COMPANY, MOTION TO RESET THE DISCOVERY CLOSURE DATE AND THE JURY IMPANELMENT DATE)

**APPEARANCES**:

FOR THE PLAINTIFFS:

NEIL T. LEIFER, ESQ.
Thornton & Naumes, LLP
100 Summer Street
Boston, MA 02110
(617) 720-2445

MARK W. ROBERTS, ESQ.
McRoberts, Roberts & Rainer, LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 722-8222

ROBERT J. McCONNELL, ESQ.
Motley Rice, LLC
321 South Main Street
2nd Floor
Providence, RI 02903
(401) 457-7711

Proceeding reported and produced by computer-aided stenography

don't mean to be flip, ephemeral damage. It doesn't have to be specifically to our product. I need to see what they said. But certainly whether it's liability damages or a combination thereof, I expect there will be some summary judgments with respect to individual plaintiffs. I think there will be some summary judgments if the plaintiffs continue to press their emotional distress or personal injury type claims based on their depositions and the law of emotional damage and the like. I think there will be some summary judgments with respect to those, and, certainly, there are going to be some summary judgments with respect to the claims themselves.

One of the things your Honor had focussed on is one of the concerns we have about the town's diminution of property value claim. I don't believe they can prove such a claim or that it exists based on the state of the law. And then the challenges to the public nuisance claim and the negligence and strict liability.

But again, your Honor, I haven't seen the damage expert report so I'm simply speculating at this time.

THE COURT: Thank you.

MR. TARANTINO: Thank you.

THE COURT: First of all, I guess I should clarify one thing about the order that was previously

entered on February 13th, which extended the discovery closure date from February 29 to March 21 in order to permit the completion of discovery with respect to damages.

Now, I think it was clear from that order, but if it isn't I'll make it clear now, that the Court was not extending the discovery closure date for liability questions. That date was previously set and it was extended once from I think it was November of '07 until February 29 of '08. What the Court was doing was trying to make up for the six-week period during which the defendants were discouraged by the Court from continuing damages discovery during the course of the plaintiffs' depositions.

So the deadline for submitting dispositive motions with respect to liability issues is not affected by this, and there's been no claim that the defendants have been hampered in conducting their liability discovery. So I'll make that clear.

Now, having said that, let me address the motion at hand here. As I've said before, a little history is very valuable in assessing where we are now and where we go from here. The contamination that's the subject of this suit was discovered back in 2002. And on March 17, 2002, the Rhode Island Department of Environmental